**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION | Case No. 1:20-cv-00200-JSR |
| Plaintiffs, | Hon. Jed S. Rakoff |
| v. | |
| FENIX DIAMONDS LLC, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF FENIX DIAMONDS LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Daniel P. Waxman (DW-0599)
dpwaxman@bryancave.com
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 541-2040

Steven H. Sklar (*Pro Hac Vice*)
Maxwell B. Snow (*Pro Hac Vice*)
ssklar@leydig.com
msnow@leydig.com
LEYDIG, VOIT & MAYER, LTD.
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel: (312) 616-5600

*Attorneys for Defendant*
*Fenix Diamonds LLC*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ..................................................................................................... 1

II.    BACKGROUND ........................................................................................................ 1

III.    LEGAL STANDARDS ............................................................................................ 4

     A.    Motion to Dismiss Under Rule 12(b)(6)...................................................... 4

     B.    Infringement of Patent Claims .................................................................... 4

IV.    ARGUMENT ............................................................................................................. 5

     A.    The Amended Complaint Does Not Adequately Plead Direct Infringement ......... 5

     B.    The Amended Complaint Does Not Adequately Plead Indirect Infringement ..... 10

     C.    Plaintiffs' Willful Infringement Claims Should Be Dismissed. .......................... 11

V.    CONCLUSION......................................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*3rd Eye Surveillance, LLC v. United States,*
   124 Fed. Cl. 438 (Fed. Cl. 2015) ......................................................................... 6, 7

*Arcadia Biosciences, Inc. v. Vilmorin & Cie,*
   356 F. Supp. 3d 379 (S.D.N.Y. 2019) .................................................................... 4

*Artrip v. Ball Corp.,*
   735 Fed. App'x 708 (Fed. Cir. 2018) .................................................................. 5, 6

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................. 4, 8

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................. 4, 8

*CG Tech. Dev., LLC v. Zynga, Inc.,*
   No. 16-cv-859-RCJ-VCF, 2017 WL 662489 (D. Nev. Feb. 17, 2017) ................... 11

*Cleveland Clinic Found. v. True Health Diagnostics LLC,*
   859 F.3d 1352 (Fed. Cir. 2017) ............................................................................. 10

*ColorQuick, L.L.C. v. FedEx Office & Print, Servs., Inc.,*
   Case No. 09-cv-572, 2010 WL 11628964 (E.D. Tex. May 21, 2010) .................... 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
   363 F.3d 1263 (Fed. Cir. 2004) .......................................................................... 5, 10

*Ericsson, Inc. v. D-Link Sys., Inc.,*
   773 F.3d 1201 (Fed. Cir. 2014) ............................................................................. 5, 6

*Gamevice, Inc. v. Nintendo Co., Ltd.,*
   Case No. 18-CV-1942, 2018 WL 5310792 (N.D. Cal. Aug. 6, 2018) ................... 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.,*
   136 S.Ct. 1923 (2016) ........................................................................................... 11

*Holotouch, Inc. v. Microsoft Corp.,*
   No. 17 CIV. 8717 (AKH), 2018 WL 2290701 (S.D.N.Y. May 18, 2018) ............. 8, 9

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC,*
   No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017) ............. 7, 8, 9

*LaserDynamics USA, LLC v. Cinram Grp., Inc.,*
   No. 15 Civ. 1629(RWS), 2015 WL 6657258 (S.D.N.Y. Oct. 30, 2015) ................ 11

*Macronix Int'l Co. v. Spansion Inc.,*
   4 F. Supp. 3d 797 (E.D. Va. 2014) ...................................................................... 8, 9

*McZeal v. Sprint Nextel Corp.,*
   501 F.3d 1354 (Fed. Cir. 2007)................................................................................ 4

*North Star Innovations, Inc. v. Micron Technology, Inc.,*
   C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017)............. 8, 9

*Pfizer, Inc. v. Teva Pharm., USA, Inc.,*
   429 F.3d 1364 (Fed. Cir. 2005)............................................................................. 4, 6

*Polaris PowerLED Techs., LLC v. Vizio, Inc.,*
   No. SACV181571JVSDFMX, 2019 WL 3220016 (C.D. Cal. May 7, 2019) ......... 11

