IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION<br><br>  Plaintiffs,<br><br>  v.<br><br>FENIX DIAMONDS LLC,<br><br>  Defendant. | Case No. 1:20-cv-00200-JSR<br><br>Hon. Jed S. Rakoff |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FENIX DIAMONDS LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Daniel P. Waxman (DW-0599)
dpwaxman@bryancave.com
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 541-2040

Steven H. Sklar (*Pro Hac Vice*)
Maxwell B. Snow (*Pro Hac Vice*)
ssklar@leydig.com
msnow@leydig.com
LEYDIG, VOIT & MAYER, LTD.
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel: (312) 616-5600

*Attorneys for Defendant, Fenix Diamonds LLC*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.     INTRODUCTION ..................................................................................................... 1

II.    ARGUMENT ............................................................................................................. 1

        A.     The Direct Infringement Claims Should Be Dismissed .......................................... 1

        B.     The Indirect Infringement Claims Should Be Dismissed ....................................... 5

        C.     The Willful Infringement Claims Should Be Dismissed ........................................ 7

        D.     Dismissal of the Amended Complaint is Appropriate ............................................ 8

III.   CONCLUSION .......................................................................................................... 9

## TABLE OF AUTHORITIES

### Cases

*3D Sys., Inc. v. Formlabs, Inc.*,
   No. 13 CIV. 7973, 2014 WL 1904365 (S.D.N.Y. May 12, 2014)......................... 5, 6

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
   709 F.3d 1348 (Fed. Cir. 2013) ................................................................................ 2

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ....................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................. 1, 4

*Carson Optical Inc. v. eBay Inc.*,
   202 F. Supp. 3d 247 (E.D.N.Y. 2016) .................................................................. 5, 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ................................................................................ 5

*Gradient Enters., Inc. v. Skype Techs., S.A.*,
   848 F. Supp. 2d 404 (W.D.N.Y. 2012) ..................................................................... 7

*Holotouch, Inc. v. Microsoft Corp.*,
   No. 17 CIV. 8717 (AKH), 2018 WL 2290701 (S.D.N.Y. May 18, 2018) ................ 4

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB 18-826-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ............ 8

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) ................................................................................ 4

*L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*,
   No. 16-CV-06534-FPG, 2017 WL 4652709 (W.D.N.Y. Oct. 17, 2017).................... 3

*LaserDynamics USA, LLC v. Cinram Grp., Inc.*,
   No. 15 CIV. 1629 (RWS), 2015 WL 6657258 (S.D.N.Y. Oct. 30, 2015)................. 6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) ................................................................................ 4

*Lyda v. FremantleMedia N.A., Inc.*,
   No. 10 Civ 4773 (DAB), 2011 WL 2898313 (S.D.N.Y. July 14, 2011) ................... 4

*Macronix Int'l Co. v. Spansion Inc.*,
   4 F. Supp. 3d 797 (E.D. Va. 2014) ........................................................................... 3

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
   C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017)................. 3

*Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*,
   Case No. 18-cv-2434 (DLC), 2018 WL 5282887 (Oct. 14, 2018)............................ 7

*Signify N. Am. Corp. v. Axis Lighting Inc.*,
   No. 19-cv-5516 (DLC), 2020 WL 1048927 (S.D.N.Y. Mar. 4, 2020) ....................................... 8

*Välinge Innovation AB v. Halstead New England Corp.*,
   No. CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ................................. 7

**Statutes**

35 U.S.C. § 271 ................................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 3

**I.      INTRODUCTION**

A lawsuit may proceed only if the facts as alleged in the complaint "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In this case, Plaintiffs Carnegie Institution of Washington and M7D Corporation ("Plaintiffs") fail to plead facts sufficient to support a plausible claim that Defendant Fenix Diamonds LLC ("Fenix") has infringed the patents-in-suit.[1] They allege that Fenix makes and sells "CVD diamonds," but that alone is not sufficient to justify speculation that Fenix somehow directly infringes the asserted patents, which require the manufacture of CVD diamonds *at specific temperature gradients, temperatures and pressures*.

