UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON    :
et al.,                             :
                                    :
      Plaintiffs,                   :
                                    :    20-cv-200 (JSR)
          -v-                       :
                                    :    MEMORANDUM ORDER
FENIX DIAMONDS, LLC                 :
                                    :
      Defendant.                    :
                                    :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

In accordance with Rules 1 & 2 of the Court's Individual Rules of Practice, counsel for the parties and certain affected third parties jointly called Chambers on June 25, 2020.  Now before the Court is one of the applications made during that call: plaintiffs' request to compel production of an unredacted copy of two e-mails produced by third party EMBY International LLC ("EMBY").[1]  The Court has reviewed unredacted copies of the documents in camera, along with cases submitted by each side.

The documents in question are communications from one businessperson from one company to other businesspeople at other companies.  Nevertheless, EMBY redacted a small portion of each of the documents based on the assertion of attorney-client

---

[1] The redacted documents were produced bearing Bates numbers EMBY000010 and EMBY000011.

privilege and "common interest privilege." "The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." In re Cty. of Erie, 473 F.3d 413, 418 (2d Cir. 2007). "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." Id. at 419. The common interest doctrine is not a source of privilege in its own right; rather, it is an exception to the rule that attorney-client privilege "is generally waived by voluntary disclosure of the [privileged] communication to another party." Schaeffler v. United States, 806 F.3d 34, 40 (2d Cir. 2015). "[T]he privilege is not waived by disclosure of communications to a party that is engaged in a 'common legal enterprise' with the holder of the privilege." Id.

Here, the alleged common interest aspect is irrelevant. Specifically, the Court, upon review, finds that the redacted passages do not contain a communication between client and counsel that was made for the purpose of obtaining or providing legal advice, or anything of the kind. At most, the passages contain a layperson's quasi-legal opinion, not attributed to any lawyer, that the author voluntarily chose to share with a group

of third parties.  Because the passage is not protected by the asserted privilege, plaintiffs' application is granted.

The Court orders EMBY International, LLC to produce to plaintiffs an unredacted copy of these documents by 5pm on July 1, 2020.

SO ORDERED.

Dated:    New York, NY
          June 30, 2020

_____
United States District Judge