

**Leydig, Voit & Mayer, Ltd.**
www.leydig.com
**Steven H. Sklar**

June 30, 2020

**VIA ECF - REDACTED  FOR PUBLIC FILING**

Honorable Jed S. Rakoff, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:   <u>*Carnegie, et al. v. Fenix Diamonds LLC*</u>**, Case No. 20-cv-200 (JSR)**

Dear Judge Rakoff:

    Further to the Court's order on June 25, 2020, Defendant Fenix Diamonds, LLC ("Fenix") respectfully submits this letter opposing the relief sought by Plaintiffs Carnegie Institution of Washington and M7D Corporation (collectively, "Plaintiffs") in their June 29, 2020 letter.

    Plaintiffs seek to compel the production of technical information held by Nouveau Diamonds LLP ("Nouveau"), the manufacturer of Fenix's CVD diamonds.  As Plaintiffs are aware, and as two Fenix executives attest in attached declarations, Fenix does not own or control Nouveau.  Fenix is not able to monitor, much less enforce, Nouveau's production of process information.  In addition, and *at Plaintiffs' request*, Nouveau has already voluntarily produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

    The attached declarations of Naman Parikh (Ex. A; "Parikh Decl.") and Amit Mehta (Ex. B; "Mehta Decl.") explain that Fenix is a small company that imports and resells lab-grown diamonds primarily sourced by Nouveau.  It does not own or control Nouveau.  Nor does Fenix have access to Nouveau's technical information, including ▮▮▮▮▮▮▮▮.  Even in connection with this lawsuit, Nouveau has not ▮▮▮▮▮▮▮▮▮▮▮▮.  Plaintiffs' assertion that Fenix controls Nouveau is simply incorrect.

    Plaintiffs seize on documents in which ▮▮▮▮▮▮▮▮▮▮.  However, these statements ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Parikh Decl. at ¶ 5; Mehta Decl. at ¶ 7–8.  *Notably, Plaintiffs fail to cite a single document in which Fenix actually exerted control over Nouveau.*  For example, Plaintiffs do not cite to any document where Fenix: (i) participated in the management of any Nouveau employee; (ii) participated in technical discussions related to diamond manufacturing; (iii) received technical information from Nouveau; or (iv) received financial information from Nouveau.  Communications that do exist between

Fenix and Nouveau demonstrate an arms-length buyer/seller relationship between Fenix and Nouveau. *See, e.g.*, Ex. C, Email from Nouveau to Fenix dated Sept. 26, 2019 (FD220478*)*.

Discovery obligations turn on the ground-truth reality of the company's relationship (i.e., practical ability), not on marketing puffery or hype. *See In re Stadtwerke Frankfurt am Main Holding GmbH*, No. 19-MC-0035 (JMF), 2019 WL 3004150, at *1 (S.D.N.Y. July 10, 2019) ("But if the subpoenaed party does not have the *practical ability* to obtain documents held by a third party, it need not produce them.") (emphasis added). In *Alexander Interactive, Inc. v. Adorama, Inc.,* No. 12 CIV. 6608 PKC JCF, 2014 WL 61472, at *3–4 (S.D.N.Y. Jan. 6, 2014), the Court addressed the existence of marketing hype similar to the present situation. There, plaintiff Alexander Interactive held out a subcontractor as "AI [Alexander Interactive] Mumbai" or "Alexander Interactive's Mumbai operation." *Id*. at *4. Plaintiff Alexander Interactive explained these statements as "puffery . . . [echoing] marketing phrases." *Id*. The Court rejected defendants' motion to compel production of the subcontractor's data after considering the actual economic and legal relationship between the plaintiff and the subcontractor. *Id.[1]*

The cases cited by Plaintiffs are inapposite and do not support a finding of control in the present case. First, in *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 183 (S.D.N.Y. 2006), the producing party was found to have control over documents of a corporation for which he was an executive. Second, in *Leser v. U.S. Bank N.A.*, No. 09-CV-2362 (KAM)(ALC), 2010 WL 1945806, at *1–2 (E.D.N.Y. May 12, 2010), the producing party was found to have control over several entities that he admittedly owned, with whom he shared a home and work address, and for whom he signed loan agreements. Fenix has no such relationship with Nouveau. Neither Fenix, nor any employee of Fenix, ███████████████████████████████████████████████████████████████████████████████████████████████████.

