```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON    :
et al.,                             :
                                    :
     Plaintiffs,                    :
                                    :     20-cv-200 (JSR)
        -v-                         :
                                    :     MEMORANDUM ORDER
FENIX DIAMONDS, LLC                 :
                                    :
     Defendant.                     :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court are two applications brought, respectively, by plaintiffs and by defendant Fenix Diamonds, LLC ("Fenix"), each seeking to compel production by the other. The Court has considered the parties' oral submissions on June 25, 2020, their letter briefs submitted thereafter, and the entire record, and rules as follows:

**Plaintiffs' application:** Plaintiffs seek to compel Fenix to produce documents in the possession of Nouveau Diamonds ("Nouveau"), an Indian company not party to this action. Plaintiffs argue that, during discovery, it has become clear that Fenix exercises control over Nouveau.

"[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). "Of course, . . . a party may not 'blow hot or

1

cold' and, having persuaded the court in discovery of its inability to produce such documents, later seek to use them to help its case at trial." Id. at 138 n.1.

To demonstrate Fenix's control over Nouveau, plaintiffs cite (1) Fenix's advertising statement that it "owns its own growing facility" -- i.e., Nouveau -- and (2) the fact that Nouveau has produced documents through Fenix's counsel that, plaintiffs contend, appear to have been hand-picked or newly created to advantage Fenix.  However, Fenix responds with sworn declarations attesting that Fenix does not own or control Nouveau.  E.g., Decl. of Naman Parikh, ECF No. 62-1 (filed under seal).  Fenix's counsel also represents that when it received documents from Nouveau and produced them to plaintiffs, Fenix was not permitted to review those documents.  Since plaintiffs have not rebutted this evidence and have not demonstrated that Fenix has the practical ability to access Nouveau's technical information, plaintiffs' application is denied.  However, this is without prejudice to further application relating to Nouveau if further information regarding Fenix's alleged control is disclosed during discovery.  (Also, it should be noted that plaintiffs have applied through the Hague Convention to obtain documents directly from Nouveau.)

**Fenix's application:**  Fenix seeks to compel plaintiffs to produce, by July 3, 2020, certain financial information

responsive to requests for production served on March 12, 2020. The Court addresses each category of requested information in turn, adopting the numbering from the parties' letter briefs.

(a) <u>Categories 1-3, concerning financial statements and sales, cost, and price data.</u>  Plaintiffs represent that they will produce documents responsive to these requests this week. Accordingly, the application as to these categories is denied as moot.

(b) <u>Categories 4 and 6 through 8, concerning documents related to business planning, market share, industry conditions, and marketing</u>.  Although plaintiffs respond that they "have never refused to produce any such information, and will produce any further information that is located," they also argue that they are now learning for the first time that the applicable production requests cover emails.  The Court has no doubt that emails are covered by defendant's requests.  <u>See</u> Ex. A to Fenix's letter brief, ECF No. 59-1. Accordingly, the Court grants the application with respect to Categories 4 and 6 through 8 and orders plaintiffs to produce to Fenix nonprivileged documents responsive to Fenix's requests for production that fall within these categories -- including emails -- by July 15, 2020.

(c) <u>Category 5, concerning "[r]esearch and development budgets and spending, and any investment return analyses,</u>

3

involving CVD Diamonds."  Plaintiffs contend that this information is irrelevant, citing this Court's prior order denying a motion to compel documents related to plaintiffs' manufacturing process because "the details of any such processes are not [relevant]."  See ECF No. 47.  But Fenix does not now seek details of such processes; rather, it seeks only <u>financial</u> information, which is relevant to the assessment of a reasonable royalty and other damages issues.  Accordingly, the application is granted with respect to Category 5.  Plaintiffs are ordered to produce to Fenix non-privileged documents responsive to Fenix's requests for production that fall within Category 5.

    (d) <u>Category 9, concerning license agreements</u>.  Plaintiffs respond that they have produced all licenses and drafts associated with the patents-in-suit, except that they are unable to find one license, despite "look[ing] high and low."  The Court orders plaintiffs to produce to Fenix, by July 8, 2020, sworn declaration(s) sufficient to show the process plaintiffs followed to attempt to locate the missing license.

    For the foregoing reasons, plaintiffs' application is denied and Fenix's application is granted in part and denied in part.

    SO ORDERED.

Dated:    New York, NY  
           July 1, 2020

                                                  United States District Judge