# EXHIBIT 25
# Redacted for Public Filing

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON,<br><br>M7D CORPORATION,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FENIX DIAMONDS LLC,<br><br>    *Defendant*. | Civil Action No. 1:20-cv-00200-JSR |

### PLAINTIFFS' RULE 26(A) DISCLOSURE
### TO DEFENDANT FENIX DIAMONDS LLC

Pursuant to Federal Rule of Civil Procedure 26(a), Plaintiffs Carnegie Institution of Washington and M7D Corporation (collectively, "Plaintiffs") provide the following Initial Disclosures.

These Initial Disclosures are based on information currently available and known to Plaintiffs following a reasonable and diligent investigation, without the benefit of discovery and without the benefit of direct access and inspection of Defendant's manufacturing processes and those of its suppliers and/or vendors. Plaintiffs reserve the right to supplement or revise these Initial Disclosures, including but not limited to, by later identifying additional individuals or entities who may have knowledge of relevant facts pursuant to further investigation or discovery conducted subsequent to the date of these Initial Disclosures. By making these disclosures, Plaintiffs do not represent that every individual identified herein necessarily possesses information that Plaintiffs will use to support their claims and defenses, nor that the individual possesses

relevant information. Nor do Plaintiffs represent that they are identifying every document, tangible thing, or witness that they may use to support their claims and defenses These Disclosures are made without any concession, agreement, admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability of particular information for any purpose, and without waiver of any attorney-client, work product, or other privilege or immunity.

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Plaintiffs may use to support their claims or defenses**

At this time, Plaintiffs believe that the following individuals potentially have knowledge of relevant facts:

| Name | Address and Telephone Number (as best known) | Subjects |
|---|---|---|
| Yarden Tsach | Contact through Plaintiffs' counsel | Plaintiffs' corporate information and financing; Assignment and licensing of the patents-in-suit |
| Clive Hill | Contact through Plaintiffs' counsel | Plaintiffs' corporate information and financing; Assignment and licensing of the patents-in-suit |
| Richard Meserve | Contact through Plaintiffs' counsel | Plaintiffs' corporate information and financing; Assignment and licensing of the patents-in-suit |
| Gary Kowalczyk | Contact through Plaintiffs' counsel | Assignment and licensing of the patents-in-suit; |
| Emily Williams | Contact through Plaintiffs' counsel | Plaintiffs' corporate information and financing; Assignment and licensing of the patents-in-suit |
| Michael Zukas | Contact through Plaintiffs' counsel | Plaintiffs' licensing policies, financing, and corporate structure |
| Erin Herrera | Los Angeles, CA | Infringement of the patents-in-suit by Defendant |

| | | |
|---|---|---|
| | | Defendant's manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; <br><br> Defendant's importation of CVD Diamonds into the United States; <br><br> third parties working on Defendant's behalf or at Defendant's direction in connection with the manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; <br><br> third parties working on Defendant's behalf or at Defendant's direction in connection with the importation of CVD Diamonds into the United States; <br><br> Defendant's conception, design, development, manufacture, modification, operation, use, and purchase of equipment used in the manufacture of CVD Diamonds; <br><br> equipment used by Defendant in the manufacture of CVD Diamonds, including equipment purchased from third parties; <br><br> equipment manufactured by Defendant for use in the manufacture of CVD Diamonds; <br><br> custom equipment used by Defendant in the manufacture of CVD Diamonds; <br><br> Defendant's sales, licensing, and revenue |
| Andrea Hansen | Seattle, WA | Infringement of the patents-in-suit by Defendant; <br><br> Defendant's manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; |

