# EXHIBIT 26
# Redacted for Public Filing

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON, <br><br> M7D CORRPORATION <br><br>    Plaintiffs, <br><br>    v. <br><br> FENIX DIAMONDS LLC, <br><br>    Defendant. | Civil Action No. 1:20-cv-00200-JSR |

**DEFENDAN'TS INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)**

Defendant Fenix Diamonds LLC ("Fenix") makes the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to Plaintiffs Carnegie Institution of Washington and M7D Corporation (collectively, "Plaintiffs").

These disclosures are based on counsel for Fenix's investigations to date. Fenix expressly reserves the right to supplement these disclosures as permitted or contemplated by the Federal Rules of Civil Procedure. These disclosures are made without prejudice or waiver of any right to present any evidence or witness at trial, object to any witnesses or the admissibility of any evidence, and/or take discovery in accordance with the Federal Rules of Civil Procedure. Further, Fenix provides these disclosures without waiving any claim of attorney-client privilege, the attorney work product exemption and/or any other privilege, immunity, or exemption.

**I.      INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1)**

These initial disclosures are organized to correspond to the general categories set forth in Rule 26(a)(1). All of the disclosures set forth below are made subject to the above qualifications.

1

A.     Individuals (Fed. R. Civ. P. 26(a)(1)(A)(i))

The following individuals are currently known to be likely to have discoverable information that Fenix may use to support its claims or defenses.

| Individual | Information |
|---|---|
| Amit Mehta<br>Secretary/Treasurer<br>Fenix Diamonds LLC | Subjects of information may include, *inter alia*, sales and marketing of Fenix. Amit Mehta is to be contacted through counsel of record for Fenix. |
| Naman Parikh<br>Manager<br>Fenix Diamonds LLC | Subjects of information may include, *inter alia*, sales, marketing, and business operations of Fenix. Naman Parikh is to be contacted through counsel of record for Fenix. |
| ████████<br>Director<br>Nouveau Diamonds LLP<br>Sachin Surat, India | Subjects of information may include, *inter alia*, manufacture of laboratory-grown diamonds.<br>████████ |
| ████████<br>Partner<br>Bhathwari Technologies<br>Sachin Surat, India | Subjects of information may include, *inter alia*, manufacture of laboratory-grown diamonds.<br>████████ |
| Robert H. Frushour<br>Phoenix Crrstal Corporation,<br>Phoenix Sound Systems<br>Detroit, MI | Robert H. Frushour is a named inventor on U.S. Patent No. 6,811,610 ("the '610 patent"). Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '610 patent; the research and development of the subject matter disclosed and claimed in the '610 patent; the preparation and prosecution before the USPTO of the application from which the '610 patent issued; prior art; and related subject matter. |

| | |
|---|---|
| Wei Li<br>ABC Diamond Tools<br>Ann Arbor, MI | Wei Li is a named inventor on the '610 patent and U.S. Reissued Patent No. RE41,189 ("the '189 patent"). Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '610 and '189 patents; the research and development of the subject matter disclosed and claimed in the '610 and '189 patents; the preparation and prosecution before the USPTO of the application from which the '610 and '189 patents issued; prior art; and related subject matter. |
| Russell J. Hemley<br>University of Illinois at Chicago<br>Chicago, IL | Russell J. Hemley is a named inventor on U.S. Patent No. 6,858,078 ("the '078 patent") and the '189 patent. Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '078 and '189 patents; the research and development of the subject matter disclosed and claimed in the '078 and '189 patents; the preparation and prosecution before the USPTO of the application from which the '078 and '189 patents issued; prior art; and related subject matter. |
| Ho-kwang Mao<br>Carnegie Institution for Science<br>Washington, DC | Ho-kwang Mao is a named inventor on the '078 and '189 patenst. Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '078 and '189 patents; the research and development of the subject matter disclosed and claimed in the '078 and '189 patents; the preparation and prosecution before the USPTO of the application from which the '078 and '189 patents issued; prior art; and related subject matter. |
| Chih-shiue Yan<br>(location unknown at present) | Chih-shiue Yan is a named inventor on the '078 and '189 patents. Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '078 and '189 patents; the research and development of the subject matter disclosed and claimed in the '078 and '189 patents; the preparation and prosecution before the USPTO of the application from which the '078 and '189 patents issued; prior art; and related subject matter. |
| Yogesh K. Vohra<br>University of Alabama at Birmingham<br>Birmingham, Alabama | Yogesh K. Vohra is a named inventor on the '078 patent. Subjects of information may include, *inter alia*, the conception and reduction to practice of the subject matter claimed in the '078 patent; the research and development of the subject matter disclosed and claimed in the '078 patent; the preparation and prosecution before the USPTO of the application from which the '078 patent issued; prior art; and related subject matter. |

