Leydig

**PUBLIC VERSION**

January 12, 2021

*via ECF*
Honorable Jed S. Rakoff, U.S.D.J.

**Re: *Carnegie et al. v. Fenix* (Case No. 20-cv-200-JSR)**

Dear Judge Rakoff:

In response to the Court's Order on January 10, 2021, Defendant Fenix Diamonds, LLC ("Fenix") submits the official transcript (Exhibit A) and a certified translation thereof (Exhibit B) of the deposition of Mr. Chirag Limbasiya of Nouveau Diamonds LLP ("Nouveau") in support of Fenix's pending motion for summary judgment. As discussed below, Mr. Limbasiya's testimony establishes that evidence relied on by Fenix in support of its motion is admissible at trial and, therefore, proper for the Court to consider.

The deposition of Mr. Limbasiya was taken by Plaintiffs' Indian counsel on November 2–6, 2020, in [REDACTED] India pursuant to Plaintiffs' Hague Convention Request. The official transcript (in [REDACTED] and certified translation thereof are attached at Exhibits A and B, respectively.[1] The transcript was prepared by the Indian district court and includes the signature of the Indian District Judge as well as the Indian Court's seal (on each page). Ex. A at 1–34; Ex. B at 1–28 (lower left); 5:2, 10:12, 16:7, *et seq*. The transcript was certified by the Registrar of the Indian Court. Ex. B at 28.

Mr. Limbasiya is a partner at Nouveau. Ex. B at 15:1–2. Nouveau manufactures diamonds that are supplied to Fenix. Pls.' Statement of Material Facts ("Pls.' SOF"), Dkt. 110, at ¶ 30. Mr. Limbasiya gave his testimony under oath. Ex. B at 1:3, 1:11, 6:6, 11:5, 17:6, 25:5. Mr. Limbasiya is intimately familiar with Nouveau's manufacturing processes. Ex. B at 8:9–17, 9:20–10:2, 11:20–21, 15:1–2. At the conclusion of the deposition, Mr. Limbasiya confirmed that his testimony was accurate. Ex. B at 27:6–7.

Nouveau's manufacturing process produces [REDACTED] polycrystalline growth, an outcome which the '078 patent disparages, disclaims, and purports to overcome. Fenix's Statement of Material Facts ("Fenix's SOF"), Dkt. 98, at ¶¶ 48–52. To establish this fact, and in support of its motion for summary judgment, Fenix relied upon a notarized joint affidavit ("the Nouveau Affidavit", Dkt. 99-5) signed by Mr. Chirag Limbasiya. The Nouveau Affidavit appends and describes [REDACTED] photographs, which appear throughout Fenix's briefs at locations identified below.

Plaintiffs do not seriously contend that Nouveau's process results in insubstantial non-monocrystalline growth. *See* Pls.' Mem. Opp'n Def.'s M. Summ. J. ("Pls.' Opp'n Br."), Dkt. 108, at 6. Rather, Plaintiffs alleged that the Nouveau Affidavit had not been authenticated and is

[1] Page and line numbers were added to Exhibit B for ease of reference. Exhibit B has also been highlighted to direct the Court to relevant portions of Mr. Limbasiya's testimony.

inadmissible for being hearsay and jointly subscribed. *See, e.g.*, Pls.' Resp. to Fenix's SOF, Dkt. 112, at ¶¶ 31, 42, 43, 46, *et seq.*; Pls.' Opp'n Br., at 13 ("At minimum, the evidence [produced by Nouveau] is not capable of becoming admissible under [FRE] 901 and cannot be considered for this motion. Fenix has identified no witness from Nouveau who can authenticate this evidence for trial.").[2]

The testimony of Mr. Limbasiya resolves Plaintiffs' evidentiary objections to the Nouveau Affidavit.[3] In the following passages, Mr. Limbasiya testified that the Nouveau Affidavit is true and authentic. Mr. Limbasiya also personally adopts the Nouveau Affidavit as an accurate and complete description[4] of Nouveau's manufacturing process based upon his personal knowledge, thus resolving Plaintiffs' concerns about joint subscription.

- "In my affidavit containing pages from N.V. 000958 to N.V. 000977 filed in [the] New York Court, I have outlined the whole process of diamond growing [REDACTED]." Ex. B at 17:11–12.
- The Nouveau Affidavit "bears my signature," and "describes the entire process of producing the diamonds in my firm." Ex. B at 9:18–21.
- "I am shown the signature on every page of this affidavit, and on seeing it, I state that it is my signature only." Ex. B at 17:21–18:2.
- "Our firm [Nouveau] does not have any manufacturing recipe in writing, whatever manufacturing recipe we have has been shown by me in my affidavit." Ex. B at 11:20–21.

