IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX DIAMONDS LLC, <br><br> Defendant. | Civil Action No. 1:20-cv-00200-JSR |

**FENIX'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS**

**PUBLIC VERSION**

## TABLE OF CONTENTS

**Cases**

*ABS Glob., Inc. v. Cytonome/ST, LLC*,
   984 F.3d 1017 (Fed. Cir. 2021) ................................................................................................ 3

*ArcelorMittal v. AK Steel Corp.*,
   856 F.3d 1365 (Fed. Cir. 2017) ................................................................................................ 2

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
   508 U.S. 83 (1993)................................................................................................................ 1, 3

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980).................................................................................................................... 8

*Dow Jones & Co. v. Ablaise Ltd.*,
   606 F.3d 1338 (Fed. Cir. 2010) ................................................................................................ 2

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005) ............................................................................................ 2, 3

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
   58 F.3d 616 (Fed. Cir. 1995) .................................................................................................... 5

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) .................................................................................................. 2

*WundaFormer, LLC v. Flex Studios, Inc.*,
   No. 15-CV-4802 (JSR), 2015 WL 7181249 (S.D.N.Y. Nov. 10, 2015),
   *rev'd and remanded*, 680 F. App'x 925 (Fed. Cir. 2017).................................................. 1, 2, 3, 4

*Yu v. Apple Inc.*,
   1 F.4th 1040 (Fed. Cir. 2021) ................................................................................................... 6

**Statutes**

35 U.S.C. § 101 ................................................................................................................ 5, 6, 7, 8

35 U.S.C. § 112 ........................................................................................................................... 7

**TABLE OF AUTHORITIES**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. The Court Has Subject Matter Jurisdiction over Fenix's Declaratory Judgment Counterclaim Despite Plaintiffs' Belated Conditional Covenant ............................1

    B. Fenix's Invalidity Counterclaims Should Proceed to Trial.....................................5

        1. Plaintiffs Have Refused to State Whether They Will Appeal..................... 5

        2. The Section 101 Order Confirms that Validity Questions Should Be Resolved Now ............................................................................................ 5

        3. Plaintiffs' Conduct Confirms that a Prompt Judicial Determination Is Necessary .................................................................................................... 6

III. CONCLUSION....................................................................................................................8

**I.     INTRODUCTION**

The covenant not to sue, issued by Plaintiffs Carnegie Institution of Washington ("Carnegie") and M7D Corporation ("M7D") (collectively, "Plaintiffs"), does not divest this Court's subject matter jurisdiction over Defendant Fenix Diamonds, LLC's ("Fenix") counterclaim of invalidity of U.S. Patent No. 6,858,078 ("the '078 patent"). Plaintiffs' covenant comes after the Court's summary judgment of non-infringement, adds nothing to the judgment, and is conditional upon the judgment in any event.

As a matter of discretion, the Court should try the remaining validity issues. Even after the *Markman* order effectively ended Plaintiffs' infringement claim, they continued to inform Fenix's customers that CVD diamonds cannot be made without infringing the '078 patent. Therefore, and notwithstanding the Court's judgment of non-infringement, Plaintiffs have cast a shadow over the entire lab-grown diamond industry which cannot be dispelled until the defective '078 patent has been declared invalid. As recognized by the Supreme Court, "of the two questions, validity has the greater public importance." *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993) (internal quotation marks omitted). Therefore, the Court should deny Plaintiffs' motion to dismiss and proceed with the already-scheduled trial.

**II.    ARGUMENT**

    **A.     The Court Has Subject Matter Jurisdiction over Fenix's Declaratory Judgment Counterclaim Despite Plaintiffs' Belated Conditional Covenant**

Plaintiffs argue that their conditional covenant not to sue, provided *after* the Court's summary judgment order, divests the Court of continuing subject matter jurisdiction. ECF No. 135 at 11. This argument ignores controlling Federal Circuit precedent and misreads this Court's decision in *WundaFormer, LLC v. Flex Studios, Inc.*, No. 15-CV-4802 (JSR), 2015 WL 7181249, at *2 (S.D.N.Y. Nov. 10, 2015) (Rakoff, J.), *rev'd and remanded*, 680 F. App'x 925 (Fed. Cir. 2017).

