# EXHIBIT A

k4o2CarH

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

CARNEGIE INSTITUTION OF
WASHINGTON and M7D
CORPORATION,

                Plaintiffs,            New York, N.Y.

         v.                            20 Civ. 189(JSR)

PURE GROWN DIAMONDS, INC., and
IIA TECHNOLOGIES PTE., LTD.,

                Defendants.

------------------------------x

CARNEGIE INSTITUTION OF
WASHINGTON and M7D
CORPORATION,

                Plaintiffs,

         v.                            20 Civ. 200(JSR)

FENIX DIAMONDS LLC,

                Defendant.

------------------------------x        Teleconference

                                       Markman Hearing
                                       Motion to Dismiss


                                       April 24, 2020
                                       10:05 a.m.

Before:

                   HON. JED S. RAKOFF,

                                       District Judge
```

```
 1                          APPEARANCES

 2    PERKINS COIE, LLP
           Attorneys for Plaintiffs
 3    BY:  TERRENCE WIKBERG
           MATTHEW J. MOFFA
 4         AMY E. SIMPSON

 5

 6    FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
           Attorneys for Defendants Pure Grown Diamonds, Inc.,
           and IIA Technologies Pte., Ltd.
 7    BY:  PARMANAND K. SHARMA

 8
      GIBBONS, P.C.
 9         Attorneys for Defendants Pure Grown Diamonds, Inc.
           and IIA Technologies Pte., Ltd.
10    BY:  JOSEPH P. LONG
           JONATHAN BRUGH LOWER
11

12    LEYDIG VOIT & MAYER LTD
           Attorneys for Defendant Fenix Diamonds LLC
13    BY:  STEVEN H. SKLAR
           MAXWELL SNOW
14         DAVID M. AIRAN

15    BRYAN CAVE LLP
           Attorneys for Defendant Fenix Diamonds LLC
16    BY:  DANIEL P. WAXMAN

17

18

19    ALSO PRESENT:

20    KYLE VICTOR, Law Clerk to the Hon. Jed S. Rakoff

21

22

23

24

25
```

1    MR. WIKBERG:  Thank you, Matt.  Thank you, your Honor.
2    This is Terry Wikberg again from Perkins Coie.
3    Before I start, Fenix's counsel made some comments
4    regarding prefiling investigation and a basis for bringing the
5    case, and these are things I take very seriously.  I assure the
6    court that an appropriate investigation was done and we have a
7    basis to believe that all parties involved, all defendants are
8    practicing claims in the patent.  I mean, their
9    representations -- at least Fenix's representations regarding
10   noninfringement are a little telling considering their claim
11   construction positions.
12   I also want to respond to a comment that Fenix's
13   counsel made regarding not manufacturing.  In footnote 18 of
14   our complaint, we cite to Fenix's website, FenixDiamonds.com,
15   and specifically "\about," which is about the company.  On this
16   website it says the following:  "From our factory to a jewelry
17   store near you, Fenix opens a window to the future of
18   diamonds."
19   It also says they have pipeline integrity, full
20   transparency, suggesting that, with pipeline integrity they
21   supply their own.
22   It also says, a bullet point below that, their own
23   laboratories, no exposure to market volatility.
24   So it is statements like this where we rely -- that we
25   rely for the basis of saying that they are at least

1  manufacturing.  If that turns out to be incorrect and their
2  information they are providing to the public is incorrect, so
3  be it, but we had a basis to make the allegations that we made.
4  Of course it is a little irrelevant as they are also selling,
5  which is also an infringement in this case, but I wanted to
6  point that out because --
7           THE COURT:  Let me ask you this:  Are you saying that
8  your patents cover essentially all artificially grown
9  diamonds?
10          MR. WIKBERG:  Absolutely not, your Honor.  That is a
11 statement made by both Pure Grown and Fenix in their papers
12 that we have accused a CVD diamond or CVD diamonds.  Absolutely
13 not.  The complaint makes it very clear, we are describing
14 their process as they -- to the extent they have disclosed
15 public information, we have relied on that in the complaint as
16 a basis to identify their process.  A complaint is to provide
17 notice of the -- what is infringing, to provide fair notice to
18 the defendant.  That is exactly what we have done.  We didn't
19 say you sell CVD diamonds and therefore you infringe.  We
20 say --
21          THE COURT:  Well, but as I understood the argument
22 being made by your colleague and also some of the arguments
23 that were raised earlier in the *Markman* hearing, the argument
24 was:  We have developed a particular process, a particular
25 method, a particular invention for developing MPCVD lab-grown

1    and annealed diamonds, there could be other processes and other

2    ways of getting at this, but we have patented our particular

3    inventive way.  So if that is what your patents cover, then

4    presumably you need -- to bring a complaint, you need to have

5    some particularized allegations that the defendants are

6    utilizing those particular methods --

7             MR. WIKBERG:  Well, the -- I'm sorry.

8             THE COURT:   -- and I don't see that in the complaint

9    on a quick read.

10            MR. WIKBERG:  Well, your Honor, those allegations are

11   present.  If you look at the slide Fenix pulled up, I can't

12   recall what number, but we allege on information and belief

13   each and every of the claim elements to be present.

14            Now, there were certain discussions earlier about CVD

15   diamonds being identical in all respects to natural diamonds,

16   and for most things that is correct.  However, CVD diamonds do

17   exhibit very particular attributes when looked at under certain

18   scientific methodology, for example, spectro -- I'm messing up

19   the word spectroscopy.  And with that information -- and now I

20   am dancing a line of disclosing work product and otherwise

21   privileged information, but there is information that suggests

22   strongly, certainly sufficient enough to bring a complaint,

23   that the products manufactured and marketed and sold by the

24   defendants infringe the asserted claims.

25            Now, there are many other CVD kind of manufacturers in

1  you my *Markman* decision by no later than a week after that, May
2  8. So those are the deadlines I am setting myself. I just
3  want to make you aware of them.
4      Is there anything else we need to take up today?
5      COUNSEL: No, your Honor.
6      MR. WIKBERG: Your Honor, this is Terry Wikberg from
7  Perkins Coie, for plaintiffs. We have nothing further except
8  that it has been a fantastic challenge under current events to
9  prosecute this case so far, and we sincerely thank you and your
10 staff for allowing us to have this argument today under these
11 circumstances.
12     THE COURT: So, well, yeah, here in New York it is a
13 rather cloudy day. This has brought a little excitement in my
14 otherwise dull life.
15     All right. Thanks again, and I will sign off then.
16 Bye-bye.
17     COUNSEL: Thank you, your Honor.
18                    oOo