UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON,<br><br>M7D CORPORATION,<br><br>    *Plaintiffs*,<br><br>v.<br><br>FENIX DIAMONDS LLC,<br><br>    *Defendant*. | Civil Action No. 1:20-cv-00200-JSR |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Fenix Misinterprets Applicable Case Law and Rationale ...................................... 1

    B. Plaintiffs Pursued Colorable Infringement Claims After Claim Construction ....... 3

    C. Significant Resources Would Be Expended at Trial ............................................... 4

    D. Fenix Ignores the Scope of Plaintiffs' Covenant Not To Sue ................................. 5

    E. Any Public Interest in Invalidity Challenges Cannot Overcome a Lack of Subject Matter Jurisdiction ................................................................................................. 6

III. CONCLUSION ................................................................................................................ 7

- ii -

## TABLE OF AUTHORITIES

**CASES**

*ABS Global, Inc. v. Cytonome/ST, LLC*,
    984 F.3d 1017, 1026 (Fed. Cir. 2021) ................................................................................. 1, 2

*ArcelorMittal v. AK Steel Corp.*,
    856 F.3d 1365, 1371–72 (Fed. Cir. 2017) ........................................................................... 1, 2

*Cardinal Chemical Co. v. Morton Int'l, Inc.*,
    508 U.S. 83, 98 (1993) ............................................................................................................ 2

*Dow Jones & Co. v. Ablaise Ltd.*,
    606 F.3d 1338, 1347–48 (Fed. Cir. 2010) ............................................................................... 7

*Fort James Corp. v. Solo Cup Co.*,
    412 F.3d 1340, 1342, 1348 (Fed. Cir. 2005) .................................................................. 1, 2, 4

*Fox Grp., Inc. v. Cree, Inc.*,
    819 F. Supp. 2d 520, 523 (E.D. Va. 2011) .............................................................................. 6

*Toyo Tire & Rubber Co. v. Doublestar Dong Feng Tyre Co.*,
    No. SACV 15-00246-CJC(JPRx), 2018 WL 1896310, at *6 (C.D. Cal. Mar.
    28, 2018) ................................................................................................................................. 7

*WundaFormer, LLC v. Flex Studios, Inc.*,
    No. 15-CIV-4802(JSR), 2015 WL 7181249, at *2 (S.D.N.Y. Nov. 10, 2015) ............ 1, 2, 3, 4

**I.      INTRODUCTION**

Plaintiffs Carnegie Institution of Washington and M7D Corporation ("Plaintiffs") granted Defendant Fenix Diamonds LLC ("Fenix") a covenant not to sue on U.S. Patent No. 6,858,078 ("the '078 Patent"). The covenant covers every claim of the patent, for all time. Plaintiffs then appropriately moved to dismiss Fenix's counterclaim for a declaratory judgment of invalidity.

In opposing Plaintiffs' motion, Fenix urges the Court to press forward to trial and waste Court and party resources. But Fenix ignores the full scope of the covenant, mischaracterizes cases from this Court and the Federal Circuit, and makes policy arguments that are beside the point. Fenix also disparages Plaintiffs for pursuing plausible claims of infringement and abiding by the Court's efficient case schedule. Fenix's aspersions should be set aside and the motion to dismiss granted.

**II.     ARGUMENT**

**A.      Fenix Misinterprets Applicable Case Law and Rationale**

In opposing Plaintiffs' motion, Fenix mischaracterizes the Federal Circuit's rulings in *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340 (Fed. Cir. 2005), *ABS Global, Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1026 (Fed. Cir. 2021), and *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365 (Fed. Cir. 2017), as well as this Court's ruling in *WundaFormer, LLC v. Flex Studios, Inc.*, No. 15-CIV-4802(JSR), 2015 WL 7181249, at *2 (S.D.N.Y. Nov. 10, 2015).

