```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARNEGIE INSTITUTION OF WASHINGTON   :
and M7D CORP.,                       :
                                     :
         Plaintiffs,                 :
                                     :    20-cv-200 (JSR)
         -v-                         :
                                     :    OPINION
FENIX DIAMONDS, LLC,                 :
                                     :
         Defendant.                  :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

The Court here assumes the parties' familiarity with the facts and prior proceedings of this case concerning two patents for manufacturing diamonds in the laboratory. Carnegie Institution of Washington ("Carnegie") and M7D Corporation ("M7D") — the assignee and licensee, respectively, of the patents-in-suit — alleged that Fenix Diamonds, LLC ("Fenix") infringed the patents by importing and selling diamonds that were manufactured by non-party Nouveau Diamonds LLP ("Nouveau") using the patented methods.

In a June 16, 2021 opinion and order, the Court granted summary judgment in favor of Fenix, finding Fenix did not infringe either of Carnegie's patents in this case (the '189 and '078 patents, respectively), and entered judgment for Fenix on all of Carnegie's claims. ECF No. 133. That left Fenix's counterclaims under the Declaratory Judgment Act as to both the '189 and '078

1

patents, as well as Fenix's claim for attorney's fees under 35 U.S.C. § 285.

Regarding Fenix's counterclaim on the '189 patent, the Court found that it lacked subject matter jurisdiction because Carnegie had issued a covenant not to sue Fenix for present or future use as to any claim of the '189 patent. ECF No. 133 at 28-30. At the time of the Court's summary judgment opinion, there was no covenant not to sue as to the claims of the '078 patent. Shortly after the Court's summary judgment opinion issued, however, Carnegie issued a covenant not to sue Fenix, Nouveau, or Fenix's subsidiaries for present or future use as to any of the claims of the '078 patent. ECF No. 136, Ex. 2.

Now before the Court is plaintiffs' motion to dismiss Fenix's remaining counterclaim as to the '078 patent for lack of subject matter jurisdiction. ECF No. 134. By bottom-line order dated July 29, 2021, the Court granted plaintiffs' motion. ECF No. 140. This opinion sets forth the reasons for that order.

For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over Fenix's counterclaim for invalidity of the '078 patent based on Carnegie's covenant not to sue as to all present and future uses on any claim of the '078 patent.

**LEGAL STANDARD**

The Declaratory Judgment Act authorizes federal courts to declare "the rights and other legal relations of any interested party seeking such declaration" in cases "of actual controversy." 28 U.S.C. § 2201(a). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). "A case becomes moot — and therefore no longer a Case or Controversy for purposes of Article III — when the issues presented are no longer live or the parties lack a legally recognizable interest in the outcome." ArcelorMittal v. AK Steel Corp., 856 F.3d 1365, 1370 (Fed. Cir. 2017) (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)).

"The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1344 (Fed. Cir. 2007). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed." Id. at 1345 (quoting Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974)).

3

## ANALYSIS

Carnegie and M7D contend that this Court does not have subject matter jurisdiction to adjudicate Fenix's counterclaim for invalidity of the '078 patent because there is no longer an "actual controversy" for purposes of the Declaratory Judgment Act. Plaintiffs point to their covenant not to sue Fenix, Nouveau, or Fenix's subsidiaries for infringement of any claim of the '078 patent with respect to "previous or current or future . . . products manufactured by Nouveau's manufacturing process." Moffa Decl., ECF No. 136, Ex. 2; ECF No. 135 at 11. Because the covenant is explicitly conditioned upon this Court's constructions of the '078 patent claims remaining the law, Moffa Decl. Ex. 2, Carnegie and M7D argue that Fenix has a legal interest in its invalidity counterclaim only in the event that this Court's summary judgment order is appealed and the Federal Circuit reverses this Court's claim constructions.[1] ECF No. 135 at 11-12. Carnegie and M7D maintain that such a remote future possibility is insufficiently immediate or real under the MedImmune standard to warrant the issuance of a declaratory judgment. Id. at 12-13. The Court agrees.

Fenix makes two main arguments in opposition. First, Fenix argues that Carnegie and M7D's covenant not to sue cannot divest

---

[1] Carnegie and M7D note that they have not yet filed an appeal. ECF No. 135 at 12.

