**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON, <br><br> M7D CORPORATION, <br><br> *Plaintiffs*, <br><br> v. <br><br> FENIX DIAMONDS LLC, <br><br> *Defendant*. | Civil Action No. 1:20-cv-00200-JSR |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**</u>
<u>**WITHDRAW AS COUNSEL FOR PLAINTIFFS**</u>
<u>**CARNEGIE INSTITUTION OF WASHINGTON AND M7D CORPORATION**</u>

163838696.1

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ......................................................................................................................... 1

I.     Professional Considerations Under RPC 1.16(c) Constitute Sufficient and Justifiable Reason to Grant a Withdrawal of Counsel ........................................................................ 2

II.    Withdrawal of Counsel Will Not Prejudice Plaintiffs or Unduly Delay the Prosecution of this Action ....................................................................................................................... 2

CONCLUSION ....................................................................................................................... 2

163838696.1

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Associated Plastic Surgeons & Consultants, P.C. v. Radiance Medspa Franchise
   Grp., PLLC,*
   2008 WL 11417535 (E.D.N.Y. Sept. 8, 2008) ..........................................................................1

*Capak v. Smith,*
   2021 WL 1103375 (S.D.N.Y. Feb. 2, 2021)..........................................................................2

*United States v. Estate of Wiesner,*
   2017 WL 1450594 (E.D.N.Y.), *report and recommendation adopted*, 2017
   WL 1458724 (E.D.N.Y. 2017)...............................................................................................1

**RULES**

Local Civ. R. 1.4 ............................................................................................................1, 2

RPC 1.6 ...................................................................................................................1, 2, 3

RPC 1.16(c)..................................................................................................................1, 2

**OTHER AUTHORITIES**

New York State Bar Association Committee on Professional Ethics,
   Opinion 1057 (6/5/15)...................................................................................................1, 2, 3

163838696.1

Matthew J. Moffa Esq., Terrence J. Wikberg, Esq., Michael A. Chajon, Esq., Amy E. Simpson, Esq., Kevin Patariu, Esq., Michelle Umberger, Esq., Sarah Fowler, Esq., and the law firm of Perkins Coie LLP (collectively, the "Firm"), counsel of record for Plaintiffs Carnegie Institution of Washington ("Carnegie") and M7D Corporation ("M7D," and, collectively with Carnegie, "Plaintiffs") in the above-captioned action, respectfully submit this memorandum of law in support of its motion for an order pursuant to Local Rule 1.4 of the Local Civil Rules for the Southern District of New York and Rule 1.16(c) of the New York Rules of Professional Conduct ("RPC") granting the Firm leave to withdraw as counsel for Plaintiffs.

## PRELIMINARY STATEMENT

The Firm seeks leave to withdraw as counsel of record for Plaintiffs because professional considerations support termination of the representation.  If the Court orders that the Firm disclose confidential client information protected by RPC 1.6 to support withdrawal, the Firm requests an *in camera* examination to do so.  *See* New York State Bar Association Committee on Professional Ethics, Opinion 1057 (6/5/15) at ¶ 18.

## ARGUMENT

District courts have wide discretion in deciding to grant a motion for an attorney's withdrawal. *See United States v. Estate of Wiesner*, 2017 WL 1450594, *6 (E.D.N.Y.), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. 2017); *Associated Plastic Surgeons & Consultants, P.C. v. Radiance Medspa Franchise Grp., PLLC*, 2008 WL 11417535, at *2 (E.D.N.Y. Sept. 8, 2008).

Withdrawal of counsel from representation is governed by Rule 1.4 of the Local Civil Rules for the Southern District of New York, which states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the

> calendar and whether or not the attorney is asserting a retaining or charging lien.
> All applications to withdraw must be served upon the client and (unless excused by
> the Court) upon all other parties.

Local Civ. R. 1.4.

This Court may also consider the New York RPCs, including RPC 1.16(c), which permits

an attorney to withdraw from representing a client in certain circumstances applicable here.

Courts in the Second Circuit "analyze two factors in determining whether to grant a motion

to withdraw as counsel of record: (1) the reasons for withdrawal and (2) the impact of the

withdrawal on the timing of the proceeding." *Capak v. Smith*, 2021 WL 1103375, at *1 (S.D.N.Y.

Feb. 2, 2021).

**I.      Professional Considerations Under RPC 1.16(c) Constitute Sufficient and Justifiable Reason to Grant a Withdrawal of Counsel**

Factors under RPC 1.16(c) apply here and permit withdrawal of counsel. The Firm's

obligations under RPC 1.6 prevent the Firm from disclosing M7D and Carnegie's confidential

information absent a court order to specifically disclose that information *in camera*.  *See* New

York State Bar Association Committee on Professional Ethics, Opinion 1057 (6/5/15) at ¶ 18.

**II.     Withdrawal of Counsel Will Not Prejudice Plaintiffs or Unduly Delay the Prosecution of this Action**

The second factor that courts consider in determining whether withdrawal of counsel

should be permitted is "whether the prosecution of the action is likely to be disrupted by the

withdrawal of counsel."  *See Capak v. Smith*, 2021 WL 1103375, at *1.

Here, Carnegie has retained substitute counsel to represent it in this matter.  M7D is also

in the process of identifying substitute counsel.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the Firm respectfully requests that this Court grant its

motion to withdraw as counsel for Plaintiffs.  Should the Court order disclosure of client

confidential information protected by RPC 1.6, the Firm respectfully requests that it be permitted

to do so *in camera* pursuant to New York State Bar Association Committee on Professional Ethics,

Opinion 1057 (6/5/15).

163838696.1

Dated:  September 18, 2023

Respectfully submitted,
**PERKINS COIE LLP**

*/s/ Matthew J. Moffa*
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
e-mail: MMoffa@perkinscoie.com

Terrence J. Wikberg (*admitted pro hac vice*)
Michael A. Chajon (*admitted pro hac vice*)
PERKINS COIE LLP
607 14th Street, NW
Washington, DC  20005
Telephone (202) 434-1649
Fax: (202) 654-9149
e-mail:  TWikberg@perkinscoie.com
            MChajon@perkinscoie.com

Amy E. Simpson (*admitted pro hac vice*)
Kevin Patariu
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-3334
Telephone: (858) 720-5702
Fax: (858) 720-5799
e-mail: ASimpson@perkinscoie.com
            KPatariu@perkinscoie.com

Michelle Umberger (*admitted pro hac vice*)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Telephone: (608) 663-7466
Fax: (608) 663-7499
e-mail: MUmberger@perkinscoie.com

Sarah Fowler (*admitted pro hac vice*)
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 943041212
Telephone: (650) 838-4489
e-mail: SFowler@perkinscoie.com

- 4 -

163838696.1

*Counsel for Plaintiffs Carnegie Institution of Washington and M7D Corporation*

163838696.1