# EXHIBIT 15


**Leydig, Voit & Mayer, Ltd.**
www.leydig.com

**Steven H. Sklar**
ssklar@leydig.com
(312) 616-5617

May 18, 2020

*VIA EMAIL*

Sarah E. Fowler
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212

    Re:    *Carnegie Institution of Washington and M7D Corp. v. Fenix Diamonds LLC,*
            No. 1:20-cv-00200 (JSR) (S.D.N.Y.)

Dear Counsel:

We write in response to your letters dated May 1, 2020, and May 14, 2020, regarding Defendant's Objections and Responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production and other issues you have identified.

At the outset, we note that Fenix Diamonds LLC ("Fenix") has made two productions of documents including an initial production on May 7 (FD000711-FD003352) and a further production on May 15 (FD003353-FD403718). Additional responsive documents that are located will be produced on a rolling basis.

### I. Discovery Sought from Third-Parties Nouveau Diamonds LLP and Bhathwari Technologies

As repeatedly explained in its written discovery responses and elsewhere, Fenix does not manufacture CVD Diamonds. Rather, Fenix's CVD Diamonds are manufactured and supplied by third-parties Nouveau Diamonds LLP ("Nouveau") and Bhathwari Technologies ("Bhathwari"), both of which are located in Sachin Surat, India. Nevertheless, to the extent that Fenix has information about the manufacturing process used by Nouveau and Bhathwari in its possession, custody, or control, it will produce such information in response to Plaintiffs' discovery requests, subject to all appropriate objections, as discussed below.

Your assertion in your May 14 letter that we have refused to work Nouveau and Bhathwari to obtain process information is flatly incorrect. We have been in contact with Mr. Upendra Patel, Indian counsel for Nouveau and Bhathwari, in an effort to obtain process information. However, due to the COVID-19 pandemic, India is under strict stay-at-home orders and access to the offices of Nouveau and Bhathwari is extremely difficult.

Nouveau and Bhathwari have agreed to make PLC source code from their CVD diamond manufacturing process available for inspection by Plaintiffs, but only under additional access restrictions. This source code contains extremely valuable trade secret information, including process information that is not at issue in this lawsuit, and Nouveau and Bhathwari require that

the parties establish an inspection protocol that is at least as restrictive as the protocol set forth in Section 9 of the "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" from the Northern District of California, which is available here: https://www.cand.uscourts.gov/forms/model-protective-orders/. Please confirm that this is acceptable to Plaintiffs.

In addition to the source code, we further understand that Nouveau and Bhathwari will make their manufacturing facility available in Sachin Surat, India available for inspection under a protocol that protects the commercially sensitive nature of the Nouveau/Bhathwari facility. We request that Plaintiffs provide us with a proposed inspection protocol that we can forward to counsel for Nouveau and Bhathwari.

## II.    Defendant's Objections and Responses to Plaintiffs' Interrogatories

### A.    Interrogatories Nos. 1-3

Your May 14 letter raises an objection to Fenix's responses to Interrogatories No. 1-3 for the first time. Contrary to your contention, Fenix's responses identify multiple individuals as having knowledge of the information sought by these interrogatories including Amit Mehta, Naman Parikh, Chirag Limbasiya and Bakulbhai Limbasiya. That is all that is required by these interrogatories. Fenix is not required to provide a detailed description of the level of knowledge of the identified subject matter for these individuals. Accordingly, supplementation of Fenix's responses is not warranted.

### B.    Interrogatory No. 4

In its response to Interrogatory No. 4, and subject to its specific and general objections, Fenix stated "that Fenix does not Manufacture CVD diamonds" and "to its knowledge, the equipment used in the Manufacture of Fenix's CVD Diamonds is in the custody of Nouveau Diamonds LLP and/or Bhathwari Technologies." Interrogatory No. 4 is limited to what *Fenix* does. It refers to "all equipment *You use*," "any equipment *purchased [by You]* from third parties," and "any equipment *manufactured by You*" (emphases added). The Interrogatory does not seek "all equipment used" or "any equipment manufactured" by *anyone*. Your May 1 letter indicates that "You" includes Fenix and Fenix's "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates," consistent with Local Rule 26.3(c). None of those categories apply to Nouveau or Bhathwari, because they are not "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates" of Fenix. Moreover, Local Rule 26.3(c)(5) states that "[t]his definition is not intended to impose a discovery obligation on any person who is not a party to the litigation." Neither Nouveau nor Bhathwari are parties to the litigation.

