**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION, <br><br>Plaintiffs, <br><br>v. <br><br>FENIX DIAMONDS LLC, <br><br>Defendant. | Civil Action No. 1:20-cv-00200-JSR |

**FENIX DIAMONDS LLC'S SUPPLEMENTAL SUBMISSION ITEMIZING
FEES AND EXPENSES AND REQUESTING POST- AND PREJUDGMENT INTEREST**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ........................................................................................................1 | |
| II. | THE AMOUNT TO BE RECOVERED............................................................................1 | |
| III. | FENIX'S ATTORNEY FEES WERE REASONABLE.......................................................2 | |
| | A. Fenix's U.S. Attorneys' Rates Were Reasonable ......................................................3 | |
| | B. The Hours Expended by Fenix's Attorneys Were Reasonable................................7 | |
| | C. Fenix's Indian Attorney Fees Were Reasonable........................................................8 | |
| IV. | FENIX'S EXPERT EXPENSES WERE REASONABLE....................................................8 | |
| V. | FENIX'S OTHER NON-TAXABLE COSTS WERE REASONABLE AND SHOULD BE RECOVERED ......................................................................................10 | |
| VI. | FENIX SHOULD BE AWARDED INTEREST ON ITS RECOVERY OF ATTORNEY FEES AND NON-TAXABLE EXPENSES..................................................11 | |
| | A. Fenix Should Be Awarded Post-Judgment Interest ................................................11 | |
| | B. Fenix Should Be Awarded Prejudgment Interest....................................................11 | |
| VII. | CONCLUSION...........................................................................................................13 | |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*,
  10 CIV. 1853 PGG, 2011 WL 1002439 (S.D.N.Y. Mar. 16, 2011) ..........................................6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*,
  522 F.3d 182 (2d Cir. 2007)....................................................................................................3

*Bergerson v. New York State Office of Mental Health*,
  652 F.3d 277 (2d Cir. 2011)....................................................................................................2

*Blum v. Stenson*,
  465 U.S. 886 (1984).................................................................................................................3

*Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*,
  No. 14-cv-6911, 2016 WL 658310 (S.D.N.Y. Feb. 17, 2016) ...............................................12

*Clarke v. Frank*,
  960 F.2d 1146 (2d Cir. 1992)..................................................................................................7

*Cleo D. Mathis & Vico Prods. Mfg. Co. v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988)...............................................................................................11

*Copper Liquor, Inc. v. Adolph Coors Co.*,
  701 F.2d 542 (5th Cir. 1983) ................................................................................................11

*Diplomatic Man, Inc. v. Nike, Inc.*,
  No. 08 Civ. 139, 2009 WL 935674 (S.D.N.Y. Apr. 7, 2009).........................................6, 8, 10

*Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*,
  No. 15-CIV-10154, 2023 WL 3815276 (S.D.N.Y. June 5, 2023)...........................................5

*GAKM Res. LLC v. Jaylyn Sales Inc.*,
  No. 08 Civ. 6030, 2009 WL 2150891 (S.D.N.Y. July 20, 2009) ............................................6

*GM Corp. v. Devex Corp.*,
  461 U.S. 648 (1983)...............................................................................................................12

*Harley v. Nesby*,
  No. 08 Civ. 5791 (KBF) (HBP), 2012 WL 1537881 (S.D.N.Y. May 2, 2012).........................3

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................................ 7

*LeBlanc-Sternberg v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998) ................................................................................................... 11

*MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*,
    No. 16 CIV. 8103 (LGS), 2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017) ................................. 5

*NetSoc, LLC v. Chegg Inc.*,
    No. 18-CV-10262 (RA), 2020 WL 7264162 (S.D.N.Y. Dec. 10, 2020) ................................... 5

*Regeneron Pharms., Inc. v. Merus N.V.*,
    No. 14-cv-1650 (KBF), 2018 WL 3425013 (S.D.N.Y. Jun. 25, 2018) ................................... 12

*Reiter v. MTA N.Y. City Transit Auth.*,
    457 F.3d 224 (2d Cir. 2006) ..................................................................................................... 3

*Santa Fe Nat. Tobacco Co. v. Spitzer*,
    00 Civ. 7750 (LAP), 2002 WL 498631 (S.D.N.Y. Mar. 29, 2002) .......................................... 7

