IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX DIAMONDS LLC, <br><br> Defendant. | Civil Action No. 1:20-cv-00200-JSR |

**FENIX DIAMONDS LLC'S REPLY IN SUPPORT OF THE REASONABLENESS OF ITS FEES, EXPENSES, AND REQUEST FOR POST- AND PREJUDGMENT INTEREST AS PROVIDED IN ITS SUPPLEMENTAL SUBMISSION DATED FEBRUARY 28, 2024**

**TABLE OF CONTENTS**

I. LEYDIG'S HOURS AND BILLING DESCRIPTIONS WERE REASONABLE ................................................................................................................ 2

II. FENIX'S COUNSEL'S RATES WERE REASONABLE ................................................. 4

III. THERE WERE NO "EXCESSIVE" OR "REDUNDANT" FEES FROM BRYAN CAVE AND CROWELL ...................................................................................... 5

IV. PREJUDGMENT INTEREST AT THE NEW YORK RATE IS WARRANTED ........................................................................................................................ 5

V. CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AdjustaCam LLC v. Amazon.com, Inc.*,
  No. 6:10-cv-00329, 2018 WL 3738442 (S.D.N.Y. Aug. 8, 2017) ...........................................4

*4-Pillar Dynasty LLC v. New York & Co.*,
  No. 16-cv-2823, 2017 WL 3738442 (S.D.N.Y. Aug. 9, 2017)..................................................5

*Aptive Env't, LLC v. Village of E. Rockaway*,
  No. 19-cv-3365, 2022 WL 5434178 (S.D.N.Y. July 8, 2022)...................................................4

*Blackbird Tech LLC v. Health in Motion LLC*,
  944 F.3d 910 (Fed. Cir. 2019).................................................................................................4

*Blowers v. Lawyers Coop. Publ'g Co.*,
  526 F. Supp. 1324 (W.D.N.Y. 1981) ......................................................................................1

*Deadwood Canyon Ranch, LLP v. Fid. Expl. & Prod. Co.*,
  No. 4:10-cv-081, 2014 WL 11531553 (D.N.D. Jun. 26, 2014).................................................1

*Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*,
  264 F. Supp. 2d 753 (S.D. Ind. 2003) ..................................................................................2, 4

*Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co.*,
  No. 15-cv-10154, 2023 WL 3815276 (S.D.N.Y. June 5, 2023) ................................................4

*Hudson Furniture, Inc. v. Mizrahi*,
  No. 20-cv-4891, 2024 WL 565095 (S.D.N.Y. Feb. 7, 2024) ....................................................2

*Kirsch v. Fleet St., Ltd.*,
  148 F.3d 149 (2d Cir. 1998).....................................................................................................4

*Mendez v. Radec Corp.*,
  818 F. Supp. 2d 667 (W.D.N.Y. 2011) ....................................................................................1

*Pop Top Corp. v. Rakuten Kobo Inc.*,
  No. 2021-2174, 2022 WL 2751662 (Fed. Cir. July 14, 2022)..................................................5

*Regeneron Pharms., Inc. v. Merus N.V.*,
  No. 14-cv-1650, 2018 WL 3425013 (S.D.N.Y. June 25, 2018) ...............................................5

*Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*,
  No. 14-4739, 2018 WL 11355086 (D.N.J. 2018) ....................................................................5

*Top Jet Enters., Ltd. v. Kulkowiec*,
  No. 21-MC-789, 2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022)............................................2, 4

*United States v. Omnicare, Inc.*,
  No. 12-cv-275, 2015 WL 1726474 (S.D.N.Y. Apr. 15, 2015) ...............................................2, 3

**Statutes**

35 U.S.C. § 1961...............................................................................................................................5