*Q-Pharma, Inc. v. Andrew Jergens Co.,*
   360 F.3d 1295 (Fed. Cir. 2004).............................................................................. 7

*Signify N.A. Corp. v. Axis Lighting Inc.,*
   No. 19cv5516 (DLC), 2020 WL 1048927 (S.D.N.Y Mar. 4, 2020)................... 11, 12

*Steven Madden, Ltd. v. Yves Saint Laurent,*
   No. 18-CV-7592 (VEC), 2019 WL 2023766 (S.D.N.Y. May 8, 2019)................... 4

*Susan McKnight, Inc. v. United Industries Corp.,*
   273 F. Supp. 3d 874 (W.D. Tenn. 2017).............................................................. 11

*W. Express Bancshares, LLC v. Green Dot Corp.,*
   No. 19-CV-4465 (DLC), 2019 WL 4857330 (S.D.N.Y. Oct. 2, 2019) ................. 10

**Statutes**

35 U.S.C. § 284........................................................................................................ 11

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................... 7

Fed. R. Civ. P. 12(b)(6)...................................................................................... 1, 4, 10

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Fenix Diamonds LLC ("Fenix") respectfully moves the Court to dismiss the Amended Complaint (Dkt. 16) brought by Plaintiffs Carnegie Institution of Washington and M7D Corporation ("Plaintiffs").

## I.    INTRODUCTION

The Court should dismiss Plaintiffs' Amended Complaint because it is not plausible on its face.  The Amended Complaint alleges that Fenix infringes – both directly and indirectly – the asserted patents, which claim specific methods for making synthetic diamonds (also known as lab-grown diamonds).

Plaintiffs do not adequately plead direct infringement of any patent claim because they do not identify any allegedly infringing methods, let alone compare such unidentified methods to any patent claim.  Plaintiffs also fail to sufficiently plead indirect infringement (identified as "induced infringement" in the Amended Complaint) because they do not identify any direct infringer of the asserted claims.  Additionally, the Court should dismiss Plaintiffs' claims for willful infringement because the related allegations are merely conclusory.  Even if taken as true, these allegations fail to plausibly allege that Defendant's conduct constitutes willful infringement.

Accordingly, the Court should dismiss the entirety of Plaintiffs' Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   BACKGROUND

Plaintiffs allege in their superseding Amended Complaint that Defendant infringes two patents:  U.S. Patent No. 6,858,078 ("the '078 patent") and U.S. Patent No. RE41,189 ("the '189 patent") (collectively, the "patents-in-suit").  Dkt. 16 at p. 1.  The Amended Complaint identifies three claims that Defendant allegedly infringes, namely claims 1 and 12 of the '078 patent, *see* Dkt. 16, ¶¶ 63-67, and claim 1 of the '189 patent, *see id*., ¶¶ 84-90.  Claim 1 of the '078 patent provides:

1. A method for diamond production, comprising: controlling temperature of a growth surface of the diamond such that all temperature gradients across the growth surface are less than 20° C.; and

growing single-crystal diamond by microwave plasma chemical vapor deposition on the growth surface at a growth temperature in a deposition chamber having an atmosphere with a pressure of at least 130 torr.

Dkt. 16-1; '078 patent at 14:64-15:4. Claim 12 of this patent recites:

12. A method for diamond production, comprising: controlling temperature of a growth surface of the diamond such that all temperature gradients across the growth surface are less than 20° C.; and

growing single-crystal diamond by microwave plasma chemical vapor deposition on the growth surface at a temperature of 900-1400° C.

*Id.* at 15:31-37. Finally, claim 1 of the '189 patent is as follows:

1. A method to improve the optical clarity of CVD diamond where the CVD diamond is single crystal CVD diamond, by raising the CVD diamond to a set temperature of at least 1500° C. and a pressure of at least 4.0 GPA outside of the diamond stable phase.

Dkt. 16-2; '189 patent at 4:10-14. Claims 1 and 12 of the '078 patent are directed to methods of growing diamonds while claim 1 of the '189 patent relates to a method of refining pre-grown diamonds (also known as "annealing").