Plaintiffs' indirect infringement and willfulness claims are even worse: they pile speculation upon the already speculative claims of direct infringement. The entire Amended Complaint lacks any factual basis to proceed, and it should be dismissed.

**II.     ARGUMENT**

   **A.      The Direct Infringement Claims Should Be Dismissed**

Plaintiffs have charged Fenix with infringement because it allegedly makes and sells CVD diamonds.[2] However, prior to the patents-in-suit, CVD diamonds had been produced "[f]or at least

---

[1] The patents-in-suit are U.S. Patent No. 6,858,078 ("the '078 Patent") and U.S. Reissue Patent No. 41,189 ("the '189 Patent").

[2] Although beyond the scope of this motion, Plaintiffs' allegation that "Fenix manufactures and anneals diamonds" is false. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Dkt. 33 ("Pls. Opp'n") at 1. Fenix is an importer and reseller of CVD diamonds, not a manufacturer. The website (https://fenixdiamonds.com/about) to which Plaintiffs refer in their Amended Complaint (Dkt. 16 ("Am. Compl.") at ¶ 52 n.13) and in their Opposition (Pls. Opp'n at 1) describes a generic process by which CVD diamonds are made. This website does not state that Fenix makes diamonds. Apparently recognizing this possibility, the Amended Complaint charges Fenix "*and/or its supplier(s)*" with the allegedly infringing activities. Am. Compl. at ¶¶ 57, 65–67, 71 (emphasis added). Had Plaintiffs simply asked Fenix prior to filing this lawsuit, Fenix would have so informed Plaintiffs.

1

the last twenty years." '078 Patent at 1:30–33. Microwave plasma CVD (i.e., the type of CVD recited in the claims) was also well known in the art prior to both patents. *See id.* at 1:42–49. It is therefore indisputably possible to produce CVD diamonds in a way that does not infringe the '078 patent. In addition, the '189 Patent acknowledges that prior art synthetic (e.g., CVD) diamonds were annealed at temperatures and pressures to "cause[] the visible color of the diamond to change." '189 Patent at 1:33–38. Again, it is undeniably possible to produce CVD diamonds by non-infringing methods.

Without more, the mere sale of CVD diamonds cannot be a sufficient factual basis to embroil Fenix in a costly and disruptive infringement suit.[3] As recently detailed in the now-complete *Markman* briefs, the asserted claims recite specific processes for making or improving CVD diamonds. With respect to the '078 Patent, the asserted claims require that "all temperature gradients" be controlled to less than 20º C, and further that high temperatures (900–1400º C) and pressures (at least 130 torr) must be used make CVD diamonds. *See* Defendant Fenix Diamonds LLC's Opening Claim Construction Brief, Dkt. 32 at 4–9 (temperature gradients), 16–19 (temperatures and pressures). With respect to the '189 Patent, the asserted claims require the CVD diamond to be raised to a set temperature and pressure of at least 1500º C and 4GPa while remaining "outside of the diamond stable phase." *See id.* at 22. Processes that do not meet these narrow conditions do not infringe the asserted claims of either the '189 Patent or '078 Patent. *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013)

---

[3] The allegation that Fenix sells diamonds made by a CVD manufacturing process generally, *see* Am. Compl. at ¶¶ 57, 65–67, 71, is not sufficient in view of the specific limitations in the asserted claims of the patents-in-suit. CVD processes are acknowledged to be in the prior art. *See* '078 Patent at 1:30–51; '189 Patent at 1:10–21.

("To establish liability for direct infringement of a claimed method or process under 35 U.S.C. § 271(a), a patentee must prove that each and every step of the method or process was performed.").