Nouveau does not ███████████████████████████████████████████████████████████████████████████████. Parikh Decl. at ¶¶ 4 & 6; Mehta Decl. at ¶ 5. Plaintiffs' reliance on certain statements by Fenix to establish "control" over the production is particularly misplaced inasmuch as Fenix itself could not expect that Nouveau would produce such information to it in the ordinary course of business.

Plaintiffs have known about Nouveau from the outset of this lawsuit. Their Rule 26(a) disclosures, served on April 6, 2020 explicitly identify Nouveau as a party with information pertaining to this lawsuit. Plaintiffs nonetheless sued only Fenix, not Nouveau. Fenix also did not "force" Plaintiffs to issue a Hague request. *See* Pls.' Ltr. at 2. To the contrary, Plaintiffs initiated that request, which Fenix did not oppose, to obtain information from the third party (Nouveau) that it had previously identified as a target for discovery.

---

[1] Even a parent company is not automatically presumed to control the documents of its subsidiary companies. To compel a parent company's production of documents held by its subsidiaries, the proponent must show that the parent has the "legal right, authority or ability to obtain documents from its subsidiaries on demand." *Stream Sicav v. James Jun Wang*, No. 12 CIV. 6682 PAE, 2014 WL 2624753, at *9 (S.D.N.Y. June 12, 2014) (internal quotation marks omitted). This is because a parent company is not presumed to "control documents merely because its subsidiaries have those documents in their custody, possession, or control." *Id.*

Plaintiffs also complain that Nouveau has produced "over 250" documents. *Id.* These are the same documents, however, that Plaintiffs sought and seeks through its Hague request. Fenix requested these documents from Nouveau because Plaintiffs asked Fenix to make that request. Nouveau thereafter voluntarily produced trade secret technical information, which it requested be designated as "Highly Confidential" under the Protective Order. These documents and evidence include ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. There is no truth to the statement that Fenix has "withheld" any technical information. *Id.* Fenix relayed Plaintiffs' requests for Nouveau to produce information, and Plaintiffs should not be heard now to complain about a production of documents they requested.[2]

Nor have Plaintiffs established that they require additional technical information. Plaintiffs assert two patents in this action, namely, U.S. Patent No. 6,858,078 ("the '078 patent") and U.S. Patent No. RE41,189 ("the '189 patent"). The Court explained that the '078 Patent describes "a method for producing single crystal MPCVD diamond at a higher growth rate" than the prior art "by creating temperature and pressure conditions that fall within particular ranges and—importantly—by controlling the temperature gradients across the growth surface of the diamond seed such that they are less than 20°C." *See* Dkt. No. 42, Op. and Order at 4. As for the '189 Patent, "The claimed method involves encapsulating the diamond in an outer body, typically of graphite, and 'annealing' it, i.e., applying very high temperatures and pressures within specific ranges." *Id.* at 4–5. The information that Nouveau has voluntarily produced provides sufficient evidence for Plaintiffs to evaluate any claim of infringement of these now-construed claims. At minimum, Plaintiffs have not established any need for the "additional" requested information.

In particular, and with respect to the '078 Patent, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* '078 Pat. at 6:51-54 ("Precise control over… growth surface temperature gradients prevents the formation of polycrystalline diamond or twins such that a large single crystal diamond can be grown.").[3] In response to this litigation, Nouveau has also produced ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. That Plaintiffs do not like this evidence is understandable. However, their characterization of it as "self-serving" is simply wrong. The facts are not in dispute or disputable.

---

[2] Plaintiffs refer to process "recipes" that they allege exist. *See* Pls.' Ltr. at 2. Nouveau has ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. In addition, Nouveau has agreed to produce ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. There is no further information to produce.

[3] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ are attached as Ex. D. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

3

Dated: June 30, 2020                    */s/ Steven H. Sklar*
                                        Daniel P. Waxman (DW-0599)
                                        BRYAN CAVE LEIGHTON PAISNER LLP
                                        1290 Avenue of the Americas
                                        New York, NY 10104
                                        Telephone: (212) 541-2040
                                        Facsimile: (212) 541-4630
                                        dpwaxman@bryancave.com

                                        Steven H. Sklar (*pro hac vice*)
                                        Maxwell B. Snow (*pro hac vice*)
                                        LEYDIG, VOIT & MAYER, LTD.
                                        Two Prudential Plaza, Suite 4900
                                        180 North Stetson Avenue
                                        Chicago, IL 60601
                                        Telephone: (312) 616-5600
                                        Facsimile: (312) 616-5700
                                        ssklar@leydig.com
                                        msnow@leydig.com

                                        *Attorneys for Defendant*
                                        *Fenix Diamonds LLC*