-3-

| | | |
|---|---|---|
| | | Defendant's importation of CVD Diamonds into the United States; |
| | | third parties working on Defendant's behalf or at Defendant's direction in connection with the manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; |
| | | third parties working on Defendant's behalf or at Defendant's direction in connection with the importation of CVD Diamonds into the United States; |
| | | Defendant's conception, design, development, manufacture, modification, operation, use, and purchase of equipment used in the manufacture of CVD Diamonds; |
| | | equipment used by Defendant in the manufacture of CVD Diamonds, including equipment purchased from third parties; |
| | | equipment manufactured by Defendant for use in the manufacture of CVD Diamonds; |
| | | custom equipment used by Defendant in the manufacture of CVD Diamonds; |
| | | Defendant's sales, licensing, and revenue |
| ▬ | Unknown | Infringement of the patents-in-suit by Defendant; |
| | | Defendant's manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; |
| | | Defendant's importation of CVD Diamonds into the United States; |

|  |  |  |
|---|---|---|
|  |  | third parties working on Defendant's behalf or at Defendant's direction in connection with the manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; third parties working on Defendant's behalf or at Defendant's direction in connection with the importation of CVD Diamonds into the United States; Defendant's conception, design, development, manufacture, modification, operation, use, and purchase of equipment used in the manufacture of CVD Diamonds; equipment used by Defendant in the manufacture of CVD Diamonds, including equipment purchased from third parties; equipment manufactured by Defendant for use in the manufacture of CVD Diamonds; custom equipment used by Defendant in the manufacture of CVD Diamonds; Defendant's sales, licensing, and revenue |
| ▇ | Unknown | Infringement of the patents-in-suit by Defendant; Defendant's manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; Defendant's importation of CVD Diamonds into the United States; third parties working on Defendant's behalf or at Defendant's direction in connection with the manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, |

|  |  |  |
|---|---|---|
|  |  | and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; third parties working on Defendant's behalf or at Defendant's direction in connection with the importation of CVD Diamonds into the United States; Defendant's conception, design, development, manufacture, modification, operation, use, and purchase of equipment used in the manufacture of CVD Diamonds; equipment used by Defendant in the manufacture of CVD Diamonds, including equipment purchased from third parties; equipment manufactured by Defendant for use in the manufacture of CVD Diamonds; custom equipment used by Defendant in the manufacture of CVD Diamonds; Defendant's sales, licensing, and revenue |
|  | Unknown | Infringement of the patents-in-suit by Defendant; Defendant's manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; Defendant's importation of CVD Diamonds into the United States; third parties working on Defendant's behalf or at Defendant's direction in connection with the manufacture; preparation; advertising, marketing, and promotion; distribution; strategy, decision, and rationale for developing and marketing; uses; and offers to sell CVD Diamonds within the United States; |

|  |  | third parties working on Defendant's behalf or at Defendant's direction in connection with the importation of CVD Diamonds into the United States; Defendant's conception, design, development, manufacture, modification, operation, use, and purchase of equipment used in the manufacture of CVD Diamonds; equipment used by Defendant in the manufacture of CVD Diamonds, including equipment purchased from third parties; equipment manufactured by Defendant for use in the manufacture of CVD Diamonds; custom equipment used by Defendant in the manufacture of CVD Diamonds; Defendant's sales, licensing, and revenue |
|---|---|---|
| Russell J. Hemley | Contact through Plaintiffs' counsel | Inventions claimed in the patents-in-suit; Conception and reduction to practice of inventions claimed in the patents-in-suit |
| Ho-kwang Mao | China | Inventions claimed in the patents-in-suit; Conception and reduction to practice of inventions claimed in the patents-in-suit |
| Chih-shiue Yan | Taiwan | Inventions claimed in the patents-in-suit; Conception and reduction to practice of inventions claimed in the patents-in-suit |
| Yogesh K. Vohra | Alabama | Inventions claimed in the patents-in-suit; Conception and reduction to practice of inventions claimed in the patents-in-suit; |

| Wei Li | Netherlands | Inventions claimed in the patents-in-suit; Conception and reduction to practice of inventions claimed in the patents-in-suit |
|---|---|---|

In addition to the individuals identified above, Plaintiffs identify: (1) all witnesses designated in the initial disclosures of Defendant; (2) any and all persons listed or identified in any deposition, answer to an interrogatory, response to a request for admission, and any and all subpoenas or discovery in this action; (3) other witnesses upon reasonable notice to the parties; and (4) any and all witnesses necessary for rebuttal purposes. Plaintiffs' designation of a witness on a given topic is not intended to and does not waive their right hereafter to move to exclude any evidence or testimony on that topic and shall not be construed as an agreement to, or an adoption of, the witness's testimony. In addition, Plaintiffs reserve the right to change the scope of expected or possible testimony of all witnesses as discovery progresses and as the issues for trial become defined.