| | |
|---|---|
| Donald L. Monin, Jr.<br>SPIG Industry<br>Bristol, VA | Mr. Monin is a patent agent who participated in the prosecution of the application from which the '078 patent issued. Subjects of information may include, *inter alia*, the preparation and prosecution before the USPTO of the application from which the '078 patent; prior art; and related subject matter. |
| William M. Hanlon, Jr.<br>(location unknown at present) | Mr. Hanlon participated in the prosecution of the application from which the '610 patent issued. Subjects of information may include, *inter alia*, the preparation and prosecution before the USPTO of the application from which the '610 patent; prior art; and related subject matter. |
| James M. Singer<br>Fox Rothschild LLP<br>Pittsburgh, PA | Mr. Singer is an attorney who participated in the prosecution of the application from which the '610 patent issued. Subjects of information may include, *inter alia*, the preparation and prosecution before the USPTO of the application from which the '610 patent; prior art; and related subject matter. |
| Paul N. Kokulis<br>Washington, DC | Mr. Kokulis is an attorney who participated in the prosecution of the application from which the '189 patent issued. Subjects of information may include, *inter alia*, the preparation and prosecution before the USPTO of the application from which the '189 patent; prior art; and related subject matter. |
| Sue Rechner<br>Chief Executive Officer<br>M7D Corporation | Subjects of information may include, *inter alia*, sales, marketing, and business operations of M7D; license agreements regarding '078 and '189 patents; damages to M7D for alleged infringement by Fenix; pre-suit investigation by Fenix; and related subject matter. |

Fenix reserves the right to depose and/or call at trial any and all fact witnesses revealed during further investigation or discovery that have relevant information regarding this lawsuit. Fenix also incorporates by reference the names of any and all persons disclosed by Plaintiffs during their disclosures, answers to interrogatories, responses to requests for production or for admission, deposition testimony, pleadings, or otherwise.

**B.     Relevant Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The following are documents or categories of documents, data compilations, and tangible things that may be relevant to the disputed facts in the pleadings:

1.     Documents relating to the manufacture of laboratory-grown diamonds that are sold by Fenix in the United States. These documents may be present in electronic and/or physical form at Fenix's place of business in the United States and/or at the office of counsel for Fenix.

2.     Documents relating to the sales, marketing, and promotion of laboratory-grown diamonds by Fenix in the United States. These documents may be present in electronic and/or physical form at Fenix's place of business in the United States and/or at the office of counsel for Fenix.

3.     Documents produced, relied on, or submitted by any party to the present litigation, including prior art to the '078 and '189 patents. These documents may be present in electronic and/or physical form at Fenix's place of business in the United States and/or at the office of counsel for Fenix.

4.     All documents and things relating to the alleged invention of the subject matter described and/or claimed in the '078 patent and the '189 patent. These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

5.     All documents and things relating to the pre-suit investigation by Carnegie Institution of Washington and/or M7D Corporation regarding the alleged infringement of the '078 patent and '189 patent by Fenix. The documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

6.     All documents relating to the preparation, filing, prosecution, issuance, and reissuance, if applicable, of the '078 patent and '189 patent, and the applications leading thereto.

These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

7. All documents relating to the prior art to the '078 patent and '189 patent. These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

8. All documents, things and/or information produced, relied on or submitted in any prior or pending litigation involving any of the '078 patent and '189 patent and/or their related applications. These documents may be located at one or more of Plaintiffs' place of business in the United States and/or at the offices of counsel for Plaintiffs.