Mr. Limbasiya authenticated the [REDACTED] photographs Nouveau produced in this litigation, including those appended to the Nouveau Affidavit, e.g., NV967/View 6 and NV971/NV3/View 10 (Fenix's SOF, Dkt. 98, ¶ 50 (cited by Fenix's Mem. Supp. M. Summ. J., Dkt. 97, at 1, 6, 7; cited by Fenix's Reply Supp. M. Summ. J., Dkt. 120, at 6[5])), and testified that they accurately represent typical diamonds produced by Nouveau.

- "In my affidavit filed in the New York Court, I am shown the figure from 'View 6' on page N.V. 000967, and looking at it, I can say that those are the diamond [REDACTED] made in our firm. This is how diamond [REDACTED] are usually prepared in our firm. The other

---

[2] Fenix has always listed Mr. Limbasiya as a Rule 26(a) trial witness. It is appropriate to rely on his deposition for the purpose of summary judgment. Fed. R. Civ. P. 56(c)(1)(A).

[3] The Federal Rules of Civil Procedure authorize admission of summary transcripts obtained through Hague proceedings. Fed. R. Civ. P. 28(b)(4) ("Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript.").

[4] Mr. Limbasiya also authenticated Nouveau's [REDACTED] which was produced to Plaintiffs. Ex. B at 9:9–13 ("I had sent our [REDACTED] to be presented in the New York Court. … The [REDACTED] which I had sent to the New York Court is authentic. It is true that the [REDACTED] which I had sent demonstrates the method of producing diamonds at our place."); Fenix's Resp. Pls.' SOF, Dkt. 123, at ¶ 83.

[5] Mislabeled in Fenix's Reply Brief as NV967/Affidavit View 10. The correct label is NV971/Affidavit View 10.

diamond produced in our firm are similar to the as depicted in this figure." Ex. B at 17:14–18.

- "I am shown the figure of 'View 10' on the page number N.V[.] 000971 in my affidavit, and looking at it, I can say that those are the of our grown diamonds. The normal diamond grown by our firm are the same compared with this figure." Ex. B at 17:18–21.
- "I am shown documents . . . N.V. No. 971 from the documents presented in the New York Court, all of which are of our grown diamonds. The photographs shown in the above documents were taken this year and were taken under my supervision. The diamonds depicted in these photographs, when compared with the diamonds normally grown in our generation, are the same. These photographs correctly and accurately depict the diamonds of our firm." Ex. B at 19:6–15.[6]
- "In all the videos and photographs prepared in our firm and presented in the course of this lawsuit in the New York court, it has not been the case wherein it is not recorded in the manner in which we normally process in our production facility." Ex. B at 8:14–17.

Mr. Limbasiya's deposition testimony establishes the admissibility of the evidence Fenix cited in its summary judgment motion and independently confirms that Nouveau's diamonds include non-monocrystalline growth. Ex. B at 19:1–2; 12:18–19; 19:15–18. For example, Mr. Limbasiya testified that polycrystalline growth . Ex. B at 19:11-18.

Under Federal Circuit law, Plaintiffs must cite admissible evidence that Nouveau practices every element of the asserted claims to survive summary judgment, even as the non-moving party. *Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1308–09 (Fed. Cir. 2006) (holding that a defendant moving for summary judgment satisfies its burden by simply pointing to the absence of evidence that the defendant practices a claim element; the moving defendant need not cite affirmative evidence of non-infringement). Fenix does not have to prove non-infringement.

The only evidence Plaintiffs offer that Nouveau's diamonds exhibit "insubstantial non-monocrystalline growth," as required by every asserted claim, is a "rocking curve analysis" of a cut and polished gem (Pls.' Opp'n Br., at 7) sold by Fenix that was carefully extracted from Nouveau's diamond through Because the asserted claims address what is "grow[n]… on the growth surface," not what can be through post-processing, Plaintiffs' sole evidence on this feature is irrelevant to the question of infringement. Therefore, *Exigent Technology* would compel summary judgment even in the absence of Mr. Limbasiya's testimony.

---

[6] Mr. Limbasiya authenticates multiple other as-grown photographs, including NV1344 (cited in Fenix's SOF, at ¶ 70; shown in Ex. 6 to Fenix's SOF, Dkt. 100, at pp.44–45), as being similarly representative of Nouveau's standard output. Ex. B at 19:6–10; 23:8–11.

        Respectfully submitted,

        LEYDIG, VOIT & MAYER, LTD.

        By:  /Steven H. Sklar/
            /David M. Airan/
            /Maxwell B. Snow/

cc: Counsel of record (via ECF)