A "patentee 'bears the formidable burden of showing'" that a "covenant enforceably extinguished any real controversy between the parties related to infringement of the [asserted patent]." *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017). Plaintiffs cannot meet that burden because "[a]t no time before the court entered summary judgment did [Plaintiff] *unconditionally* assure Defendants and their customers that it would never assert [the patents in suit] against them." *Id*.

Plaintiffs' covenant is only valid "[a]s long as the Court's current constructions … remain the law." ECF No. 136-2 at 2. As the Court recognized in *WundaFormer*, Plaintiffs' conditional covenant not to sue does not divest the Court of subject matter jurisdiction over Fenix's invalidity counterclaim. 2015 WL 7181249, at *1 ("[T]he *Dow Jones* [*& Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010)] court emphasized that the covenant at issue there 'extinguished any current *or future* case or controversy between the parties'—something plaintiff's covenant here does not do.").

Furthermore, a covenant not to sue issued after a decision of non-infringement, as occurred here, comes too late to divest a court's subject matter jurisdiction over pending invalidity counterclaims:

> In *Super Sack* [*Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995)] and its progeny, the patentee's covenant not to sue was filed prior to consideration or resolution of the underlying infringement claim. In such circumstances, the promise not to sue obviated any reasonable apprehension that the declaratory judgment plaintiff might have of being held liable for its acts of infringement. Here, however, the Post-Verdict Covenant had no effect on Fort James's claim for infringement, because that controversy had already been resolved by the jury's verdict.

*Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348 (Fed. Cir. 2005) (internal citations omitted). The holding in *Fort James* applies to summary judgment decisions in addition to jury verdicts. *ArcelorMittal,* 856 F.3d at 1370. Put simply, counterclaims questioning the validity or

2

enforceability of a patent "are not disposed of by a *decision* of non-infringement." *Fort James*, 412 F.3d at 1348 (citing *Cardinal Chem.*, 508 U.S. at 96) (emphasis added)).

Plaintiffs incorrectly argue that the district court in *Fort James* maintained subject matter jurisdiction over the defendant's declaratory judgment claim because it was for unenforceability: "[T]he defendant's counterclaims [in *Fort James*] were 'not disposed of by a decision of non-infringement' … because a finding of inequitable conduct, as the defendant's counterclaim alleged, would have rendered the patent unenforceable ***whether or not*** the jury's findings on non-infringement were reversed on appeal." ECF No. 135 at 13–14. This argument distorts the reasoning in *Fort James*, which held that "a counterclaim questioning *the validity or enforceability of a patent* raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." 412 F.3d at 1348 (emphasis added). Thus, the decision in *Fort James* did not hinge on the counterclaim being one for unenforceability. Contrary to Plaintiffs' suggestion, invalidity can serve as "alternative grounds" for upholding the Court's judgment, regardless of whether those invalidity theories rest upon the claim constructions underpinning the Court's noninfringement decision. Indeed, Plaintiffs ignore the express statement to that effect in *ABS Glob., Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017 (Fed. Cir. 2021), which they cite in support of their incorrect argument. ECF No. 135 at 13. In *ABS*, the Federal Circuit explained, "we view *Fort James* as a straightforward application of *Cardinal Chemical*[, which] affirmed the unremarkable proposition that a court's decision to rely on one of two possible alternative grounds (noninfringement rather than invalidity) did not strip it of *power* to decide the second question." 984 F.3d at 1026 (internal quotation marks omitted).

Plaintiffs also cite (ECF No. 135 at 12) this Court's *WundaFormer* opinion in support of their subject matter jurisdiction argument, but the covenant in that case issued within twenty days

3

of the Court's claim construction ruling and *prior to* any judicial decision of non-infringement. 2015 WL 7181249, at *1–2. In contrast to the patentee in *WundaFormer*, Plaintiffs continued to argue that Fenix was liable for infringement *after* the Court's claim construction ruling precluded infringement. Thus, *WundaFormer* does not support Plaintiffs' argument. In contrast to the patentee in *WundaFormer*, Plaintiffs here continued to argue that Fenix was liable for infringement *after* the Court's claim construction ruling precluded infringement.