First, Fenix tries to extend *Fort James* beyond its facts. *Fort James* considered jurisdiction over a "counterclaim for a declaration of unenforceability of a patent," not of invalidity of a subset of patent claims. 412 F.3d at 1342. Fenix seeks shelter in the Federal Circuit's statement that "a counterclaim questioning the validity or enforceability of a patent raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement," emphasizing the inclusion of validity in that statement. ECF No. 137 (hereinafter, "Opp.") at 3 (emphasis

omitted) (citing *Fort James*, 412 F.3d at 1348). Plaintiffs do not dispute that invalidity raises different issues than infringement and that, in certain circumstances, a decision of non-infringement may not provide the full scope of relief sought under an invalidity counterclaim that covers, *e.g.*, all the patent claims and future conduct. But that is not the case here, where Fenix's invalidity counterclaim provides no additional cover beyond the combined effect of the Court's summary judgment Order and Plaintiffs' covenant not to sue. *Fort James* applied the "unremarkable position" that a ruling on "one of two possible alternative[s]" for relief (non-infringement) does not extinguish jurisdiction over an independent, alternative ground (unenforceability). *ABS Glob.,* 984 F.3d at 1026 (citation omitted). As detailed in Plaintiffs' opening brief, no such "alternative ground" is sought by Fenix. ECF No. 135 ("Motion") at 14.

Fenix next accuses Plaintiffs of ignoring a statement in *ABS Global* that pertained to *Cardinal Chemical Co. v. Morton International, Inc.,* 508 U.S. 83 (1993). Plaintiffs cited *ABS* for its assessment of *Fort James*, not *Cardinal Chemical*.  Motion 13. Regardless, *Cardinal Chemical* too fails to support Fenix's position, since *Cardinal Chemical*, like *Fort James*, also involved an "alternative" ground for relief. 508 U.S. at 98. Here, the covenant and the Court's Order together grant Fenix all the relief they could expect to obtain at trial under the Court's current claim constructions. Fenix also misapplies *ArcelorMittal*, which found that a covenant **delivered** conditionally—*i.e.*, subject to the resolution of other active, pending motions—did not remove subject matter jurisdiction. 856 F.3d at 1371–72. Here, Plaintiffs' covenant was made to Fenix's counsel not subject to any pending motion. ECF No. 136-2.

Finally, Fenix mischaracterizes *WundaFormer*. Fenix states that, as "the Court recognized in *WundaFormer*, Plaintiffs' conditional covenant not to sue does not divest the Court of subject matter jurisdiction over Fenix's invalidity counterclaim." Opp. 2. Plaintiffs respectfully submit

that this Court recognized no such thing and had "no trouble finding" that a conditional covenant—of the very type offered here—extinguished subject matter jurisdiction. *WundaFormer*, 2015 WL 7181249, at *2 (finding that "this Court does not have jurisdiction to entertain the invalidity claim" "[i]n light of the parties' joint stipulation of non-infringement and plaintiff's covenant not to sue on the [asserted] Patent barring a change in the law of the case").

Also, according to Fenix, *WundaFormer* fails to support Plaintiffs because the covenant at issue there was granted before a judicial decision on non-infringement. Opp. 4. But this timing supports Plaintiffs' argument, not Fenix's. At the time this Court issued its order in *WundaFormer*, the plaintiff had stipulated to non-infringement and offered a covenant not to sue. Under those circumstances, this Court correctly found that the "defendants [had] no immediate interest in the validity of" the asserted patent "barring a change in the law of the case." *WundaFormer*, 2015 WL 7181249, at *2. Here, the Court's summary judgement ruling and Plaintiffs' covenant not to sue likewise eliminate Fenix's immediate interest in the validity of the '078 Patent. That this case proceeded through summary judgment has further eliminated, not escalated, any actual controversy.

### B. Plaintiffs Pursued Colorable Infringement Claims After Claim Construction

Fenix characterizes the Court's claim construction ruling as case-dispositive and accuses Plaintiffs of thereafter proceeding with pointless discovery and motion practice. Opp 4. But the claim construction ruling did not render Plaintiffs' infringement claims frivolous. The claim constructions still needed to be applied to the facts and evidence of Fenix and Nouveau's manufacturing processes—facts and evidence which Plaintiffs moved expeditiously to discover and analyze. For example, the constructions of "single-crystal diamond," "growth surface," and "controlling temperature of a growth surface of the diamond such that all temperature gradients across the growth surface are less than 20°C" all had to be applied to a process in order to ascertain