4

this Court of subject matter jurisdiction because the covenant was issued <u>after</u> the Court's summary judgment order finding that Fenix did not infringe the '078 patent. ECF No. 137 at 2-4. Second, Fenix argues that because Carnegie and M7D's covenant not to sue is contingent on the Court's claim constructions remaining law, the covenant is insufficient to divest the Court of subject matter jurisdiction. <u>Id.</u> Neither argument is availing.

As for Fenix's first argument, the timing of the covenant not to sue — issued after the Court's opinion granting summary judgment in favor of Fenix and finding noninfringement on both patents at issue in this case — is not determinative of the Court's subject matter jurisdiction. Fenix's reliance on <u>Fort James Corp. v. Solo Cup Co.</u> to this effect is misplaced. 412 F.3d 1340, 1348-49 (Fed. Cir. 2005). In <u>Fort James</u>, the court found the Court still had subject matter jurisdiction over the enforceability of the patent at issue, which had been bifurcated prior to trial, even after a jury verdict resolved the issue of non-infringement. <u>Id.</u> The court's holding was not, as Fenix would have it, based on timing. Instead, <u>Fort James</u> makes clear that issues of patent enforceability are distinct from infringement, and that a covenant not to sue — depending on its scope — <u>may</u> extinguish questions of infringement, but <u>does not automatically</u> extinguish questions of validity or

enforceability. 412 F.3d at 1348-49. As discussed below, the scope of the covenant at issue here does, in fact, extinguish any "actual controversy."

As for Fenix's second argument, the terms of Carnegie and M7D's covenant not to sue on any of the claims of the '78 patent do not make the covenant conditional such that the Court would retain subject matter jurisdiction. It is true that unconditional and conditional covenants are treated differently in analyzing whether there is an "actual controversy" for purposes of determining whether the Court has subject matter jurisdiction under the Declaratory Judgment Act. Only if a covenant not to sue obviates any viable claim the plaintiff would otherwise have against the defendant is there no "actual controversy" and the court lacks subject matter jurisdiction under the Declaratory Judgment Act. See Benitec, 495 F.3d at 1344. Fenix is not, however, correct in reading the covenant at issue here as conditional such that there remains an actual controversy giving the Court continued subject matter jurisdiction.

Take the very case Fenix cites — Wundaformer, LLC v. Flex Studios, Inc., No. 15-cv-4802, 2015 WL 7181249, at *1 (S.D.N.Y. Nov. 9, 2015). ECF No. 137 at 2. In Wundaformer this Court considered a covenant essentially identical to the one at issue here and ultimately held that the covenant extinguished any actual controversy because it was not sufficiently real or immediate.

6

2015 WL 7181249, at *2. The contingency and scope of the covenant at issue in Wundaformer was identical to Carnegie's covenant here as to the '078 patent — the covenant not to sue is conditioned on the court's claim constructions remaining the law, and covered any claim of the patent, not just the asserted claims. In fact, Carnegie's covenant covers more than the one at issue in Wundaformer, including both present and future uses.

While Wundaformer involved a joint stipulation of noninfringement rather than a summary judgment order finding noninfringement, this makes no difference for analyzing the Court's subject matter jurisdiction over an invalidity counterclaim where there is a covenant not to sue. The nominal condition rests on the speculative and distant possibility that the defendants will appeal the court's claim constructions and persuade the Federal Circuit to adopt different claim constructions, which does not render the controversy of "sufficient immediacy" to give the court subject matter jurisdiction under the Declaratory Judgment Act. See Wundaformer, 2015 WL 7181249, at *5 ("While defendants might gain such an interest [to justify jurisdiction under the DJA] if plaintiff both appeals the Court's Markman Order and persuades the Federal Circuit of what it could not persuade this Court, there is no certainty that plaintiff will even take an appeal . . . . A controversy this

speculative simply cannot be considered to have the 'sufficient immediacy' needed to invoke the Declaratory Judgment Act.").

Because Carnegie and M7D's covenant not to sue, in combination with the Court's finding of noninfringement in granting summary judgment in favor of Fenix, precludes any liability apart from a hypothetical appeal and reversal of this Court's claim constructions, there is no actual controversy for purposes of the Declaratory Judgment Act. As such, this Court does not have subject matter jurisdiction over Fenix's counterclaim as to the '078 patent. Fenix's claim for attorney's fees pursuant to 35 U.S.C. § 287 remains.

## CONCLUSION

For the reasons above, the Court held by bottom-line order on July 29, 2021 that Carnegie and M7D's motion to dismiss is granted. ECF No. 140.

Dated:   New York, NY
         Aug 7, 2021

JED S. RAKOFF, U.S.D.J.