Your May 1 letter revises Interrogatory No. 4 to include "information in [Fenix's] . . . possession" and "any knowledge possessed by" Fenix concerning physical evidence outside of Fenix. Notwithstanding its general and specific objections, Fenix's response provides information "to its [Fenix's] knowledge" regarding the manufacturer of its CVD diamonds, specifically Nouveau and Bhathwari. Therefore, Fenix considers its response to Interrogatory

No. 4 to be complete.  We further note that we have been working with counsel for Nouveau and Bhathwari to obtain additional information regarding their manufacturing process and will provide Plaintiffs with any such information we are able to obtain.

    **C.    Interrogatory No. 5**

In its response to Interrogatory No. 5, and subject to its specific and general objections, Fenix stated, *inter alia*, "that Fenix does not manufacture CVD Diamonds."  Interrogatory No. 5 is limited to "physical evidence within Your custody or control."  Your May 1 letter indicates that "You[r]" is defined to include Fenix and Fenix's "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates," consistent with Local Rule 26.3(c).  As noted above, none of those categories apply to non-parties, and Local Rule 26(c)(5) states that "[t]his definition is not intended to impose a discovery obligation on any person who is not a party to the litigation."

Your May 1 letter, nevertheless, rewrites Interrogatory No. 5 to include information regarding "CVD Diamonds manufactured; prepared; distributed; offered for sale; or used . . . *on Fenix's behalf*" and "CVD Diamonds imported into the United States . . . *on Fenix's behalf*" (emphases added).  Your May 1 letter also requests, for the first time, "inventory and sales lists."  Fenix does not agree that "inventory and sales lists" are encompassed by Interrogatory No. 5, which seeks information regarding "the existence, custodian, location, and general description of . . . physical evidence."

Fenix's response provides information in Fenix's custody or control regarding "the existence, custodian, location, and general description" of CVD Diamonds.  Therefore, Fenix considers its response to Interrogatory No. 4 to be complete.  Additionally, as noted above, we have been working with counsel for Nouveau and Bhathwari to obtain additional information regarding their manufacturing process and will provide Plaintiffs with any such information we are able to obtain.

    **D.    Interrogatory No. 6**

Your May 1 letter requests a more "meaningful response" to Interrogatory No. 6, regarding a "computation of each category of damage."  In its response to Interrogatory No. 6, and subject to its specific and general objections, "Fenix assert[ed] that the damages to Plaintiffs are not more than a reasonable royalty under 35 U.S.C. § 284."  To the extent that Plaintiffs require additional information, Fenix further asserts, subject to its specific and general objections, that (1) Plaintiffs are not entitled to treble damages, and (2) Plaintiffs are not entitled to attorney's fees.

Fenix believes that its response to Interrogatory No. 6 is sufficient at the present time, subject to Fenix's right to amend or correct its response pursuant to Federal Rule of Civil Procedure 26(e), in accordance with the Court's scheduling order, as discovery proceeds and more information becomes available.  Moreover, Fenix's response is commensurate with Plaintiffs' response to Fenix's Interrogatory No. 3 and Plaintiffs' Rule 26(a) disclosure, which

was incorporated therein.  Fenix also expects a more fulsome response from Plaintiffs, given that Plaintiffs bear the burden with respect to damages, before it can provide a response to Plaintiffs' demand for damages.

### E. Verification of Interrogatory Responses

You request that Fenix obtain verifications for its Interrogatory Responses.  Fenix will agree to a date upon which the parties can mutually exchange their respective verifications.

## III. Defendant's Objections and Responses to Plaintiffs' Requests for Production

### A. Defendant's Preliminary Statements and General Objections

Fenix confirms that it does not intend to withhold responsive documents or to produce only those documents it deems "representative."  That being said, many of Plaintiffs' document requests are unreasonably broad and cumulative.  Moreover, the burden on Fenix to produce "all documents" responsive to such requests does not outweigh the likely benefit to Plaintiffs.  For example, at least Request Nos. 17 and 18 appear to encompass every document in the possession of Fenix.  While Fenix agrees that it will not limit its document production to "representative" documents, it maintains its remaining specific and generally objections, such as responsive documents that are located with a reasonable search.

### B. Request Nos. 2, 5, and 8

Fenix maintains its general and specific objections to Request Nos. 2, 5, and 8.  Fenix notes that, as set forth in your May 1 letter, Plaintiffs are willing to narrow these requests "[t]o the extent Fenix relies on these documents in support of its positions."  This is acceptable to Fenix.  Accordingly, subject to its general and specific objections, Fenix will produce documents on which it intends to rely in support of its positions in this litigation, including documents supporting Fenix's interrogatory responses and noninfringement positions that are responsive to Request Nos. 2 and 5.  With respect to Request No. 8, Fenix states that it is not contesting personal jurisdiction and venue for this action.