*Simmons v. N.Y. City Transit Auth.*,
    575 F.3d 170 (2d Cir. 2009) .................................................................................................. 2, 3

*Themis Capital v. Democratic Republic of Congo*,
    No. 09 Civ. 1652 (PAE), 2014 WL 4379100 (S.D.N.Y. Sept. 4, 2014) .................................... 6

*Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*,
    No.3: 10CV60 JBA, 2012 WL 4092515 (D. Conn. Sept. 17, 2012) ......................................... 6

*U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Markets.*,
    No. 12 Civ. 9412 (PAE), 2016 WL 6996176 (S.D.N.Y. Nov. 30, 2016) ................................. 5

*VR Optics, LLC v. Peloton Interactive, Inc.*,
    No. 16-CV-6392 (JPO), 2021 WL 1198930 (S.D.N.Y. Mar. 30, 2021) .............................. 6, 12

**Statutes**

28 U.S.C. § 1961 ............................................................................................................................ 11

N.Y. C.P.L.R. § 5004 ............................................................................................................... 12, 13

I.  **INTRODUCTION**

On February 21, 2024, the Court "grant[ed] Fenix's motion for attorneys' fees and non-taxable expenses for work performed after July 14, 2020" and ordered Fenix Diamonds LLP ("Fenix") to submit a supplemental filing that itemizes the requested fees and expenses. ECF No. 192, Opinion & Order, at 17. Pursuant to the Court's Order, Fenix respectfully submits this memorandum itemizing the attorney fees and non-taxable expenses Fenix incurred and paid in defending *Carnegie et al. v. Fenix*, No. 2:20-cv-200-JSR. Fenix further submits supporting documentation showing those fees and expenses as well and their reasonableness, which is attached to the declaration of Wei-Chih Hsu filed currently herewith.

Finally, Fenix requests that the Court order Carnegie to pay post- and prejudgment interest on the attorney fees award.

II.  **THE AMOUNT TO BE RECOVERED**

Table 1 below summarizes the attorney fees and expenses to be recovered by Fenix. Exhibit A to the Declaration of Wei-Chih Hsu contains a detailed breakdown of the fees and expenses by invoice.[1] Copies of the invoices themselves are located at Exhibits B-J to the Declaration.

**Table 1. Attorney Fees and Expenses to Be Recovered**

| Source & Description | Expense Type | Amount | Exhibit |
|---|---|---|---|
| Leydig, Voit & Mayer, Ltd.[2] (lead counsel 2020-December 2022) | Attorney Fees | $2,007,375.50 | B |

---

[1] "Ex." refers to the exhibits to the declaration of Wei-Chih Hsu filed concurrently herewith.

[2] Leydig agreed to discount its final two invoices dated December 28, 2022 and January 9, 2023 in view of Leydig's request that Fenix retain new counsel due to a conflicts issue. Fenix seeks reimbursement only for the amount paid on these two invoices.

1

| Source & Description | Expense Type | Amount | Exhibit |
|---|---|---|---|
| Crowell & Moring LLP (local and lead counsel December 2022-present) | Attorney Fees | $411,759.25 | C |
| Bryan Cave Leighton Paisner LLP (local counsel 2020-December 2022) | Attorney Fees | $122,504.12 | D |
| Imran H. Samol (Indian counsel that assisted with Nouveau discovery) | Attorney Fees | $1085.71 | E |
| Apurva Sharad Vakil (Indian counsel that assisted with Nouveau discovery) | Attorney Fees | $4,825.36 | F |
| Total Attorney Fees: | | $2,547,549.94 | |
| Ankura Consulting Group, LLC (David Yurkerwich) | Non-Taxable Cost – Expert Fees | $283,540.00 | G |
| Exponent, Inc. (Dr. John Martens) | Non-Taxable Cost – Expert Fees | $92,021.70 | H |
| ExpertLink LLC (Dr. J. Michael Pinneo) | Non-Taxable Cost – Expert Fees | $209,642.46 | I |
| Complete Discovery Source, Inc. | Non-Taxable Cost – Discovery Database Expenses | $91,259.32 | J |
| Trial Media (summary judgment presentation) | Non-Taxable Cost – Graphics assistance | $1,121.25 | B |
| Westlaw/Research Services | Non-Taxable Cost – Legal Research | $11,345.69 | B, C, D |
| Document Retrieval | Non-Taxable Cost | $4,189.30 | B |
| Total Non-Taxable Expenses | | $693,119.72 | |
| Total Fees & Expenses | | $3,240,669.66 | |