Plaintiffs sought an injunction that would have put Fenix out of business. Carnegie now criticizes Fenix for mounting a defense commensurate with that risk. Despite the successful outcome and the fact that Fenix actually paid the incurred fees and costs, Carnegie incongruously argues that Fenix's counsel did nothing reasonable in the course of successfully defending their client – not the hours billed, time-entry descriptions, or rates. While Carnegie asks the Court to nitpick the minutiae of Fenix's bills, it simultaneously asks the Court to ignore the big picture, including the fees Plaintiffs incurred in the same case, a factor described as "critical" to the reasonableness inquiry.[1] Plaintiffs accrued more attorney fees since September 2020 (over $2.8M) than Fenix did in a shorter time ($2.5M). Dkt. 196, Ex. N at 11. To address Carnegie's critiques of Fenix's fees, Fenix asked Carnegie to disclose the rates and full fees for its attorneys. Ex. U, Email Chain. Carnegie's refusal speaks volumes – the rates and fees charged by Plaintiffs' counsel were at least as high as Fenix's and Carnegie's hypocritical critique lacks merit.

Carnegie goes so far as to say that Fenix should not be compensated because any work done by Fenix after July 2020 was unnecessary given that Plaintiffs' infringement positions were "objectively unreasonable" after that date. Dkt. 197 at 6, 10. But in its decision finding Plaintiffs' case was exceptional after June 2020, the Court already expressly decided that Plaintiffs, including Carnegie, are responsible for the resources Fenix spent disproving Plaintiffs' frivolous positions. Dkt. 192 at 8, 12. Carnegie's attempts to relitigate this already-decided issue should be rejected. If Carnegie wanted to avoid liability for Perkins unreasonably pursuing this case for 3 years in its name, it was Carnegie's responsibility to say, "Stop" before forcing Fenix to incur millions in fees.

---

[1] *Deadwood Canyon Ranch, LLP v. Fid. Expl. & Prod. Co.*, No. 4:10-cv-081, 2014 WL 11531553, at *5 (D.N.D. Jun. 26, 2014). The other side's rates and fees are frequently held relevant. *Mendez v. Radec Corp.*, 818 F. Supp. 2d 667, 668-69 (W.D.N.Y. 2011) (ordering discovery of defendants' fees where they disputed the reasonableness of plaintiffs' fees at issue); *Blowers v. Lawyers Coop. Publ'g Co.*, 526 F. Supp. 1324, 1327 (W.D.N.Y. 1981) (same).

Instead, Carnegie did the exact opposite.

**I.     Leydig's Hours And Billing Descriptions Were Reasonable**

Fenix should be granted its fees for time block-billed by Leydig.  Carnegie's own case law acknowledges that block-billing is not *per se* noncompensable under circumstances like those here. *See Top Jet Enters., Ltd. v. Kulkowiec*, No. 21-MC-789, 2022 WL 1184245, at *5 (S.D.N.Y. Apr. 21, 2022).  The amount of time Leydig billed for the tasks was neither "independently unreasonable," nor were compensable and non-compensable tasks grouped together. *See id.*  Many of the entries are also less than 5 hours.  *E.g.*, Dkt. 196-2 at 5-6 (3.8, 3.7, 2.4, 1.6, 3.3, 4.2), *cited by* Dkt. 197 at 4.  Courts routinely award fees on block-billed time under similar circumstances. *E.g.*, *Hudson Furniture, Inc. v. Mizrahi*, No. 20-cv-4891, 2024 WL 565095, at *12 (S.D.N.Y. Feb. 7, 2024) (awarding block-billed fees that were "sufficiently detailed for the Court to readily conclude that the tasks performed, the time spent, and the fees charged all are reasonable"); *United States v. Omnicare, Inc.*, No. 12-cv-275, 2015 WL 1726474, at *3 (S.D.N.Y. Apr. 15, 2015) (same).

The main example Carnegie identifies for its claim that Leydig's block-billing was vague is an entry from Mr. Airan on August 13, 2020.[2]  Dkt. 197 at 4.  Carnegie feigns ignorance about which expert was intended by "preparing expert report" although surrounding entries identify Mr. Yurkerwich as the relevant expert. Dkt. 196-2 at 17 (7/28/20 entry).  Carnegie also complains that Mr. Airan's consultation with antitrust counsel is "unrelated" to the case.  Dkt. 197 at 4.  Not so.  Fenix rightfully considered whether to raise antitrust counterclaims upon learning that M7D was