As is evident, each asserted claim recites highly specific limitations for a chemical vapor deposition ("CVD") process to produce a lab-grown diamond (i.e., CVD diamond). The Amended Complaint concedes, as it must, that both claim 1 and claim 12 of the '078 patent require "controlling the diamond's growth surface gradient temperature to within 20˚C." Dkt. 16 at ¶ 38. Claim 1 of the '189 patent, again as conceded by the Amended Complaint, requires that a diamond be raised "to a set temperature of at least 1500°C and a pressure of at least 4.0 GPA outside of the diamond stable phase." *Id.* at ¶ 45. The claims thus recite specific parameters for

temperatures, temperature gradients, and pressures in a CVD process used to produce a CVD diamond.  A party can infringe the asserted claims only if its processes fall within these specific parameters.

Despite limitations as to specific temperatures, temperature gradients, and pressures, the Amended Complaint does not recite any facts regarding the actual processes used to make diamonds imported or sold by Defendant.  Instead, for each count of direct and indirect infringement, Plaintiffs merely recite the language of the patent claims to allege, in circular fashion, that the Defendant or their supplier(s) somehow meet this language.

Plaintiffs allege "[u]pon information and belief, Fenix's CVD process requires maintaining a growth surface temperature gradient to within 20°C" and "[u]pon information and belief, Fenix and/or its supplier(s) makes the infringing CVD diamonds by a process requiring maintaining the growth surface temperature gradient to within 20°C, as recited in independent claims 1 and 12 of the '078 Patent."  Dkt. 16 at ¶¶ 56 and 65, respectively.  Likewise, for the '189 patent, Plaintiffs allege "[u]pon information and belief, Fenix's CVD process requires heightened atmospheric pressure" and "[u]pon information and belief, Fenix manufactures Type IIa diamonds by a process requiring a pressure, as recited in claim 1 of the '189 Patent."  *Id.* at ¶¶ 54 and 89, respectively.  But these allegations merely parrot the language of the claims.

Plaintiffs use the crutch of "upon information and belief" in every material statement relating to the process alleged to infringe the asserted claim.  And, every charging statement in the Amended Complaint states a bald conclusion, not facts in support of the conclusion.  At no point, for example, do Plaintiffs identify by name or photograph even one specific method used by Defendant or its supplier(s).  Nor do Plaintiffs allege any facts about the allegedly infringing

methods, such as specific numerical temperatures, temperature gradients, or pressures, used to make any diamonds.  The absence of such facts is glaring.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(6)

Motions to dismiss under Rule 12(b)(6) "for failure to state a claim upon which relief can be granted" should be granted when a complaint is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Merely stating legal conclusions is insufficient. *Id.; see Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 405 (S.D.N.Y. 2019) (Rakoff, J.) (granting motion to dismiss tortious interference clams based on "entirely conclusory" allegations with "no further factual allegations to substantiate the assertion").  Thus, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint must put a defendant "on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

### B.   Infringement of Patent Claims

The plausibility standard required by *Iqbal* and *Twombly* applies to all allegations of patent infringement. *Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-CV-7592 (VEC), 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019).

To prove infringement, a patentee must show that an accused system or method "meets every claim limitation either literally or under the doctrine of equivalents." *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005).  To state a plausible, rather than merely possible, claim for direct infringement, a complaint must "sufficiently identify, for

example, by photograph or name, … the particular machines that allegedly infringe" the asserted patents. *See Artrip v. Ball Corp.*, 735 Fed. App'x 708, 714-15 (Fed. Cir. 2018). "A method claim is directly infringed when someone practices every step of the patented method." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014). "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement" by a third party. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

## IV.   ARGUMENT

### A.   The Amended Complaint Does Not Adequately Plead Direct Infringement

Plaintiffs have failed to adequately plead direct infringement of the asserted claims, namely, claims 1 and 12 of the '078 patent and claim 1 of the '189 patent. As noted above, a plausible claim must "sufficiently identify, for example, by photograph or name, … the particular machines that allegedly infringe" the asserted patents. *Artrip*, 735 Fed. App'x at 714-15.

In *Artrip*, the plaintiff's complaint alleged that the defendant infringed the asserted patents "by use of one or more of the machines at least at the Bristol Plant." *Id*. at 714. The "complaint did not otherwise identify the accused machines." *Id*. At best, the complaint stated that the defendant's machines were "systems for 'forming and attaching lift-tabs to can ends' that include[d] each element of each patent's single independent claim." *Id*. The Federal Circuit concluded "that these allegations [were] insufficient to state a plausible claim for direct infringement" because the plaintiff "did not fairly identify the accused machines." *Id*. at 714-15.