Plaintiffs' Amended Complaint is fatally defective because it lacks any factual allegations to support a plausible conclusion that Fenix's diamonds are made according to any of the claimed processes. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 714–15 (Fed. Cir. 2018). In particular, there are no plausible factual allegations at least with respect to the limitation "all temperature gradients across the growth surface are less than 20° C." in claims 1 and 12 of the '078 Patent and the limitation "outside of the diamond stable phase" in claim 1 of the '189 Patent. Instead, Plaintiffs merely state the conclusion of infringement itself, which is inadequate to survive a Rule 12(b)(6) motion to dismiss. *See L.M. Sessler Excavating & Wrecking, Inc. v. Bette & Cring*, LLC, No. 16-CV-06534-FPG, 2017 WL 4652709, at *4 (W.D.N.Y. Oct. 17, 2017) ("By describing Defendant's conduct solely in the words of its own patent, *Plaintiff implicitly concludes that Defendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation*.") (emphasis added); *see also N. Star Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017); *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797 (E.D. Va. 2014).

Plaintiffs attempt to distinguish these cases by stating that they have alleged more with respect to Fenix's alleged processes. Pls. Opp'n at 9–10. Not so. The *only* allegations with respect to these elements (i.e., the temperature and pressure conditions that allegedly distinguish the claims from the prior art) merely repeat the claim language to assert, in circular fashion, that Fenix meets them. *See* Am. Compl. at ¶¶ 55–56, 65–67, 88–89. This is precisely the manner of pleading that has been found to be insufficient in the above-cited cases. Plaintiffs also attempt to rely on *Holotouch, Inc. v. Microsoft Corp.*, No. 17 CIV. 8717 (AKH), 2018 WL 2290701 (S.D.N.Y. May

3

18, 2018) (Hellerstein, J.), but, as explained in Fenix's opening brief, the complaint in that case included great detail as to the accused instrumentality. Memorandum of Law In Support Motion to Dismiss, Dkt. 26 at 8–9. If the complaint in that case had only the same type of allegations as here, it may well have been dismissed.

Other cases upon which Plaintiffs' rely, such as *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1287 (Fed. Cir. 2013), were decided under the abrogated Form 18 pleading standard. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("However, Form 18 was abrogated by the Supreme Court effective December 1, 2015.") Under the *Twombly/Iqbal* pleading standard, which now indisputably applies to patent cases instead of the Form 18 pleading standard, courts "have required plaintiffs to make specific allegations about infringing products or methods in their complaints." *Lyda v. FremantleMedia N.A., Inc.*, No. 10 Civ 4773 (DAB), 2011 WL 2898313, at *2 (S.D.N.Y. July 14, 2011); *see also Artrip,* 735 F. App'x at 714–15.

Undaunted, Plaintiffs argue nonetheless that the Court should excuse their defective pleading because they do not have the required information.[4] Plaintiffs argue that they do not know the actual methods used to make Fenix's CVD diamonds, and further that they will rely upon discovery to develop the bases for their lawsuit. Pls. Opp'n at 8; *see also id.* at 7 ("Plaintiffs have not yet been allowed to inspect the fabrication plants Fenix uses, review documents detailing the processes they use, and depose the relevant personnel."). Plaintiffs thus all but admit that they cannot state, and therefore have not stated, a plausible patent infringement claim. They lack

---

[4] Plaintiffs never contacted Fenix or its supplier to inquire about the processes at issue before filing suit. Had they done so, Fenix would have notified Plaintiffs, as they did after the suit was filed, that the processes used to make the CVD diamonds sold by Fenix do not fall within the limitations required by the claims.

4

sufficient information to adequately plead about the processes they have already alleged to infringe the asserted patents.

By filing the present lawsuit without investigating the facts, whether inculpatory or exculpatory, Plaintiffs put the cart before the horse. They rushed to file a deficient complaint before knowing whether they could ever plead a successful claim. The Court, however, should not allow a "shoot first, ask questions later" approach to pleadings. The Amended Complaint should be dismissed.

### B. The Indirect Infringement Claims Should Be Dismissed

Plaintiffs contend that they adequately pleaded indirect infringement against Fenix because they identified "retailers, jewelry stores, and other customers" as direct infringers. Pls. Opp'n at 11. None of the allegations with respect to these categories of third parties, however, plausibly state how any of them practice the claimed methods for making or processing diamonds. For the same reasons that Plaintiffs failed to adequately allege direct infringement by Fenix, they also failed to adequately allege direct infringement by any of the unnamed third parties. The indirect infringement claim should be dismissed for failure to adequately plead direct infringement. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement" by a third party).