**B.   A description by category and location of all documents, electronically stored information, and tangible things that Plaintiffs have in their possession, custody, or control and may use to support their claims or defenses**

Categories of documents, data compilations, and tangible things that are within Plaintiffs' possession, custody, or control, that Plaintiffs may use to support their claims or defenses, include the following:

1. U.S. Patent Nos. 6,858,078 and RE41,189 (the "Patents-in-Suit").

2. Documents relating to the Patents-in-Suit, including but not limited to, their file histories, documents related to their conception and reduction to practice, and documents related to Plaintiffs' ownership of and license to the Patents-in-Suit.

3. Documents relating to Defendant's notice of the Patents-in-Suit.

4. Licenses and non-privileged communications concerning licensing of the Patents-in-Suit.

These documents will be located at Perkins Coie, 700 13th St NW, Washington, DC 20005 as they become available. Additional documents and things relevant to this proceeding are in the possession of Defendant. Because discovery is not complete in this matter, Plaintiffs may discover additional documents that support their claims. Plaintiffs reserve all rights to disclose and use whatever additional evidence comes to their attention as discovery and their investigation in connection with this action continue. Plaintiffs preserve all privileges in providing this disclosure.

**C.      A computation of each category of damages claimed by Plaintiffs**

The amount of damages, attorneys' fees, expert fees, costs, and expenses, or other relief that may be awarded to any party to this case by the Court is to be determined. Plaintiffs anticipate that they will claim damages in the form of (1) compensatory damages as a result of Defendant's infringement of one or more claims of the Patents-in-Suit, together with interest and costs, consistent with lost profits and in no event less than a reasonable royalty; (2) treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of one or more claims of the Patents-in-Suit; and (3) expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure. Because this case is in the preliminary stages, Plaintiffs are unable to provide an exact computation of these damages at this time but will do so once all of the necessary information becomes known. Plaintiffs reserve the right to introduce evidence to support their damages calculations, including—but not limited to—the submission of expert reports.

**D.     Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

Plaintiffs are not aware at this time of any applicable insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

April 6, 2020                        **PERKINS COIE LLP**

By: */s/ Matthew J. Moffa*
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, NY  10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
e-mail:  MMoffa@PerkinsCoie.com

Terrence J. Wikberg (*admitted pro hac vice*)
PERKINS COIE LLP
607 14th Street, NW
Washington, DC  20005
Telephone (202) 434-1649
Fax: (202) 654-9149
e-mail:  TWikberg@PerkinsCoie.com

*Counsel for Plaintiffs Carnegie Institution of Washington and M7D Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, I caused to be served copies of the foregoing PLAINTIFFS' RULE 26(A) DISCLOSURE TO DEFENDANT FENIX DIAMONDS LLC on the following counsel via email:

Steven Sklar
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601
ssklar@leydig.com

Max Snow
Leydig, Voit & Mayer, Ltd.
Liebigstrasse 51
60323 Frankfurt am Main, Germany
msnow@leydig.com

Daniel Waxman
Bryan, Cave, Leighton, Paisner LLP
1290 Avenue of the Americas
New York, NY 10104
dpwaxman@bclplaw.com

Dated:  April 6, 2020

By: */s/ Matthew J. Moffa*
Terrence J. Wikberg (*admitted pro hac vice*)
PERKINS COIE LLP

*Counsel for Plaintiffs*
*Carnegie Institution of Washington and M7D Corporation*