9. All pleadings, filings, discovery, transcripts, communications, settlement documents, expert reports, licenses and other information relating to any litigation or USPTO proceeding (whether prior or pending) involving any of the '078 patent, the '189 patent, and/or their related applications. These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

10. Any licenses related to any of the '078 patent and the '189 patent, and/or their related applications. Such licenses include, but are not limited, the license agreement between Carnegie Institution of Washington and M7D Corporation (referred to in the Amended Complaint (Dkt. 16 at ¶6)) and the Assignment and Non-Exclusive License Agreement between Carnegie Institution of Washington and Diamond Innovations, Inc. (identified in the Confirmation of Assignment executed September 4, 2008 recorded with the U.S. Patent and Trademark Office at Reel 22043, Frame 0168)). These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

11. All documents and things related to forecasts, sales and marketing relating to Plaintiffs' laboratory-grown diamonds. These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

12. All documents and things relating to the processes used to manufacture laboratory-grown diamonds by or on behalf of Carnegie Institution of Washington and/or M7D Corporation including, but not limited to, the processes methods described and/or claimed in the '078 patent and the '189 patent.

13. All documents and things relating to the preparation, filing, prosecution, and issuance of the '610 patent, U.S. Patent No. 7,115,241, U.S. Patent No. 7,235,130, U.S. Patent No. 7,452,420, and the applications leading thereto, and U.S. Patent Application No. 12/253,287, U.S. Patent Application No. 11/802,425, and U.S. Patent Application No. 10/889,171. These documents may be located at one or more of Plaintiffs' places of business in the United States and/or at the offices of counsel for Plaintiffs.

Fenix reserves the right to identify additional documents, data compilations, and tangible things in the possession, custody or control of Fenix, Plaintiffs, or any third party that are uncovered during the course of its investigation and discovery.

C. **Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Fenix seeks an award of its expenses related to defending the present action from Plaintiffs, jointly and severally, under at least 35 U.S.C. § 285. These expenses include attorneys' fees, costs (including any expert witness fees), and associated interest. Fenix will make available for inspection and copying, at the appropriate time, documents and/or computations (with supporting

documents) concerning its claim for attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this litigation

### D.      Insurance Agreement (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Fenix is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The listing of the foregoing individuals, subjects of information, and categories and locations of documents and things is not a waiver of any objections to the disclosure of material or information, including without limitation: objections to the disclosure of material or information which is protected from disclosure by the attorney-client privilege, the attorney work product exemption and/or any other privilege, immunity, or exemption; the lack of relevance or lack of responsiveness to particular discovery requests; objections based on the fact that the production of documents would be unreasonably cumulative or duplicative or is more easily obtained from some other source that is more convenient, less burdensome, or less expensive, or that the burden or expense of the proposed discovery outweighs its probative value.

Dated: April 6, 2020

                                          */s/ Steven H. Sklar*
                                          Daniel P. Waxman (DW-0599)
                                          BRYAN CAVE LLP
                                          1290 Avenue of the Americas
                                          New York, NY 10104
                                          Tel.: (212) 541-2040
                                          Fax: (212) 541-1339
                                          dpwaxman@bryancave.com

                                          Steven H. Sklar (admitted *pro hac vice*)
                                          Max B. Snow (admitted *pro hac vice*)
                                          LEYDIG, VOIT & MAYER, LTD.
                                          Two Prudential Plaza
                                          180 N. Stetson Ave., Suite 4900
                                          Chicago, IL 60601-6745
                                          (312) 616-5600
                                          ssklar@leydig.com
                                          msnow@leydig.com

                                          *Counsel for Defendant, Fenix Diamonds LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2020, true and correct copies of the foregoing document were caused to be served on the following counsel of record via electronic mail:

| | |
|---|---|
| Matthew J. Moffa<br>PERKINS COIE LLP<br>115 Avenue of the Americas<br>22nd Floor<br>New York, NY 10036-2711<br>Email: MMoffa@PerkinsCoie.com<br>Direct: 212.261.6857 | Terrence J. Wikberg<br>PERKINS COIE LLP<br>607 14th Street, NW<br>Washington, DC 2005<br>New York, NY 10036-2711<br>Email: TWikberg@PerkinsCoie.com<br>Direct: 202.654.9149 |

*Counsel for Plaintiffs, Carnegie Institution of Washington and M7D Corporation*

/s/ Steven H. Sklar
Daniel P. Waxman (DW-0599)
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
Tel.: (212) 541-2040
Fax: (212) 541-1339
dpwaxman@bryancave.com

Steven H. Sklar (admitted *pro hac vice*)
Max B. Snow (admitted *pro hac vice*)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, IL 60601-6745
(312) 616-5600
ssklar@leydig.com
msnow@leydig.com

*Counsel for Defendant, Fenix Diamonds LLC*