Plaintiffs knew that the process used to make Fenix's diamonds could not infringe the '078 patent as soon as the ink was dry on the *Markman* order. As recognized by the Court, Plaintiffs' summary judgment opposition was essentially a "disguised motion-for-reconsideration" of the Court's claim construction. ECF No. 133, 6/16/2021 Summ. J. Op. & Order at 19. Plaintiffs nonetheless refused to accept the inevitable. They instituted new fact discovery and insisted on far-reaching fact depositions. They then proceeded to exhaustive expert discovery, involving numerous rounds of reports, and expert depositions addressing complex topics such as plasma mechanics. And they insisted on completing summary judgment briefing and associated argument. Plaintiffs then waited until after the Court had already decided the question (in a thorough opinion) to finally concede what they should have conceded all along: Fenix does not infringe the '078 patent.

In (perhaps) an attempt to justify their late action, Plaintiffs spin the covenant as something that "is broader than the relief that Fenix attained in summary judgment." ECF No. 135 at 11. Not so. The Court's order determined that processes Nouveau Diamonds LLP ("Nouveau") employs to grow Fenix's diamonds do not infringe the '078 patent. Thus, regardless of their covenant, Plaintiffs cannot claim that any party, including Fenix, Fenix's direct or indirect subsidiaries, or any other Fenix supplier, distributor, customer, or partner, or any of their successors and assigns,

4

infringes the '078 patent by virtue of diamonds made by Nouveau. *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995).

### B.      Fenix's Invalidity Counterclaims Should Proceed to Trial

The Court should exercise its discretion to fully resolve the disputed validity of the '078 patent. Indeed, this Court's order denying a motion to dismiss based on 35 U.S.C. § 101, *see* ECF No. 42 at 5–9 (the "Section 101 Order"), has already addressed one aspect of Fenix's declaratory judgment counterclaim, namely, whether the asserted claims recite patent ineligible subject matter. In addition, Plaintiffs' past conduct confirms that the non-infringement judgment is not the end of this matter. Even after the Court issued its case-dispositive claim construction, Plaintiffs continued to assert that Fenix and others infringed the '078 patent simply because they sell CVD diamonds. Plaintiffs will continue to use its patent *in terrorem* to steer would-be diamond purchasers away from the competition regardless of the non-infringement judgment specific to Fenix. Plaintiffs put their '078 patent at risk to an invalidity challenge and the time has come for a court to resolve that issue.

### 1.      Plaintiffs Have Refused to State Whether They Will Appeal

The covenant not to sue exists for only "[a]s long as the Court's current constructions … remain the law." ECF No. 136-2 at 2. Although Plaintiffs dangle the possibility that they will not appeal this Court's decisions, that threat remains. If an appeal is taken from this action, the Federal Circuit should review all issues, not only those that Plaintiffs would prefer it to consider.

### 2.      The Section 101 Order Confirms that Validity Questions Should Be Resolved Now

The Court issued the Section 101 Order in response to a motion to dismiss filed by Pure Grown Diamonds, Inc. ("PGD") in Civil Action No. 20-cv-189 (JSR). Although Fenix did not move to dismiss the complaint due to patent invalidity under 35 U.S.C. § 101, the Court

5

nonetheless entered its order in both actions. Although Fenix did not advance a similar argument, the Court noted that its order would affect Fenix. ECF No. 42 at 6 n.6.

As a matter of collateral estoppel, the Section 101 Order should not apply to Fenix. Fenix has not yet had an opportunity to present its argument as to why the claims recite patent ineligible subject matter, including in view of subsequent Federal Circuit precedent such as *Yu v. Apple Inc.*, 1 F.4th 1040 (Fed. Cir. 2021). However, there is a possibility that Plaintiffs *may* argue that this Court's Section 101 Order applies to Fenix, whether as a matter of law or practicality. Fenix therefore would be obliged to take its own appeal from the Section 101 Order in the event that Plaintiffs appeal the summary judgment decision. To avoid such a "piecemeal" appeal, the Court should proceed to try all of Fenix's remaining invalidity defenses.