infringement. This required at least (1) determining if the accused processes yielded "insubstantial non-monocrystalline growth" in all cases, (2) identifying the "growth surface" in Fenix and Nouveau's processes, and (3) assessing if Fenix and Nouveau could control temperature so "all temperature gradients across the growth surface are maintained at less than 20°C." Plaintiffs expeditiously gathered evidence under the Court's efficient schedule, and then turned to its experts to analyze that evidence under the Court's constructions, just as Fenix did. Meanwhile, Fenix itself pushed the litigation forward, noticing subpoenas to various third parties and expanding discovery. Fenix cannot cast Plaintiffs as belligerent litigants simply for developing the facts. Were Fenix serious about the argument that the Court's claim construction order was dispositive, Fenix would have moved for summary judgment on the day that Nouveau provided its declaration, or on the day that fact discovery closed.

Fenix cites no authority for the notion that a covenant not to sue can eliminate subject matter jurisdiction over invalidity counterclaims only if issued before a jury or court determination on infringement. Opp. 2–4. Although Fenix cites *Fort James* for this argument, as *supra*, that case related to a counterclaim of patent unenforceability that provided an alternative basis to uphold a jury verdict of non-infringement; Fenix provides no authority applying *Fort James* to the present circumstances. Nor does Fenix suggest that *WundaFormer* was wrongly decided. It was not, and this case presents even stronger reasons to conclude that no immediate controversy remains between the parties.

### C. Significant Resources Would Be Expended at Trial

The trial Fenix seeks will be complicated and require several days of court time. Fenix proffers "a short, focused trial on discrete issues under 35 U.S.C. §§ 101, 112," but then identifies at least four invalidity arguments it intends to try to the jury including patent ineligibility, non-

enablement, lack of written description, and indefiniteness. Opp. 7.[1] While Fenix today characterizes these issues as "discrete," its past actions reveal that these issues are far from simple to try. On these four issues, Fenix obtained discovery from at least two inventors (Russell Hemley and Yogesh Vohra), three technical 30(b)(6) witnesses for the Plaintiffs (Yarden Tsach, Michael Walter, Joseph Lai), and multiple third party witnesses (including the University of Alabama Birmingham and research librarian Jeffrey Graveline). Fenix has also produced and sought thousands of pages of documents bearing on these issues and has cited dozens of paragraphs from expert reports just to oppose the instant motion. *Id.* at 7–8.

Just last month, Fenix indicated to the Court that trial would take three to four days, an estimate Plaintiffs now fear is conservative given the issues Fenix has identified in briefing this motion. Fenix acknowledges that the subject matter will be technical and will require presentation of a full record on *e.g.* the capabilities of temperature sensors used in chemical vapor deposition. *Id.* at 7. Court and party resources should not be expended on these complex issues just to grant Fenix an academic victory.

### D.     Fenix Ignores the Scope of Plaintiffs' Covenant Not To Sue

Fenix asserts that Plaintiffs' covenant not to sue "adds nothing to the judgment." Opp. 1; *see also id.* at 4. But Fenix only compares the ***parties*** covered by the covenant and the summary judgement Order. *Id.* at 4–5. When comparing the full scope of the covenant and the summary judgement Order, the covenant is broader. Plaintiffs' covenant extends to future acts and covers all claims of the '078 Patent, while the Order covers only past acts and only the asserted claims of the '078 Patent.

---

[1] Plaintiffs note Fenix's use of the word "including," suggesting that it reserves the right to try even *more* than these four invalidity arguments.

Fenix also describes Plaintiffs' covenant as "conditional upon the judgment." Opp. 1. Not so. Plaintiffs have reserved the right to revisit the covenant ***only*** if a certain few of this Court's claim constructions are modified; no other change to this Court's judgement can affect Plaintiffs' binding promise. And, to repeat, Plaintiffs have not elected to appeal those claim constructions at this time.[2] Although Fenix lingers on the possibility of an appeal, a plaintiff's "reservation of its right to appeal [a] court's claim construction, and the accompanying specter that the Federal Circuit or the Supreme Court could vacate the noninfringement judgment," is ***not*** enough "to make a 'definite and concrete' dispute over the [asserted] patent." *Fox Grp., Inc. v. Cree, Inc.*, 819 F. Supp. 2d 520, 523 (E.D. Va. 2011) (citations omitted). To accept Fenix's position that the remaining possibility creates subject matter jurisdiction, "the court would have to find that its claim construction is likely erroneous, and, therefore, tacitly abandon that ruling." *Id.*

At bottom, because of its broader scope, the covenant eliminates the immediacy and reality of Fenix's invalidity counterclaim.