### C. Request Nos. 11 and 17–18

Fenix maintains its general and specific objections to Request Nos. 11 and 17–18, but denies that it has expressed any "belie[f] that Plaintiffs are not entitled to" responsive information, as asserted in your May 1 letter.  Rather, Fenix stated in response to each of these Requests that "[s]ubject to and without waiving these or its General Objections, Fenix is willing to meet and confer in an effort to reach an agreement with Plaintiffs on an appropriate scope for th[e]s[e] request[s]."  Further, your May 1 letter asserts that the information requested in Request Nos. 11 and 17–18 is "relevant . . . to jurisdiction [and] venue."  However, as stated in Fenix's specific objections, Fenix is not contesting personal jurisdiction and venue in this action.

Fenix specifically objects to Request No. 11 to the extent that there are no "other defendants" in the litigation captioned, *Carnegie Inst. of Wash. & M7D Corp. v. Fenix Diamonds*

*LLC*, No. 1:20-cv-00200 (JSR). Thus, as presently understood, no documents exists in response to this request because there are no "other Defendants."

Fenix specifically objects to Request Nos. 17–18 as overly broad, unduly burdensome, and disproportionate to the issues in this litigation and, thus, are not proper under Fed. R. Civ. P. 26(b). As understood by Fenix, Request Nos. 17-18 encompass every document in the possession, custody or control of Fenix. Such requests are not proper. Moreover, Fenix is not contesting personal jurisdiction and venue in this action and, thus, it does not appear that the discovery sought by these requests is relevant to the remaining issues. Fenix further specifically objects to Request No. 17 on the basis that Fenix does not manufacture CVD Diamonds. Fenix interprets your May 1 letter as attempting to rewrite Request Nos. 17–18 to seek "information about Fenix's offices, employees, and sales." This language is still impermissibly broad, burdensome, and beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b), particularly to the extent that Plaintiffs purport to seek information about every office, employee, and sale, without regard to the issues in this litigation. If Plaintiffs narrow Request Nos. 17-18 to focus on documents and communications relevant to issues in this litigation, Fenix will consider your requests.

### D.     Request Nos. 24–25

Fenix maintains its general and specific objections to Request Nos. 24–25, but denies that it has expressed any "belie[f] that Plaintiffs are not entitled to" responsive information, as asserted in your May 1 letter. If Plaintiffs narrow Request Nos. 24–25 "[t]o the extent Fenix relies on these documents in support of its positions" related to commercial success, Fenix will agree to produce responsive, non-privileged documents subject to its general and specific objections. In addition, as you are no doubt aware, Plaintiffs bear the burden of showing that a nexus exists between the claimed features of the invention and any objective evidence offered to show non-obviousness. *See WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999). To the extent that Plaintiffs intend to rely on such objective evidence, we look forward to a more fulsome response to Fenix's discovery, including documents and interrogatory responses, so that documents relevant to issues raised by Plaintiffs can be identified and produced.

### E.     Request No. 31

Fenix maintains its general and specific objections to Request No. 31, but denies that it has expressed any "belie[f] that Plaintiffs are not entitled to" responsive information, as asserted in your May 1 letter. Request No. 31 seeks "[a]ll documents, things, and communications that compare, . . . *Your method of manufacturing* CVD Diamonds . . . ." Fenix's specific objections state, *inter alia*, that Fenix "does not Manufacture CVD Diamonds." Subject to its general and specific objections, Fenix further specifically objects to Request No. 31 as vague and ambiguous to the extent that it purports to seek comparisons of a "method" to a "product." Fenix further specifically objects to Request No. 31 as overly broad, unduly burdensome, vague, and ambiguous to the extent that it uses the undefined phrase, "any product of Plaintiff," without identifying particular products. Fenix further specifically objects to Request No. 31 as overly

broad, unduly burdensome, vague, and ambiguous to the extent that it uses the undefined term, "compare," requiring a subjective determination as to whether information constitutes a "comparison." Furthermore, the multiple reasons in you May 1 letter for the purported relevance of Request No. 31—reverse engineering, design-around processes, sales, marketing, obviousness, and damages—reflect the overbreadth of this Request. If you provide additional information on what you are seeking, we will consider your request.