### III.   FENIX'S ATTORNEY FEES WERE REASONABLE

"Attorneys' fees are awarded by determining a presumptively reasonable fee reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (citing *Simmons v. N.Y.*

2

*City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  The billing rates of Fenix's attorneys and the hours spent are both reasonable.

### A. Fenix's U.S. Attorneys' Rates Were Reasonable

A reasonable hourly rate is the rate that a "paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2007). The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). This Court considers the relevant community to be the Southern District of New York. *See Simmons*, 575 F.3d at 175-76.  Due to the complexity of intellectual property litigation as compared to other types of civil litigation, "higher rates have been found reasonable for experienced intellectual property litigators in New York City, given the complexity of the work." *Harley v. Nesby*, No. 08 Civ. 5791 (KBF) (HBP), 2012 WL 1537881, at *9 (S.D.N.Y. May 2, 2012) (citing *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, 04 Civ. 5002(JSR), 2005 WL 2063819 at *4 (S.D.N.Y. Aug. 24, 2005) (Rakoff, J.)).

Fenix seeks reimbursement for its U.S. attorney fees incurred by three law firms who represented Fenix over the four years this litigation has been pending.  Attorneys from the intellectual property boutique law firm Leydig Voit & Mayer, Ltd. ("Leydig") served as lead counsel from the inception of the case until December 2022.  Leydig was assisted by local counsel from the law firm Bryan Cave Leighton Paisner LLP ("Bryan Cave") who were experienced in litigating in the Southern District of New York.  While the case was on appeal, Fenix's lead attorney left Leydig to form Consolidated Legal LLP.  Fenix engaged Consolidated Legal and new

3

counsel from the law firm Crowell & Moring LLP. Crowell & Moring and Consolidated Legal are now the lead counsel upon the return of the case to the district court.

Tables 2-4 below summarize individuals who contributed to the representation of Fenix in this matter after July 20, 2020.

Table 2: Leydig Voit & Mayer, Ltd. (lead counsel 2020 to December 2022)

| Timekeeper | Role | Year of First Bar Admission | Hourly Rate |
|---|---|---|---|
| David M. Airan | Attorney – Shareholder | 1990 | 485.00~520 |
| Steven H. Sklar | Attorney – Shareholder | 1996 | 485.00~520 |
| Paul J. Filbin | Attorney – Shareholder | 1999 | 430.00~440.00 |
| Nicole E. Kopinski | Attorney – Shareholder | 2005 | 400.00~410.00 |
| Michael J. Schubert | Attorney – Member (i.e., Junior Partner) | 2013 | 360.00~375.00 |
| Kevin B. Liu | Attorney – Member | 2016 | 320.00 |
| Maxwell Snow | Attorney – Associate | 2016 | 335.00~380.00 |
| Wallace Feng | Attorney – Associate | 2018 | 295.00~305.00 |
| James W. Sanner | Attorney – Associate | 2018 | 325.00 |
| Keelin D. Bielski | Attorney – Associate | 2019 | 275.00~290.00 |
| Hughie C. Kellner | Attorney – Associate | 2021 | 225.00 |
| Erika Staggs | Paralegal | N/A | 225.00 |

Table 3: Bryan Cave Leighton Paisner LLP (local counsel 2020 to December 2022)

| Timekeeper | Role | Year of First Bar Admission | Hourly Rate |
|---|---|---|---|
| Daniel Waxman | Attorney – Partner | 1993 | 965.00 |
| Joseph J. Richetti | Attorney – Partner | 1999 | 955.00 |
| Jean-Claude André | Attorney – Partner | 2001 | 900.00 |
| Monica Carroll | Attorney – Counsel | 1979 | 785.00 |
| Frank M. Fabiani | Attorney – Associate | 2015 | 735.00 |
| Paul B. Sudentas | Attorney – Associate | 2008 | 690.00 |
| George G. Brell | Attorney – Associate | 2011 | 565.00 |
| Todd Brittain | Paralegal | N/A | 350.00 |