---

[2] Carnegie's other complaints are equally flawed.  Mr. Kellner reasonably could have spent 5.7 hours on either block-billed task (researching or attending a deposition) and "double-teaming a deposition is not unreasonable." *Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*, 264 F. Supp. 2d 753, 772 (S.D. Ind. 2003); Dkt. 196-2, at 25.  Nor was it excessive for associates to spend 8+ hours reviewing and analyzing hundreds of pages testimony, including prior case testimony from Mr. Jarosz, a professional economics expert.  Dkt. 196-3, at 22 (WHF), 30 (MBS); Dkt. 197 at 7.

baselessly threatening Fenix's customers. Dkt. 192 at 16 n.7.

Carnegie makes conclusory accusations that Leydig overstaffed and spent excessive time on certain tasks. Dkt. 197 at 5-6. Nothing is "strange" about five attorneys taking 620.9 hours to help Dr. Pinneo prepare a 374-page report on dense, technical topics like the physics of diamond growth, along with 100+ pages of detailed claim charts. Ex. V. Fenix's other reports were likewise lengthy and thus required multiple attorneys to divide up tasks. *Id*. Carnegie misleadingly cites a case frowning on triple-teaming to *attend* a deposition to argue that Leydig overstaffed by having two junior partners and one associate *prepare* a first-time witness for deposition. Dkt. 197 at 5 (citing *Lilly*, 264 F. Supp. 2d at 771-79); Ex. CC, 6:13-15. Deposition attendance and preparation are not the same. It was perfectly reasonable for three attorneys to find relevant documents, review them with the witness, and offer mock questions to familiarize her with the format and rules.

Carnegie engages in classic victim-blaming in its final complaints about Leydig. Dkt. 197 at 6-7. Plaintiffs' expert Dr. Capano offered a 175-page report (plus 50 pages of "analyses") opining that Fenix infringed under an already-rejected claim construction. Ex. V; Dkt. 163 at 13-14. Fenix had no choice but to respond to that report in full because, as the Court already found, Carnegie "refused to provide any supplementation of their infringement contentions in advance of their opening expert reports" to leave Fenix "without any real information about what plaintiffs intended to argue." Dkt. 192 at 12.[3] Fenix was not obliged to gamble by not responding to Dr. Capano's source-code-based infringement arguments and instead rely exclusively on "Nouveau's photographs standing alone," as Carnegie now suggests. Dkt. 197 at 6-7; Ex. W, ¶¶ 163, 196, 301. Indeed, Plaintiffs attempted to exclude the photographs from the Court's consideration on

---

[3] These findings also rebut Carnegie's allegation (Dkt. 197 at 11) that there is no causal relationship between the non-taxable costs, such as expert fees, and Plaintiffs' misconduct. *See also* Dkt. 163 at 24-25. Carnegie's attempt to relitigate this issue should be rejected.

3

summary judgment via "deception" about their access to Nouveau's facility. Dkt. 192 at 14.

Nor do the cases cited by Carnegie indicate that Leydig's bills were out of line. None of the entries constitute the type of barebones "staff conference"-type entries that prompted a 20% reduction in *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172-73 (2d Cir. 1998). Unlike *Top Jet* and *Lilly*, the total attorney fees sought (~$2.5M) is reasonable given the extensive work on fact depositions, expert discovery, summary judgment briefs, and appeal, particularly when compared to Plaintiffs who incurred $2.8M for a shorter time period.[4] *Top Jet*, 2022 WL 1184245, at *6 (declining to award over $900K in fees for a single discovery motion); *Lilly*, 264 F. Supp. 2d at 766, 784 (reducing $3.7M fee request where the opponent billed only $1.2M).