Here, like the complaint in *Artrip*, Plaintiffs' Amended Complaint fails to sufficiently identify the particular "methods" that allegedly infringe the asserted claims. Plaintiffs do not attach any photographs or identify by name the machines or CVD processes used to make or

5

clarify any diamonds.  Instead, Plaintiffs merely assert that Defendant sells products made by a "process" for making diamonds that "satisfies each and every limitation" of the asserted claims. *See* Dkt. 16 at ¶¶ 63, 84.  Plaintiffs' vague reference to an unidentified "process" that allegedly meets every limitation of the Asserted Claims fails to put Defendant on notice as to what it must defend.  *See Artrip*, 735 Fed. App'x at 715.

The Amended Complaint further compounds the failings of its deficient pleading by referring to "infringing CVD diamonds" or "infringing CVD diamond products."  Dkt. 16 at ¶ 63.  As noted above, the asserted claims recite "methods" of making products, and not the products themselves.  Moreover, Plaintiffs fail to identify even a single diamond imported or sold by Defendant that was made according to an allegedly infringing process.  That Plaintiff incorrectly labels them as allegedly "infringing CVD diamonds" only further reinforces the insufficiency of Plaintiffs' Complaint.

In addition, the asserted claims require specific process limitations, including limitations as to controlling temperatures, temperature gradients, and pressures.  To prevail on its infringement claim, Plaintiffs must prove that such process limitations are present in the methods allegedly used by Defendant.  *See Pfizer*, 429 F.3d at 1376; *Ericsson*, 773 F.3d at 1219.  Merely identifying certain diamonds as having been made by the patented methods is insufficient to put Defendant on notice as to what particular "methods" Defendant is accused of infringing.  *See Artrip*, 735 Fed. App'x at 714-15 (holding that allegations that defendant's systems for "forming and attaching lift-tabs to can ends" included each element of the patents-in-suit were insufficient to state a plausible claim for direct infringement); *see also 3rd Eye Surveillance, LLC v. United States*, 124 Fed. Cl. 438, 442-44 (Fed. Cl. 2015) (granting motion for a more definite statement

where the complaint did not specifically identify the accused systems and the government was "left to guess what systems allegedly infringe on the asserted patents").[1]

The Amended Complaint does point out that Fenix's diamonds are produced by a CVD process that is allegedly carried out at heightened atmospheric pressure and heightened atmospheric temperature and also that such diamonds are annealed.  Dkt. 16 at ¶¶52-57.  But these facts, even if true, are not sufficient to establish that *all* of the limitations required by the asserted claims are met.[2]

The fundamental problem with Plaintiffs' Amended Complaint is its use of circular reasoning.  It merely assumes "upon information and belief" that Defendant or its supplier(s) employ specific limitations in a CVD process, and it then asserts as a conclusion that which it assumed in the first place.  This type of pleading, without further factual allegations, has been properly rejected by the courts.

For example, in *L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring*, LLC, No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017), the Court dismissed a complaint in which the plaintiff's infringement allegations identified an accused process and alleged "that Defendant performed each step of the patent claim at issue," but did so "using exactly—and entirely—its own patent language."  *Id.* at *4-5.  The court there explained, "[t]o

---

[1] Plaintiffs' pleading casts doubt on whether Plaintiffs or their counsel ever conducted an adequate pre-filing investigation under Fed. R. Civ. P. 11, that is, whether Plaintiffs or its counsel ever compared Fenix's allegedly infringing methods to the asserted claims). *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."); *see also 3rd Eye Surveillance*, 124 Fed. Cl. at 442-44.

[2] Plaintiffs cannot reasonably dispute that the use of CVD processes as well as annealing to produce lab-grown diamonds were known in the prior art as acknowledged by the patents-in-suit. *See* Dkt. 16-1, '078 patent, col. 1, lines 29-61; Dkt. 16-2, '189 patent, col. 1, lines 22-43.

7

the extent Plaintiff addresses every element, it is only by parroting the patent claim and prefacing it with an introductory attribution to Defendant." *Id.* But more is required to state a plausible infringement claim: "Reliance on the patent language alone to describe Defendant's alleged conduct renders Plaintiff's claim a legal conclusion insufficient to meet the pleading standard of *Twombly* and *Iqbal*." *Id.* at *5.