In addition, the indirect infringement claims fail to adequately or plausibly plead that Fenix intended to induce infringement. Plaintiffs rely upon *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 253 (E.D.N.Y. 2016) and *3D Sys., Inc. v. Formlabs, Inc.*, No. 13 CIV. 7973, 2014 WL 1904365, at *4 (S.D.N.Y. May 12, 2014) to argue that their filing of the complaint was sufficient to meet the intent requirement. *See* Pls. Opp'n at 11–12. But neither of these cases goes as far as

5

Plaintiffs contend. Merely filing a complaint is not sufficient to support a case for indirect infringement.

In *LaserDynamics USA, LLC v. Cinram Grp., Inc.*, No. 15 CIV. 1629 (RWS), 2015 WL 6657258, at *6 (S.D.N.Y. Oct. 30, 2015), this Court relied upon *3D Sys* to hold that "[b]oth knowledge of the alleged infringement and specific intent involving 'culpable conduct, directed to encouraging another's infringement' are therefore required." The *LaserDynamics* court thus dismissed an inducement charge because the complaint lacked sufficient facts in support of a claim that the defendants "were aware of a plausibly high risk of infringement." *Id.*

Plaintiffs argue nonetheless that they have adequately alleged a "willful blindness" theory of intent, but that theory also requires sufficient factual allegations. Here, Plaintiffs' rely on paragraphs such as 11–14, 58, 60, 72–74 and 93–95 of their Amended Complaint, *see* Pls. Opp'n at 12, but each of those allegations recite only ordinary marketing and sales activities. In dismissing a similar indirect infringement claim, the *LaserDynamics* Court held that such facts "do not support the theory that Defendants specifically intended to induce infringement in the normal course of operating their business any more than they support the theory that Defendants were lawfully soliciting customers to use their services to keep Defendants' businesses afloat." *LaserDynamics*, 2015 WL 6657258, at *6.

The *Carson Optical* case is also distinguishable on this basis. There, the plaintiff's complaint provided "highly detailed descriptions and depictions of the patents-in-suit and also the allegedly infringing items" as well as alleging that defendant, "despite receiving notice of the alleged infringement, . . . nevertheless continued to sell infringing items." *Carson Optical*, 202 F. Supp. 3d at 262 . No such allegations are present here. Plaintiffs admit that they are unaware of the processes used to make the diamonds sold by Fenix. They only speculate that such processes

might infringe the asserted patents. This is a far cry from alleging that Fenix knowingly engaged in activities that it knew would infringe the asserted patents. The indirect infringement claim should be dismissed.

### C. The Willful Infringement Claims Should Be Dismissed

Plaintiffs' allegations of willful infringement similarly fail to satisfy the required pleading standards and should be dismissed.

Contrary to Plaintiffs' contention (Pls. Opp'n at 14), this district has indeed adopted the "egregiousness" standard for pleading willfulness (i.e., the accused infringer's conduct must be of such a wrongful nature to be beyond typical infringement). *See Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*, Case No. 18-cv-2434 (DLC), 2018 WL 5282887, at *2 (Oct. 14, 2018). Plaintiffs do not even attempt to defend the sufficiency of their willfulness allegations under such an "egregiousness" standard. Furthermore, there can be no claim for willful infringement in the absence of a plausible claim of direct infringement by Plaintiffs, which, as detailed above, is lacking here due to the absence of allegations regarding temperature gradients, temperatures and pressures. *See Gradient Enters., Inc. v. Skype Techs., S.A.*, 848 F. Supp. 2d 404, 408 (W.D.N.Y. 2012). Plaintiffs' citation (Pls. Opp'n at 14) to portions of the Amended Complaint that do not identify manufacturing conditions for Fenix's diamonds necessary to state a plausible claim of direct infringement cannot possibly support a claim of willful infringement.