### 3. Plaintiffs' Conduct Confirms that a Prompt Judicial Determination Is Necessary

During the *Markman* hearing, Plaintiffs' counsel disputed that its patents could be read to cover all CVD diamond manufacturing. This was confirmed by the Court's subsequent claim construction order. Notwithstanding its own counsel's admissions, *and even after the Court had construed the claims*, Plaintiffs' brazenly ███████████████████████████████ ██████████████████████████████████████████████████. This was confirmed in a deposition of Susan Rechner, the Chief Executive Officer of Plaintiff M7D.

| Plaintiffs' Statement to the Court | |
|---|---|
| THE COURT: Let me ask you this: Are you saying that your patents cover essentially all artificially grown diamonds?<br><br>MR. WIKBERG: Absolutely not, your Honor. That is a statement made by both Pure Grown and Fenix in their papers that we have accused a CVD diamond or CVD diamonds. | ██████████████ |

6

| Plaintiffs' Statement to the Court | |
|---|---|
| Absolutely not… We didn't say you sell CVD diamonds and therefore you infringe.<br><br>Ex. A; *Markman* Tr. (Apr. 24, 2020) at 81:7–20 (emphasis added). | <br><br>Ex. B; Rechner Dep. Tr. (Aug. 27, 2020) at 149:8–150:10 (emphasis added); *see id.* at 115:24–116:2; 127:24–129:12; 183:10–14 & 18–19; 254:12–25; 256:17–21. |

The public indisputably has an interest in the outcome of Fenix's validity challenge. The only way to dispel the cloud over the lab-grown diamond industry is a final judgment by this Court that the '078 patent is invalid. Fenix has marshaled the evidence to prove this fact and the Court should allow a jury to decide the question. All that remains is a short, focused trial on discrete issues under 35 U.S.C. §§ 101, 112 including patent ineligibility, non-enablement, lack of written description, and indefiniteness.

Even if Plaintiffs successfully appeal, the resources associated with this trial will be minimal in comparison to the discovery that has already occurred. Additionally, several of Fenix's invalidity positions are generic to any construction of "single-crystal diamond," "growth surface," and "controlling… such that all temperature gradients are less than 20° C." For example, in Fenix's view, the asserted claims are invalid under § 112 because no sensor is capable of measuring "all temperature gradients" across the single-crystal domain of a growth surface. *See, e.g.*, Ex. C; Pinneo Invalidity Rpt. at ¶¶ 1005–1009, 1094–1148, 1175–1176, 1226–1229. As another example,

the asserted claims are invalid under § 101 for reciting a desirable result (i.e., uniform temperature properties) in the context of machinery generic to the result. *See, e.g.*, *id*. ¶¶ 1230–1251.

It is always the case that a district court's ruling on a matter of law (e.g., admission of evidence), if successfully appealed, could require a new trial. But interlocutory appeals remain strongly disfavored. Deciding non-infringement and invalidity in a single record serves judicial economy by "adhering to the historic federal policy against piecemeal appeals." *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks omitted).

### III.    CONCLUSION

Fenix respectfully requests that the Court deny Plaintiffs' motion to dismiss Fenix's counterclaim for invalidity of the '078 patent.

Dated: July 15, 2021

/s/ *Steven H. Sklar*
Daniel P. Waxman (DW-0599)
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-2040
Facsimile: (212) 541-4630
dpwaxman@bryancave.com

Steven H. Sklar (*pro hac vice*)
Maxwell B. Snow (*pro hac vice*)
David M. Airan (*pro hac vice*)
Nicole E. Kopinski (*pro hac vice*)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700
ssklar@leydig.com
msnow@leydig.com
dairan@leydig.com
nkopinski@leydig.com

*Attorneys for Defendant Fenix Diamonds LLC*