### E. Any Public Interest in Invalidity Challenges Cannot Overcome a Lack of Subject Matter Jurisdiction

To justify a needless trial, Fenix appeals to the "public importance" of validity issues and alleges that "Plaintiffs have cast a shadow over the entire lab-grown diamond industry," Opp. 1, and will "continue to use its patent *in terrorem* to steer would-be diamond purchasers away from the competition," *id.* at 5. Those accusations are unwarranted. Plaintiffs have exercised their patent rights appropriately, reaching settlements and licenses with a number of parties. But Plaintiffs have

---

[2] At least for this reason, Fenix's concerns regarding the Court's Section 101 Order (Opp. 5–6) are also misplaced.

neither threatened nor sued "the entire lab-grown industry."[3] Nor has anyone in that industry other than Fenix sought to invalidate Plaintiffs' patents at trial or at the Patent Office.

In the end, while Fenix may cast aspersions, it cannot overcome the lack of subject matter jurisdiction following the Courts' summary judgment Order and Plaintiffs' covenant not to sue. "Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1347–48 (Fed. Cir. 2010) (overturning denial of motion to dismiss based on "prudential reasons" that included the "important public interest in protecting the legal system against manipulation by parties . . . prone to involvement in repeat litigation" (citation omitted)); *see also Toyo Tire & Rubber Co. v. Doublestar Dong Feng Tyre Co.*, No. SACV 15-00246-CJC(JPRx), 2018 WL 1896310, at *6 (C.D. Cal. Mar. 28, 2018) ("[A] general public interest in adjudicating the merits of a legal claim or the protection of the legal system do not supply a controversy 'faced by the parties,' as required for an 'actual controversy' to exist.").

## III.  CONCLUSION

For these reasons and those in Plaintiffs' earlier memorandum of law, Plaintiffs respectfully request that the Court dismiss Fenix's counterclaim for invalidity of the Asserted Claims of the '078 Patent for lack of subject matter jurisdiction or, alternatively, in an exercise of the Court's discretion.

---

[3] Nor, to be clear, does Fenix's cited testimony say so. Tellingly, Fenix cites no evidence from anyone in the "industry" that Plaintiffs' patents have such an effect. Rather, Fenix relies on deposition testimony of M7D's CEO designated Highly Confidential under the case Protective Order (a designation Fenix never contested), and then accuses Plaintiffs in an email to the Court of "object[ing] to making certain information available to the public." That Fenix has no public evidence to support its "public importance" factors speaks for itself.

July 22, 2021                                        Respectfully submitted,

**PERKINS COIE LLP**

*/s/ Matthew J. Moffa*
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
e-mail: MMoffa@perkinscoie.com

Terrence J. Wikberg (*admitted pro hac vice*)
Michael A. Chajon (*admitted pro hac vice*)
PERKINS COIE LLP
607 14th Street, NW
Washington, DC  20005
Telephone (202) 434-1649
Fax: (202) 654-9149
e-mail:  TWikberg@perkinscoie.com
         MChajon@perkinscoie.com

Amy E. Simpson (*admitted pro hac vice*)
Kevin Patariu
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-3334
Telephone: (858) 720-5702
Fax: (858) 720-5799
e-mail: ASimpson@perkinscoie.com
         KPatariu@perkinscoie.com

Michelle Umberger (*admitted pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Telephone: (608) 663-7466
Fax: (608) 663-7499
e-mail: MUmberger@perkinscoie.com

Sarah Fowler (*admitted pro hac vice*)
PERKINS COIE LLP

- 9 -

        3150 Porter Drive
        Palo Alto, CA 943041212
        Telephone: (650) 838-4489
        e-mail: SFowler@perkinscoie.com

*Counsel for Plaintiffs Carnegie Institution of Washington and M7D Corporation*