### F. Request No. 32

Your May 1 letter requests that Fenix "immediately produce any responsive documents" in response to Request No. 32. Subject to and without waiting its general and specific objections, Fenix responds that is has produced documents responsive to this request and will pursue documents responsive to this request on a rolling basis and consistent with the Case Management Plan (Dkt. No. 18). Inasmuch as Plaintiffs bear the burden of proving infringement, and have yet to explain how they can possibly pursue such a claim given the Court's claim construction, your demand for Fenix's "noninfringement" evidence also seems singularly misplaced.

### G. Request Nos. 33, 61, 69, 73–74, 76, and 78

Fenix maintains its general and specific objections to Request Nos. 33, 61, 69, 73–74, 76, and 78, but denies that it is "withholding responsive technical information regarding the accused processes" as asserted in your May 1 letter. Rather, Fenix stated in response to each of these Requests that "[s]ubject to and without waiving these or its General Objections, Fenix is willing to meet and confer in an effort to reach an agreement with Plaintiffs on an appropriate scope for th[e]s[e] request[s]."

Your May 1 letter describes Plaintiffs' apparent confusion as to "why Fenix has not agreed to produce responsive information for . . . Requests [33, 61, 69, 73–74, 76, and 78], particularly as Fenix has agreed to produce responsive information for other Requests for technical information," such as "Requests 37, 38, and 54." Among other reasons, Fenix has agreed to produce information from certain of these Requests but not others, based, at least in part, on who the Request indicates is performing the described activities. As Fenix stated in its objections and responses, Fenix "does not Manufacture CVD Diamonds." Therefore, Fenix is unable to respond to Requests that seek information regarding manufacturing-related activities allegedly performed by Fenix. Notwithstanding its general and specific objections to Request Nos. 33, 61, 69, 74, and 78, Fenix has made and continues to make good faith effort to obtain technical information from its manufacture its manufacturer Nouveau and Bhathwari who are not parties to this action. For example, and as explained above, we understand that Nouveau and Bhathwari have agreed to make their source code available pursuant to an appropriate inspection protocol. The availability of the source code should eliminate the dispute with respect to Request No. 76. We also expect that Plaintiffs will make their source code available for inspection by Fenix. If Plaintiffs oppose such production, we expect that you will let us know immediately so that we can raise this issue with the Court.

Fenix stands by its general and specific objections to Request No. 73, which does not refer directly to manufacturing-related activities. Subject to its general and specific objections, Fenix further specifically objects to Request No. 73 to the extent that it assumes, without establishing, that information about "strength or brittleness" has been "communicat[ed]" by anyone. Fenix remains willing to meet and confer in an effort to reach an agreement with Plaintiffs on an appropriate scope for Request No. 73 such that a narrowed request is relevant to a claim or defense in this action. As with the other issues, discovery is a two-way street, and Plaintiffs have failed to produce "technical information" relating to its own or other licensed processes. We expect Plaintiffs to comply with the standards that it would seek to impose upon Fenix.

**H.     Request Nos. 45–51**

Fenix objects to the statements in your May 1 letter regarding Request Nos. 45-51, which characterize these request as covering (1) "statements that Fenix and/or its employees and agents have made"; (2) "statements related to Defendants' products, facilities, manufacturing processes, corporate relationships, distributors, customers, and consumers" or (3) "statements made to Fenix's customers, distributors, and corporate partners."

Fenix maintains its general and specific objections to Request Nos. 45–48, which generally relate to "social media accounts," including Facebook, Twitter, and YouTube. Fenix confirms, as stated in its specific objections, that no Fenix-associated Facebook, Twitter, or YouTube accounts exist. Fenix disputes the assertion in footnote 1 of your May 1 letter that Fenix has an "obligation" to produce information for "inactive accounts" or "accounts that are maintained by a Fenix officer, director, employee, partner, corporate parent, subsidiary, or affiliate." Request Nos. 45–48 do not include defunct accounts for which the burden of retrieving information outweighs any alleged probative value. Furthermore, Request Nos. 45–48 do not include any "information in the possession of any Fenix officers, directors, employees, partners, corporate parent, subsidiaries or affiliates," irrespective of whether the information was "produced by or on behalf of Fenix." For example, as expanded by footnote 1 of your May 1 letter, Plaintiffs' requests purportedly cover the personal LinkedIn, Facebook, Twitter, YouTube, or other "social media accounts" for anyone who has ever worked at Fenix. Fenix objects to Plaintiffs' attempt to broaden Request Nos. 45–48 through footnote 1 on the basis that it is overly broad, unduly burdensome, and not reasonably related to the claims and defenses in this litigation. In addition, we note that Plaintiffs have not produced this information in response to Fenix's discovery requests.