Table 4: Crowell & Moring LLP (co-lead counsel December 2022-present)[3]

| Timekeeper | Role | Year of First Bar Admission | Hourly Rate |
|---|---|---|---|
| Harold V. Johnson[4] | Attorney – Partner | 1984 | 905.00 |
| Mark Remus | Attorney – Partner | 1997 | 890.00 |
| Laura Lydigsen | Attorney – Partner | 2005 | 790.00 |
| Anne Li | Attorney – Partner (NY) | 2007 | 975.00 |
| Wei-Chih Hsu | Attorney – Associate | 2021 | 420.00 |
| Kassidy Schmitz | Attorney – Associate | 2023 | 600.00 |
| Laine Cadwallader | Attorney – Associate | 2023 | 410.00 |
| Marie Swanson | Paralegal | N/A | 420.00 |
| Alissa Askuvich | Paralegal | N/A | 290.00 |
| Meredith Greisman | Paralegal | N/A | 290.00 |
| Jennifer Koertge | Legal Staff | N/A | 220.00 |

Courts in the Southern District of New York, and other districts applying New York rates, have recently approved hourly rates for attorneys and paralegals of similar experience that are comparable to the rates of Fenix's attorneys and paralegals. *See, e.g.*, *Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, No. 15-CIV-10154, 2023 WL 3815276, at *10 (S.D.N.Y. June 5, 2023) (approving 2021 rates of $675 per hour for an intellectual property litigator having 27 years' experience and $225 per hour for a paralegal); *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262 (RA), 2020 WL 7264162, at *6-7 (S.D.N.Y. Dec. 10, 2020) (approving hourly rates of $787.50 for a partner, $567 for a tenth-year associate, and $301.5 for a paralegal); *MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16 CIV. 8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (approving rates of $210.75 to $437.30 per hour for non-legal staff; $569.02 to $753.42 per hour for associates and $874.60 to $1,048.47 per hour for partners); *U.S.*

---

[3] Consolidated Legal's invoices are not submitted for reimbursement.

[4] Mr. Johnson's time appears on a separate invoice from his former firm, Brinks Gilson & Lione. Brinks combined with Crowell & Moring in July 2021. In order to assist with the combination, Mr. Johnson remained a Brinks' employee until recently.

*Bank Nat'l Ass'n v. Dexia Real Est. Cap. Markets.*, No. 12 Civ. 9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (citing *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014)) ("[P]artner billing rates in excess of $1,000 an hour are by now not uncommon in the context of complex commercial litigation."); *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2021 WL 1198930, at *5 (S.D.N.Y. Mar. 30, 2021) (approving rates as high as $690 per hour for associates and $845 per hour for partners), *aff'd*, No. 2021-1900, 2023 WL 2031213 (Fed. Cir. Feb. 16, 2023). Even ten years ago, myriad decisions in this district held rates in the ranges of Fenix's attorneys were reasonable.[5] *See also* Ex. K, at 103 (showing trend of the increase in average hourly billing rate).

Industry reports on average rates for intellectual property attorneys likewise indicate that the hourly rates of Fenix's attorneys were reasonable and in line with the prevailing rates for lawyers of comparable skill, experience, and reputation. *See, e.g.*, Ex. K, AIPLA 2023 Report of the Economic Survey; Ex. L, AIPLA 2021 Report of the Economic Survey; Ex. M, 50th Annual Survey of Law Firm Economics ("ALM Report"). According to reports from the American