## II.   Fenix's Counsel's Rates Were Reasonable

Carnegie ignores Fenix's myriad S.D.N.Y. decisions approving rates as high as $1,048 – a bar below which virtually all of Fenix's attorneys' rates fall. Carnegie also ignores industry publications showing firms of Bryan Cave and Crowell & Moring's caliber command rates consistent with those charged here, particularly in intellectual property cases. That the highest rate in *Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co.*, No. 15-cv-10154, 2023 WL 3815276 (S.D.N.Y. June 5, 2023) was $675/hour or that Chicago-based boutique Leydig charged rates well below the industry standard does not make the industry standards unreasonable. Dkt. 197 at 9-10; Ex. X, Dkt. 196, Exs. K-M. In fact, *Focus* observed that rates "exceeding those here" have been approved. 2023 WL 3815276, at *10. Rates over $200/hour have been found reasonable in this district for specialized paralegals like those here who have 10+ years' experience. Ex. Y; *e.g.*, *Aptive Env't, LLC v. Village of E. Rockaway*, No. 19-cv-3365, 2022 WL 5434178, at *5 (S.D.N.Y. July 8, 2022).

---

[4] Carnegie tries to distract from this number by pointing to smaller sums incurred by defendants in *Adjustacam* and *Blackbird.* Dkt. 197 at 1-2. Unlike Fenix, the defendants in those cases were able to divide responsibilities with dozens of others throughout most of the case.

4

### III. There Were No "Excessive" or "Redundant" fees From Bryan Cave And Crowell

Carnegie complains that Crowell and Bryan Cave's fees were excessive because they overlapped with work already done by Leydig. Dkt. 197 at 7-8. But, Leydig discounted all but the $25K of the $95K it billed in December 2022 and January 2023 to avoid overlap. Dkt. 194, ¶¶ 5-7; 196-3 at 98, 106. Unlike the duplicative fees in *Pop Top Corp. v. Rakuten Kobo Inc.*, Fenix's fee motion in this Court did not "largely parrot[]" its appeal brief. No. 2021-2174, 2022 WL 2751662, at *3 (Fed. Cir. July 14, 2022); *compare* Ex. BB, *with* Dkts. 188-89. Fenix's total fees for the appeal ($400K) are also commensurate with those for Federal Circuit appeals. *See, e.g.*, Ex. Z (up to $829K for appeal and fee motion); Ex. AA at 9 n.5 ($612K for appeal). Fees for local counsel like Bryan Cave admitted to the court in question are commonly awarded in IP cases. *E.g.*, *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.*, No. 14-4739, 2018 WL 11355086, at *9 (D.N.J. 2018) (awarding over $100,000 for local counsel after granting default judgment).

### IV. Prejudgment Interest At The New York Rate Is Warranted

Carnegie criticizes the statutory 9% rate for prejudgment interest, but does not even attempt to distinguish the many cases in this district awarding that rate. *E.g.*, *Regeneron Pharms., Inc. v. Merus N.V.*, No. 14-cv-1650, 2018 WL 3425013, at *7 (S.D.N.Y. June 25, 2018); Dkt. 197 at 12. Neither of the cases Carnegie cites in support of the treasury rate purport to even consider the New York statute. One of them, *4-Pillar Dynasty LLC v. New York & Co.*, No. 16-cv-2823, 2017 WL 3738442, at *5 (S.D.N.Y. Aug. 9, 2017), applied higher prime rates – not the treasury rate. Notwithstanding outliers, 9% is the standard in New York.

### V. Conclusion

Fenix requests $2,547,549.94 in fees, $693,119.72 in non-taxable costs, $822,660.31 in prejudgment interest, and post-judgment interest at the rate in 35 U.S.C. § 1961.

Dated: March 20, 2024

    /s/Laura A. Lydigsen
Anne E. Li
Crowell & Moring LLP
590 Madison Avenue
20th Floor
New York, New York 10022
ali@crowell.com
(212) 223-4000

Mark H. Remus (*pro hac vice*)
Laura A. Lydigsen (*pro hac vice*)
Wei-Chih Hsu (*pro hac vice*)
Crowell & Moring LLP
455 N. Cityfront Plaza Drive
NBC Tower
Chicago, Illinois 60611
mremus@crowell.com
llydigsen@crowell.com
whsu@crowell.com
(312) 321-4200

Maxwell B. Snow (*pro hac vice*)
Consolidated Legal, LLC
990 N. Lake Shore Drive
Chicago, IL 60611
msnow@consolidated.legal

*Counsel for Defendant Fenix Diamonds LLC*