Similarly, in *North Star Innovations, Inc. v. Micron Technology, Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017), the court recommended dismissal of (and the district judge dismissed) a complaint with similar parroting allegations as those in Plaintiffs' Amended Complaint:

> In the Court's view, a patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element. That amounts to little more than a conclusory statement that "Your product infringes my patent claim." There needs to be some facts alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so.

*Id.* at *2 (emphasis in original). Likewise, in *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797 (E.D. Va. 2014), the court dismissed the claim of direct infringement because the complaint "simply allege[d] that each element of a cited claim is infringed and then parroted the claim language for each element." *Id.* at 804.

This Court, in *Holotouch, Inc. v. Microsoft Corp.*, No. 17 CIV. 8717 (AKH), 2018 WL 2290701 (S.D.N.Y. May 18, 2018) (Hellerstein, J.), accepted the principles stated above, but distinguished *Sessler* and other cases on their facts. The *Holotouch* court allowed a claim of direct infringement to proceed because the complaint in that case described the accused product in great detail: "Taken with the claims set out in Count II, the detailed description of the allegedly infringing product sufficiently identifies the factual connection between the HoloLens

8

product and claims protected by the patent." *Id.* at *7. Thus, if a complaint includes factual allegations about the accused instrumentality that do more than just parrot the claim language, it may withstand a motion to dismiss. However, if the operative allegations of a complaint merely repeat the claim language, *i.e.*, "[w]ere these the only allegations in the complaint," even the complaint in *Holotouch* might very well have been dismissed. *Id.*

The Amended Complaint in this case lacks any description regarding the allegedly infringing "process" other than an allegation that it is a "CVD" process. Dkt. 16 at ¶ 52. But, this overly general description provides no factual detail about the parameters used in any CVD process. A CVD diamond-making process that does not use the specific claimed temperatures, temperature gradients, and pressures would not infringe any of the asserted claims. As an analogy, if a patent claimed a method of making a cake by baking a mixture for at least 30 minutes at a temperature of at least at 375ºF, it would not be sufficient for a plaintiff to allege infringement by stating that a defendant baked a cake. More would be required, particularly because cakes can be made by baking for different times and at different temperatures.

In the context of the specific claims at issue here, Plaintiffs' direct infringement claims do not state sufficient factual allegations to allege, plausibly, that any process allegedly used by Defendant meets the specific temperature, temperature gradient, and pressure limitations set forth in the asserted claims. The complaint in this case, like those at issue in *Sessler*, *North Star* and *Macronix*, provides no factual allegations as to the allegedly infringing instrumentality. The charging allegations merely provide a conclusion (by parroting claim language) that assumes the facts at issue. The Amended Complaint does not include even a single statement about the actual conditions (e.g., temperatures, temperature gradient, or pressures) Defendant allegedly used in the "process" to make any diamonds. Rather, Plaintiffs merely assume "upon information and

belief" that Defendant used a process that meets the specific claims.  *See* Dkt.16 at ¶¶ 54-56, 65-67, 88-89.  As such, the Court should dismiss the direct infringement "counts."

      **B.**      **The Amended Complaint Does Not Adequately Plead Indirect Infringement**

Plaintiffs also have failed to adequately plead indirect infringement of the asserted claims.  To properly plead such a claim, a plaintiff must identify a third party direct infringer.  *See Dynacore*, 363 F.3d at 1272 ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement" by a third party).  In the absence of an allegation involving direct infringement, the indirect infringement claim should be dismissed.  *W. Express Bancshares, LLC v. Green Dot Corp.*, No. 19-CV-4465 (DLC), 2019 WL 4857330, at *4 (S.D.N.Y. Oct. 2, 2019) ("Western Express has not sufficiently pleaded that Green Dot directed or controlled the other entities whose activity is required to perform the method contemplated by its method claims."); *see also ColorQuick, L.L.C. v. FedEx Office & Print, Servs., Inc.*, Case No. 09-cv-572, 2010 WL 11628964, at *4 (E.D. Tex. May 21, 2010) (dismissing indirect infringement claims for failure to identify a direct infringer).