Additionally, even if the complaint makes out a plausible claim of direct or indirect infringement (which it does not), Plaintiffs' allegations with respect to willfulness are still insufficient at least with respect to Fenix's pre-suit conduct. As recognized in a case relied on by Plaintiffs, the allegedly infringing conduct must occur after the accused acquires knowledge of the relevant patents for willfulness to exist. *Välinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018). In other words,

knowledge of the patents must be possessed by the alleged infringer *before* infringement. Nowhere in the Amended Complaint including, in particular, at paragraphs 19–20 cited by Plaintiffs, is Fenix alleged to have infringed the patents-in-suit *after having obtained knowledge of the patents-in-suit*. Plaintiffs' assertion that the "existence of these patents was well-known in the lab-grown diamond industry" is not sufficient.[5] Pls. Opp'n at 14.

Plaintiffs' reliance on the knowledge of the patents-in-suit by Fenix resulting from service of the original complaint is unavailing. In another case cited by Plaintiffs, *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 18-826-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019), the Court dismissed allegations of willfulness for pre-suit conduct where the patent owner did not allege that the defendant had knowledge of the patents prior to the lawsuit. *Id.* at *7. Here, Plaintiffs have not alleged that Fenix had knowledge of patents-in-suit at the time any of the pre-suit activities were carried out (such as those identified in paragraphs 52–59, 63–71, and 84–92 of the Amended Complaint).[6] Accordingly, Plaintiffs' allegations of pre-suit willful infringement are not plausible and should be dismissed.

### D. Dismissal of the Amended Complaint is Appropriate

All of the allegations of infringement – direct, induced and willful – recited in all counts (Counts I and II) in the Amended Complaint are insufficient. Accordingly, the Amended Complaint should be dismissed in its entirety.

---

[5] Neither paragraph 97, nor paragraph 102 of the Amended Complaint identify the knowledge of the patents-in-suit by the lab-grown diamond industry as Plaintiffs contend.

[6] Plaintiffs go so far as to suggest willfulness can exist even where Fenix did not have knowledge of the patents-in-suit as a result of Fenix's "willful blindness." Pls. Opp'n at 14; *see* Am. Compl. at ¶¶ 79, 102. Following Plaintiffs' logic, the absence of knowledge would somehow satisfy the requirement of knowledge to establish willfulness. But knowledge of the patents-in-suit is a requirement. *Signify N. Am. Corp. v. Axis Lighting Inc.*, No. 19-cv-5516 (DLC), 2020 WL 1048927, at *3 (S.D.N.Y. Mar. 4, 2020).

Plaintiffs contend that they should be given the right to file a Second Amended Complaint to cure any pleading deficiencies. In contrast to this action, however, the cases relied as support for the grant of leave to amend (Pls. Opp'n at 15 n.3) all involve deficiencies in a portion, not the entirety, of the patentees' complaint. After learning of Fenix's allegations regarding the insufficiency of its pleadings in this motion (filed on March 30th), Plaintiffs had the opportunity to file a further amended pleading by April 3rd without leave of Court. *See* Order dated March 6, 2020, Dkt. 18 (adopting Civil Case Management Plan, Dkt. 26 in 20-cv-189 (JSR)) at 1. Plaintiffs did not take such action. Accordingly, dismissal of the Amended Complaint is therefore the appropriate remedy.

### III.    CONCLUSION

For the foregoing reasons, Fenix respectfully requests that the Court dismiss the Amended Complaint in its entirety.

Dated: April 20, 2020

Respectfully submitted,

*/s/ Steven H. Sklar*
Daniel P. Waxman (DW-0599)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 541-2040
dpwaxman@bryancave.com

Steven H. Sklar (*pro hac vice*)
Maxwell B. Snow (*pro hac vice*)
LEYDIG, VOIT & MAYER, LTD.
180 North Stetson Avenue, Suite 4900
Chicago, Illinois 60601
Tel.: 312.616.5600
ssklar@leydig.com
msnow@leydig.com

*Counsel for Defendant, Fenix Diamonds LLC*