Notwithstanding its general and specific objections, in response to Request No. 45, Fenix agrees to produce screen shots and "embedded video content," if any exists, for any active LinkedIn account of Fenix Diamonds LLC to the extent that such information (1) is reasonably accessible to Fenix without undue burden and expense; (2) can be located after a reasonable search; (3) is within Fenix's possession, custody, or control; and (4) has not been previously produced.

Fenix also maintains its general and specific objections to Request Nos. 49–51, which relate to certain alleged "video content." Subject to its general and specific objections, Fenix further responds as follows.

Fenix specifically objects to Request No. 49 on that basis that the video shown at the cited Vimeo URL is not associated with Fenix and was not created by or for Fenix. Therefore, Fenix is presently unaware of any responsive information in its possession, custody, or control in response to Request No. 49.

Fenix further specifically objects to Request No. 50 on the basis that Fenix is not presently aware of any "video content" posted by Fenix on YouTube. Fenix further specifically objects to Request No. 50 (as well as Request No. 49) as overly broad, unduly burdensome, and disproportionate to the issues in this litigation to the extent it seeks "[a]ny version". Subject to and without waiving its general and specific objections, Fenix agrees to produce a copy of the public video shown at the YouTube URL cited in Request No. 50 if Plaintiffs still demands such. With that said, we are at a loss as to why Plaintiffs would need a copy of a readily available public video. Further, please confirm that Plaintiffs will produce copies of all video content featuring any named inventor or any officers, directors or employees of Plaintiffs, including without limitation any YouTube videos featuring Russell Hemley. *See, e.g.,* https://www.youtube.com/watch?v=A4_l3pKhaJo.

Fenix further specifically objects to Request No. 51 to the extent that it assumes, without establishing, that "Fenix-related content was provided to Michael Hill Jewelers." Fenix further specifically objects to Request No. 51 as overly broad, unduly burdensome, vague, and ambiguous, to the extent that it does not identify a person or entity who allegedly "provided" "Fenix-related content . . . to Michael Hill Jewelers." Fenix further specifically objects to Request No. 51 to the extent that it assumes, without establishing, that Fenix provided any "Fenix-related content" to Michael Hill Jewelers that is "available at" the cited URL. Subject to and without waiving its general and specific objections, Fenix agrees to produce videos for Michael Hill Jewelers containing "Fenix-related content" to the extent that such information (1) exists; (2) can be located after a reasonable search; (3) is within Fenix's possession, custody, or control, despite being for Michael Hill Jewelers; and (4) has not been previously produced. This assumes, of course, that Plaintiffs still demand that Fenix produce public videos to which Plaintiffs have unfettered access.

### I.     Request Nos. 87–88

Fenix maintains its general and specific objections to Request Nos. 87–88, which purportedly relate to "inspection/entry onto land." Fenix has not "withh[e]ld access [to] this information," as asserted in your May 1 letter. As Fenix stated in its specific objections, Fenix "does not Manufacture CVD Diamonds." Request Nos. 87–88, however, refer to activities allegedly performed by Fenix, specifically Request No. 87 refers to "locations where *You* create" and "*Your* diamond manufacturing process," and Request No. 88 refers to "locations where *You* treat" and "*Your* diamond annealing process" (emphases added). As we have previously advised you, the diamonds supplied to Fenix are manufactured by Nouveau and Bhathwari.

As noted above, Fenix has arranged for an inspection of the Nouveau/Bhathwari manufacturing facility in Sachin Surat, India at a mutually agreeable date and time. Please prepare a suitable protocol for such an inspection so that we can provide to counsel for Nouveau and Bhathwari. Please confirm that this inspection of the Nouveau/Bhathwari manufacturing facility eliminates the dispute over these Requests.

### IV.    Plaintiffs' Unfounded Allegations Regarding Hearing on Fenix's Motion to Dismiss

Your May 14 letter again raises the same unfounded allegations as previously set forth in Mr. Moffa's letter dated April 29 regarding certain statements to the Court during the April 24, 2020 hearing on Fenix's motion to dismiss. We fully addressed Plaintiffs' baseless contentions in our letter dated May 14. As we noted, prior to bringing this action, Plaintiffs made no request for information as to the methods used to make CVD diamonds sold by Fenix. Moreover, you have failed to identify any letter, emails or other documents that support your claim that Plaintiffs made a pre-suit charge of infringement by Fenix. As we previously indicated, if Plaintiffs intend on raising this issue with the Court, Fenix will seek appropriate relief from the Court.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

/s/ Steven H. Sklar

Steven H. Sklar

cc:    Terry Wikberg
       Matt Moffa