---

[5] *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 10 CIV. 1853 PGG, 2011 WL 1002439, at *5-6 (S.D.N.Y. Mar. 16, 2011) (approving rate of $761 per hour for senior partner with 35-year experience, $616 per hour for partner with 17-year experience, and $251 per hour for paralegals' work) *aff'd*, 483 F. App'x 634 (2d Cir. 2012); *GAKM Res. LLC v. Jaylyn Sales Inc.*, No. 08 Civ. 6030, 2009 WL 2150891, at *7-8 (S.D.N.Y. July 20, 2009) (approving $600 to $650 hourly rate for intellectual property attorneys at a national law firm with 20 to 30-year experience, and $525 hourly rate for an attorney at a national law firm with 11-year experience in trademark infringement case); *Diplomatic Man, Inc. v. Nike, Inc.,* No. 08 Civ. 139, 2009 WL 935674, at *5-6 (S.D.N.Y. Apr. 7, 2009) (awarding $650 per hour for a partner and $200 per hour for a paralegal); *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No.3: 10CV60 JBA, 2012 WL 4092515, at *2 (D. Conn. Sept. 17, 2012) (applying New York rates and approving of $850/hour for partner with 30-year experience, $725/hour for partner with 18-year experience, and $680/hour for partner with 16-year experience).

Intellectual Property Law Association ("AIPLA"), the median hourly rate of equity partners in New York City during the relevant time period rose from $600 in 2020 to $670 in 2022, which is the most recent AIPLA survey available. Ex. K at I-34; Ex. L at I-37. Across the surveyed regions, the median hourly rate of partner-track attorneys was $390 in 2020 and $400 in 2022. Ex. K at I-47, I-49. For law firms of more than 101 attorneys like Bryan Cave and Crowell & Moring here, the overall median hourly rate goes up to $621. Ex. K at 102. Likewise, the ALM Report shows a range between $465 (for 2-3 years of experience) to $1,045 (for 31 or more years of experience) median hourly rate for litigators in the intellectual property area. Ex. M, at 17.

### B. The Hours Expended by Fenix's Attorneys Were Reasonable

A court first looks to the time and work as they are documented by the attorneys' records to evaluate the reasonableness of the time expanded by the attorneys. *Santa Fe Nat. Tobacco Co. v. Spitzer*, 00 Civ. 7274 (LAP), 2002 WL 498631, at *3 (S.D.N.Y. Mar. 29, 2002). The court also considers "its own familiarity with the case . . . and its experience generally . . . [b]ecause attorney's fees are dependent on the unique facts of each case." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Here, Fenix has submitted a compilation of invoices from Fenix's attorneys, which specifies, for each attorney and legal staff, the date, the hours expended, and the nature of the work done by Fenix's attorneys. *See* Exs. B-D. Further, Fenix has diligently adjusted its fee request by deducting charges from the invoices that are not directly related to its defense of this litigation. A spreadsheet summarizing the attorney fees, expenses, and downward adjustments is attached as Exhibit A.

The reasonableness of Fenix's fees is further confirmed by the fact that Fenix's fees were lower than those accrued by Plaintiffs' counsel during the same time period. M7D's bankruptcy

7

filing lists the law firm that jointly represented Plaintiffs, Perkins Coie, as a creditor for the amount of $2,829,620.54, based on expenses accrued between October 1, 2020 to June 5, 2023. Fenix is unaware of any other matters in which Perkins represented Plaintiffs and thus believes Plaintiffs' attorney fees were at least $2.8 million from October 2020 to present. Ex. N, at 11. Notably, Fenix incurred lower fees ($2.5 million) over a longer period of time (since July 2020), which captures a particularly busy time period from July to October 2020 that is not reflected in the Perkins Coie fees reported in the bankruptcy filing.

Finally, the payment of these invoices by Fenix, a sophisticated consumer of legal services, is also evidence that the fees are reasonable and that the quality of work met the client's expectations. *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139 (GEL), 2009 WL 935674, at *6 (S.D.N.Y. Apr. 7, 2009).

### C. Fenix's Indian Attorney Fees Were Reasonable

Fenix's attorney fees in this matter also included modest invoices from two Indian attorneys, Apurva Vakil and Imran H. Samol, who were retained to assist with discovery of Fenix's supplier for the accused products, which is located in India. Exs. E & F. The cost of retaining these attorneys to assist with discovery in-person in India totaled less than $6,000, which is far less than it would have cost to have a U.S. attorney travel to India to perform the same work. The reasonableness of the Indian fees is further evidenced by the fact that Fenix paid them. *See Diplomatic Man*, 2009 WL 935674, at *6.