Here, Plaintiffs allege that Defendant indirectly infringes the Asserted Claims by inducing unknown others to infringe by using, importing, offering to sell, and/or selling products allegedly infringing, but unspecified, "CVD diamonds."  *See* Dkt. 16 at ¶¶ 72-73 ('078 patent) and 93-94 ('189 patent).  But Plaintiffs do not identify any third party that allegedly directly infringes the Asserted Claims.  *Id.*

Moreover, Plaintiffs do not adequately allege that Defendant had the requisite intent with respect to any inducement allegation.  Failure to plead specific intent necessary for induced infringement is grounds for dismissal under Rule 12(b)(6).  *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017).

At no point did Plaintiffs inform Fenix, prior to this lawsuit, that it believed that any activity undertaken by Fenix infringed either of the asserted patents.   More to the point, Plaintiffs did not allege that it provided such pre-suit notice.   *See Polaris PowerLED Techs., LLC v. Vizio, Inc.*, No. SACV181571JVSDFMX, 2019 WL 3220016, at *4 (C.D. Cal. May 7, 2019).   As a result, the Amended Complaint does not adequately allege specific intent to infringe by Fenix necessary to support its induced infringement allegation.   *See LaserDynamics USA, LLC v. Cinram Grp., Inc.*, No. 15 Civ. 1629(RWS), 2015 WL 6657258, at *6 (S.D.N.Y. Oct. 30, 2015) (granting dismissal of induced infringement allegation where existence of specific intent was not a plausible conclusion).   In sum, Plaintiffs have failed to adequately plead indirect infringement of the asserted claims.

### C.      Plaintiffs' Willful Infringement Claims Should Be Dismissed.

To be liable for willful infringement pursuant to 35 U.S.C. § 284, the infringing conduct must be "willful, wanton, malicious, [in] bad-faith, deliberate, consciously wrongful, [or] flagrant."  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016).

The mere conclusory allegation of knowledge, on its own, is not enough to constitute willful infringement.  *See Signify N.A. Corp. v. Axis Lighting Inc.*, No. 19cv5516 (DLC), 2020 WL 1048927, at *3 (S.D.N.Y Mar. 4, 2020); *see also Susan McKnight, Inc. v. United Industries Corp.*, 273 F. Supp. 3d 874, 883 (W.D. Tenn. 2017) (granting motion to dismiss willful infringement claims where plaintiff's complaint alleged "little more than conclusory allegations of knowledge and infringement"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 16-cv-859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) (granting motion to dismiss claim of willful infringement where plaintiffs merely asserted that defendant knew about plaintiffs' patent and continued its allegedly infringing activity, and failed to allege any facts suggesting that defendant's conduct was "egregious ... beyond typical infringement."); *Gamevice, Inc. v.*

*Nintendo Co., Ltd.*, Case No. 18-CV-1942, 2018 WL 5310792, at *5 (N.D. Cal. Aug. 6, 2018) (granting motion to dismiss claim for willful infringement where counterclaim-plaintiff's allegations were merely conclusory).

Plaintiffs' Amended Complaint fails to allege any facts suggesting that Defendant's conduct was egregious.  Instead, Plaintiffs merely allege that Defendant knew of the patents-in-suit before the filing of the Complaint, and continued to allegedly infringe them despite this knowledge.  Dkt. 16 at ¶¶ 79-80 ('078 patent); ¶ 100, 102 ('189 patent).  Plaintiffs even contend that the absence of knowledge of the patents-in-suit, that is, "willful blindness," is enough to plead willfulness.  *Id.* at ¶¶79, 102.  These allegations are insufficient to plead willful infringement.  *See, e.g., Signify N.A.*, 2020 WL 1048927, at *3.

## V.   CONCLUSION

For the foregoing reasons, Fenix respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint.

Dated: March 30, 2020

Respectfully submitted,

/s/ Daniel P. Waxman
Daniel P. Waxman (DW-0599)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 541-2040
dpwaxman@bryancave.com

Steven H. Sklar (*pro hac vice*)
Maxwell B. Snow (*pro hac vice*)
LEYDIG, VOIT & MAYER, LTD.
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel.: 312.616.5600
ssklar@leydig.com
msnow@leydig.com

*Counsel for Defendant, Fenix Diamonds LLC*