## IV. FENIX'S EXPERT EXPENSES WERE REASONABLE

The reasonableness of the hourly billing rates of Fenix's experts is demonstrated by the fact that they are comparable to the rates of the experts retained by Plaintiffs. *See* Ex. P (compiling documentation of expert qualifications). Table 5 below summarizes the hourly rates of Fenix's

8

and Plaintiffs' experts. As shown, most of the hourly rates of Fenix's experts were lower than those of Plaintiffs' corresponding expert and never more than $80 more. Further, Fenix's damages and non-infringement experts employed assistants with lower hourly rates to assist in drafting their reports.

**Table 5: Hourly Rates of the Parties' Experts and their Assistants**

| Retaining Party | Timekeeper | Hourly Rates | Role |
|---|---|---|---|
| Fenix | J. Michael Pinneo, Ph.D. | 480.00 | Non-infringement and invalidity expert |
| | David Yurkerwich | 700.00 | Damages expert |
| | Boris Grinberg | 375.00 | Assistant of Mr. Yurkerwich |
| | Matthew Sepe | 275.00 | Assistant of Mr. Yurkerwich |
| | Ignat Kulinka | 325.00 | Assistant of Mr. Yurkerwich |
| | John D Martens, Ph.D. | 540.00 | Non-infringement expert |
| | Nareg Sinenian, Ph.D. | 365.00 | Assistant of Dr. Martens |
| | Erik Urban, Ph.D. | 275.00 | Assistant of Dr. Martens |
| | Barbara A. Ashley | 115.00 | Assistant of Dr. Martens |
| Plaintiffs | Michael Capano, Ph.D. | 400.00 | Infringement expert |
| | Karen K. Gleason, Ph.D. | 600.00 | Validity expert |
| | John C. Jarosz | 820.00 | Damages expert |

The record shows that the hours expended by Fenix's experts were reasonable. For example, Dr. Capano's infringement report – to which Fenix's expert, Dr. Pinneo, responded – was 174 pages in length. Both sides' invalidity experts offered over 350 pages of opinions on that topic. Notably, Fenix's invalidity expert was also required to address invalidity of the '078 patent twice: once under the Court's claim constructions and again under Plaintiffs' "erroneous" claim constructions. *See* Ex. Q, Pinneo Opening Rep. ¶¶ 105-122, 148-151.

Fenix has submitted a compilation of invoices from Fenix's experts, which specifies the date, the hours expended, and the nature of the work done by Fenix's experts and their assistants. *See* Exs. G, H, I. A spreadsheet summarizing the expert expenses is submitted as Ex. A.

9

Likewise, Fenix's payment of the experts' invoices is evidence that the fees are reasonable and that the quality of work met the clients' satisfaction. *Diplomatic Man*, 2009 WL 935674, at *6.

## V. FENIX'S OTHER NON-TAXABLE COSTS WERE REASONABLE AND SHOULD BE RECOVERED

The Court's Order also directs Fenix to submit documentation of other non-taxable costs for work performed after July 14, 2020.[6] ECF No. 192 at 17. In addition to expert fees, those non-taxable costs for which Fenix seeks reimbursement include e-discovery collection, processing, and hosting, which was provided by Complete Discovery Source ("CDS"). To ensure prompt access to discovery documents through the initial litigation, appeal, and post-appeal motion practice, Fenix was forced to maintain the e-discovery database with a monthly charge for the data hosting, user licenses to access it, and management for over two years. Fenix has submitted a compilation of the invoices from CDS. Ex. J. According to CDS, "CDS is the first choice of the Am Law 100 and Fortune 500, and is repeatedly recognized by the readers of the National Law Journal as Best in End-to-End eDiscovery." Ex. R, at 4. CDS charged $8 per gigabyte for storage and $75 per user license, which is competitive with other comparable vendors. *E.g.*, Ex. J at 23; Ex. S, at 5 ("[L]arge eDiscovery firms now charge $50-75/GB for processing and $25-50/GB/Month for hosting."). To reduce costs to $3 per gigabyte, Fenix had the data near-lined during appeal. *E.g.*, Ex. J at 79 (6/30/22 invoice). Fenix has paid CDS's invoices, which are therefore consistent with what a paying a client would be willing to pay and therefore are reasonable.

Fenix's non-taxable costs in this matter also included $11,345.69 in charges for legal research from Westlaw and $4,189.30 for scientific articles needed for the experts' analysis of the

---

[6] Fenix and Carnegie agreed to an amount of reimbursement for taxable costs such as transcripts and deposition expenses recoverable under Local Civil Rule 54.1, and therefore Fenix does not seek reimbursement for those costs with this submission.

10

issues. These charges were reasonable given the claim construction, summary judgment, and appellate briefing in this matter and should be recouped by Fenix. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (holding that "[a]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients," such as "computerized legal research").

## VI. FENIX SHOULD BE AWARDED INTEREST ON ITS RECOVERY OF ATTORNEY FEES AND NON-TAXABLE EXPENSES

### A. Fenix Should Be Awarded Post-Judgment Interest

Fenix should be awarded post-judgment interest on the Court's award of attorney fees pursuant to 28 U.S.C. § 1961. The statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Id.* "'Any judgment' in Section 1961 includes a judgment awarding attorney fees." *Cleo D. Mathis & Vico Prods. Mfg. Co. v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) (citing *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544 (5th Cir. 1983)). Fenix therefore respectfully requests that the Court's order awarding fees specify that Fenix be awarded its fees consistent with Section 1961.

### B. Fenix Should Be Awarded Prejudgment Interest

The Federal Circuit has held that district courts "have authority, in case of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award made under Section 285." *Mathis*, 857 F.2d at 761. The Court here has held that "this is an exceptional case in which plaintiffs acted vexatiously." ECF No. 192 at 15. Accordingly, an award of prejudgment interest is appropriate. Prejudgment interest both redresses the harm

11

Plaintiffs inflicted upon Fenix, for damages include "the foregone use of the money," and deters wrongdoers from prolonging litigation to take advantage of inflation and investment returns. *GM Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983) (holding that a patentee's damages for infringement necessarily include the lost time value of money).

When reimbursing a defendant for attorney fees under Section 285, courts in this district have applied the New York statutory prejudgment interest rate of 9%. N.Y. C.P.L.R. § 5004 ("Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."); *E.g.*, *Regeneron Pharms., Inc. v. Merus N.V.*, No. 14-cv-1650 (KBF), 2018 WL 3425013, at *7 (S.D.N.Y. Jun. 25, 2018) (awarding prejudgment interest under N.Y. C.P.L.R. § 5004 on fees recovered under Section 285 because "9% is the amount often awarded in this district") (citing *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14-cv-6911, 2016 WL 658310, at *12 (S.D.N.Y. Feb. 17, 2016), *report and recommendation adopted*, No. 14-cv-6911, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016)). Courts "ordinarily calculate prejudgment interest as running from the date each legal bill was invoiced to or paid by the party." *VR Optics, LLC v. Peleton Interactive, Inc.*, No. 16-cv-6392 (JPO), 2021 WL 1198930, at *5 (S.D.N.Y. Mar. 30, 2021) (awarding prejudgment interest at 9% rate in breach of contract dispute) *aff'd*, No. 2021-1900, 2023 WL 2031213 (Fed. Cir. Feb. 16, 2023).

Exhibit T contains Fenix's calculations on pre-judgment interest if the Court awards the full $3,240,669.66 in attorney fees and non-taxable expenses requested. As shown in Exhibit T, the award of prejudgment interest using the rate set out in N.Y. C.P.L.R. § 5004 would be $822,660.31.

## VII. CONCLUSION

Fenix's submission shows the reasonableness of the attorney fees and expenses to be recovered, and Fenix respectfully requests this Court to grant the requested amount along with post- and prejudgment interest.

Dated: February 28, 2024

 /s/ Wei-Chih Hsu
Anne E. Li
Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, New York 10022
ali@crowell.com
(212) 223-4000

Mark H. Remus (*pro hac vice*)
Laura A. Lydigsen (*pro hac vice*)
Wei-Chih Hsu (*pro hac vice*)
Crowell & Moring LLP
455 N. Cityfront Plaza Drive
NBC Tower
Chicago, Illinois 60611
mremus@crowell.com
llydigsen@crowell.com
whsu@crowell.com
(312) 321-4200

Maxwell B. Snow (*pro hac vice*)
Consolidated Legal, LLC
990 N. Lake Shore Drive
Chicago, IL 60611
msnow@consolidated.legal

*Counsel for Defendant Fenix Diamonds LLC*