**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON, and M7D CORPORATION, | § | |
| Plaintiffs, | § | Civil Action No. 1:20-cv-0200 (JSR) |
| v. | § | |
| FENIX DIAMONDS LLC, | § | |
| Defendant. | § | |

**PLAINTIFF CARNEGIE INSTITUTION OF WASHINGTON'S ANSWERING MEMORANDUM TO FENIX'S SUPPLEMENTAL SUBMISSION ITEMIZING FEES AND EXPENSES AND REQUESTING POST- AND PREJUDGMENT INTEREST**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FENIX HAS NOT SHOWN THE ATTORNEYS FEES IT SEEKS ARE REASONABLE ..... 2

A. The Hours Expended by Fenix's Attorneys Were Unreasonable ..... 2

1. Fenix's Attorneys' Inadequate Time Records ..... 3

2. Fenix's Attorneys' Time Records Reflect Excessive Billing ..... 5

(a) Overstaffing and Excessive Time Entries by Leydig ..... 5

(b) Unreasonable Fees on Appeal ..... 7

(c) Redundant Hours by Bryan Cave ..... 8

(d) Excessive Time Spent on Fenix's Fee Motion ..... 8

B. Fenix Has Not Shown Its U.S. Attorneys' Rates Were Reasonable ..... 9

C. M7D's Unpaid Fees to Perkins Do Not Demonstrate the Reasonableness of Fenix's Attorney Fees ..... 10

III. THE EXPERT FEES AND NON-TAXABLE COSTS SOUGHT BY FENIX ARE UNREASONABLE AND SHOULD NOT BE RECOVERED ..... 11

IV. FENIX SHOULD NOT BE AWARDED PREJUDGMENT INTEREST ON ITS RECOVERY OF ATTORNEY FEES AND NON-TAXABLE EXPENSES ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*4 Pillar Dynasty LLC v. N.Y. & Co.*,
257 F. Supp. 3d 611 (S.D.N.Y. 2017), *amended and superseded on other grounds by* 2017 WL 3738442 (S.D.N.Y. Aug. 8, 2017) ....................12

*AdjustaCam LLC v. Amazon.com, Inc.*,
No. 6:10-CV-00329-JRG, 2018 WL 1335308 (E.D.Tex. Mar. 15, 2018)....................2, 8

*AdjustaCam, LLC v. Newegg, Inc.*,
861 F.3d 1353 (Fed. Cir. 2017)....................1, 2

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
522 F.3d 182 (2d Cir. 2008)....................9, 10

*Beastie Boys v. Monster Energy Co.*,
112 F. Supp. 3d 31 (S.D.N.Y. 2015)....................9

*Blackbird Tech LLC v. Health in Motion LLC*,
944 F. 3d 910 (Fed. Cir. 2019)....................1, 10

*Eli Lilly & Co. v. Zenith Goldline Pharms., Inc.*,
264 F. Supp. 2d 753 (S.D. Ind. 2003). ....................5, 7

*Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*,
No. 15-CIV-10154 (PAE) (SDA), 2023 WL 3815276 (S.D.N.Y. June 5, 2023) ....................9

*Fox v. Vice*,
563 U.S. 826 (2011)....................11

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017)....................11

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)....................2, 3

*Hensley v. Eckerhart*,
461 US 424 (1983)....................2

*Kirsch v. Fleet St., Ltd.*,
148 F.3d 149 (2d Cir. 1998)....................4

**TABLE OF AUTHORITIES**
(continued)

Page

*Laitram Corp. v. NEC Corp.*,
115 F.3d 947 (Fed.Cir.1997)....................12

*Mathis v. Spears*,
857 F.2d 749 (Fed. Cir. 1988)....................11

*Metso Minerals, Inc. v. Powerscreen Intern. Distribution Ltd.*,
833 F.Supp.2d 333 (E.D.N.Y. 2011)....................12

*Pop Top Corp. v. Rakuten Kobo Inc.*,
No. 2021-2174, 2022 WL 2751662 (Fed. Cir. July 14, 2022)....................8, 9

*McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*,
450 F.3d 91 (2d Cir. 2006)....................3

*Saxton v. Sec'y of Dept. of Health & Human Servs.*,
3 F.3d 1517 (Fed. Cir. 1993)....................3

*Simmonds v. N.Y.C. Dep't of Corrs.*,
No. 06 Civ. 5298(NRB), 2008 WL 4303474 (S.D.N.Y. Sept. 16, 2008)....................3

*Spalluto v. Trump Int'l Hotel & Tower*,
No. 04 Civ. 7497(RJS)(HBP), 2008 WL 4525372 (S.D.N.Y. Oct. 2, 2008)....................3, 4

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
930 F.3d 1295 (Fed. Cir. 2019)....................2

*Top Jet Enterprises, Ltd. v. Kulowiec*,
2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022)....................5, 7

*VR Optics, LLC v. Peleton Interactive, Inc.*,
No. 16-CV-6392 (JPO), 2021 WL 1198930 (S.D.N.Y. Mar. 30, 2021)....................9

*W.T. Grant Co. v. Haines*,
531 F.2d 671 (2d Cir. 1976)....................12

## I. INTRODUCTION

The Court has granted "Fenix's motion for attorneys' fees for work performed after July 14, 2020." ECF No. 192. The Court must therefore determine the reasonableness of the fees sought by Fenix to resolve this litigation where mere photographs have been found[1] to conclusively prove non-infringement of one patent and infringement of the other was never pursued. Specifically, the Court has found that, by July 14, 2020, the Markman Order and a letter from Fenix's supplier had "made clear plaintiffs' litigating position was objectively unreasonable." *Id.* at 8-9. For example, the Court has found that because "one can plainly see that the non-monocrystalline growth is extensive" in the photographs provided by Fenix in June 2020, its "production method could not infringe the '078 Patent." *Id*. at 12. Similarly, for the '189 Patent, the Court has found Plaintiffs "made no effort whatsoever to support any claim of infringement." *Id.* at 9-10.

The Court has drawn parallels between the facts of the present litigation to those of *Blackbird Tech LLC v. Health in Motion LLC*, 944 F. 3d 910 (Fed. Cir. 2019) and *AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353 (Fed. Cir. 2017). *See* ECF No. 192 at 13. In *Blackbird Tech*, the defendant moved for summary judgment in response to plaintiffs' "flawed" infringement contentions, which the Federal Circuit found failed even under plaintiffs' own claim constructions. *See Blackbird Tech.*, 944 F.3d at 914-15. For prosecuting its defenses through summary judgment and to the eve of trial, Defendant was awarded its reasonable attorney fees in the amount of $363,243.80—just a small fraction of what Fenix seeks here. *Id.* A similar amount of reasonable fees was awarded in *Adjustacam* where the plaintiff's infringement claim "became

[1] Carnegie Institution of Washington ("Carnegie Science") maintains all its arguments against *any* award of attorney fees or non-taxable costs. *See* ECF No. 178. No waiver of any argument is intended by this memorandum. However, because the *amount* of a reasonable fee award must flow from the Court's findings in ECF No. 192, those findings are assumed correct here.

objectively baseless after the district court's Markman order." *AdjustaCam*, 861 F.3d at 1362. There, after the Federal Circuit remanded, the district court awarded combined attorney's fees and expert fees totaling just $564,865.85—another far cry from the exorbitant amounts sought by Fenix. *AdjustaCam LLC v. Amazon.com, Inc.*, No. 6:10-CV-00329-JRG, 2018 WL 1335308, at *2 (E.D.Tex. Mar. 15, 2018).

The records provided by Fenix, while vague, sufficiently demonstrate that Fenix's counsel overstaffed the litigation with an excessive number of attorneys—each of whom expended far more time than could possibly be considered reasonable. The court's award of reasonable attorney fees should carve out these excesses and gross inefficiencies.

Fenix also inappropriately seeks expert fees and non-taxable costs with no causal connection to the acts of bad faith the court found as the basis for exercising its inherent power.

Finally, the Court should decline Fenix's request to further award pre-judgment interest, since the fee award alone is sufficiently large.

## II. FENIX HAS NOT SHOWN THE ATTORNEYS FEES IT SEEKS ARE REASONABLE

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 US 424, 437 (1983). The Supreme Court has been careful to note that only those hours "reasonably expended" are to be awarded. *See id.* at 434-35. Here, the documentation Fenix has provided to the court fails to establish that the $2,547,549.94 attorney fee award it seeks is reasonable.

### A. The Hours Expended by Fenix's Attorneys Were Unreasonable

"Section 285 permits a prevailing party to recover reasonable attorneys' fees, but not fees for hours expended by counsel that were 'excessive, redundant, or otherwise unnecessary.'" *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1311 (Fed. Cir. 2019) (quoting *Hensley v.*

*Eckerhart*, 461 U.S. 424, 434 (1983)).

"A district court may exercise its discretion and use a percentage deduction as a 'practical means of trimming fat from a fee application.'" *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citation omitted); *see, e.g., Simmonds v. N.Y.C. Dep't of Corrs.*, No. 06 Civ. 5298(NRB), 2008 WL 4303474, at *7–8 (S.D.N.Y. Sept. 16, 2008) (ordering 40 percent across-the-board reduction where attorneys spent excessive hours drafting pleadings, drafting and reviewing correspondence, etc.).

The trial court may also draw on its experience and judgment to eliminate unreasonable hours and charges from a fee request. *See, e.g., Saxton v. Sec'y of Dept. of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).

A further reduction is also appropriate where the proffered attorney time records are inadequate to enable the Court to determine the reasonableness of the work performed or the time expended. *See Hensley*, 461 U.S. at 433.

**1. Fenix's Attorneys' Inadequate Time Records**

"While not prohibited, block-billing has a tendency to obfuscate the amount of time expended on distinct tasks and introduces an element of vagueness into a fee application, making it difficult to determine if the reported hours are duplicative or unnecessary." *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497(RJS)(HBP), 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) (citation omitted).

Here, Fenix's legal invoices—particular those from Leydig (ECF Nos. 196-2, 196-3)—suffer from rampant block-billing. For example, Steven H. Sklar (SHS), billed 6.2 hours on July 17, 2020 for "[c]onsidering deposition scheduling" as well as "reviewing" and "considering" other subjects, "revising correspondence" and "participating" in a teleconference. *See* ECF No.

196-2 at 5. There is little question that if Mr. Sklar billed several hours of partner time for "considering deposition scheduling," those hours were excessive and thus not recoverable. However, Mr. Sklar's block billing practices make it impossible to determine how much time he spent on that activity as opposed to his other billed activities. Thus, an assessment of the reasonableness of his time entries on that day, or nearly any other day, is impossible. *See* ECF No. 196-2 at 5-6, 18-20, 32-34; ECF No. 196-3 at 4-5, 18-19, 35, 53, 58, 63-64, 70-71.

The same is true for Leydig's other attorneys and paralegals, such as associate Maxwell Snow (MBS) (*see e.g.*, ECF No. 196-2 at 9 ("Drafting response to Plaintiffs re: source code inspection; conducting meeting with X-Ray Diffraction expert; performing legal research re: hearsay objections")), paralegal Erika Staggs (ESLP) (*see e.g.*, ECF No. 196-2 at 12 (block billing examples), and Leydig's other personnel. *See generally*, ECF Nos. 196-2 and 196-3.

In many instances, the block-billed entries are vague not only as to the time expended for each task but also vague as to the work that was performed. For example, David M. Airan billed 7.1 hours on August 13, 2020 for "[p]reparing expert report; communications with opposing counsel regarding infringement contentions; conference with antitrust counsel; conference regarding [REDACTED] ECF No. 196-2 at 17. Entries like this prevent an assessment of whether Mr. Airan was the second, third, or fourth attorney preparing that unidentified expert's report, and thus how much time should be reduced as well as how much time is being inappropriately claimed for unrelated issues like antitrust.

The difficulty created by Fenix's substantial use of block-billing in this case warrants a percentage reduction to the lodestar amount in addition to the reduction warranted by Fenix's claim for hours that were unreasonably expended as explained below. *See Spalluto,* 2008 WL 4525372, at *8 (applying a 15% reduction for block-billing); *Kirsch v. Fleet St., Ltd.*, 148 F.3d

149, 172-73 (2d Cir. 1998) (upholding 20% reduction in billed time for vagueness and other deficiencies where many time entries merely read "letter to court," "staff conference," and "work on motion").

**2. Fenix's Attorneys' Time Records Reflect Excessive Billing**

To the extent the time spent by Fenix's attorneys on specific tasks can be discerned, it is clear that the hours expended were grossly unreasonable. Facing similar "patently excessive" billing, courts in this district have found a "75% reduction in total hours" appropriate. *See Top Jet Enterprises, Ltd. v. Kulowiec*, 2022 WL 1184245, *5-6 (S.D.N.Y. Apr. 21, 2022).

**(a) Overstaffing and Excessive Time Entries by Leydig**

Fenix's attorneys' time records show that a multitude of attorneys were often working on the same tasks even as each attorney was independently expending an excessive amount of time on each task. As one simple example, Leydig's invoices show that each of Keelin Bielski (KDB), Michael Schubert (MJS), and Nicole Kopinski (NEK) billed Fenix for attending the same July 31, 2020 deposition preparation meeting with witness E. Herrera. *See* ECF No. 196-2 at 21, 22, 25. Other district courts have "draw[n] the line at triple-teaming" and factored a downward adjustment into the lodestar calculation to account for such "excessive billing." *Eli Lilly & Co. v. Zenith Goldline Pharms.*, Inc., 264 F. Supp. 2d 753, 771-779 (S.D. Ind. 2003); *see also Top Jet Enterprises*, 2022 WL 1184245, *5 (collecting cases on excessive billing).

Such overstaffing was, however, the norm for Fenix's counsel. As a more significant example, approximately 620.9 attorney hours[2] were expended by five Leydig attorneys in writing a single expert report for Dr. Pinneo. Leydig shareholder Paul J. Filbin (PJF) billed over

[2] See below. Although Leydig's block billing makes a precise number uncertain, the time entries by SHS and DMA related to, for example, "preparing invalidity expert report" or "reviewing draft invalidity expert report" have been excluded so that the 620.9 number underestimates the overall time billed. *See* ECF No. 196-2 at 17, 33.

180.2 hours from August 13 to September 18, 2020 for "[p]reparing the invalidity expert report" (ECF No. 196-2 at 20-21, 34), even though Leydig shareholder Michael Schubert (MJS) *also* billed 133.5 hours for "[p]reparing expert report on invalidity" from August 21, 2020 to September 18, 2020 (ECF No. 196-2 at 23, 36). Strangely enough, Leydig associate Maxwell Snow (MBS) *also* spent 158.3 hours from August 29 to September 18 "[a]ssisting expert with invalidity report preparation"—expending precisely 8.00 per day on the task for 14 of those days. ECF No. 196-2 at 37-38. Not to be left out, Leydig associate Keelin Bielski (KDB) likewise expended up to 115.7 hours[3] from August 21 to September 18, 2020 "preparing" parts of the "invalidity expert report." ECF No. 196-2 at 25, 39. Leydig member Kevin Liu (KBL) further spent up to 33.2 hours "preparing" part of that same report. *Id.* at 37.

The time records tell a similar story of excess for Fenix's other expert reports. *See generally* ECF Nos. 196-2 and 196-3. This includes the same five attorneys (plus David Airan) expending nearly 500 hours on a noninfringement report (*see* ECF Nos. 196-2 at 32-43 and 196-3 at 4-12) despite the Court's holding that noninfringement had been established by the Markman order and Nouveau's photographs standing alone. *See* ECF No. 192 at 8-9, 12.

Similarly, even though the Court has held that plaintiffs' infringement theories became objectively unreasonable on July 14, 2020—after they had one month to review an affidavit from Fenix's supplier Nouveau providing photographs from which "one can plainly see the non-monocrystalline growth is extensive"—Fenix seeks attorney fees for entire days spent by its own counsel <u>after</u> July 14, 2020 performing activities such as "[r]eviewing source code and videos provided by manufacturer." ECF No. 196-2 at 9; *see also id.* at 10 ("reviewing data received from manufacturer"); *see also id.* at 23. Based on the factual findings underpinning

[3] Because of Ms. Bielski's block billing practices the exact number attributable to the invalidity expert report is not discernible.

the court's fee award such hours cannot have been necessary.

In addition to inefficiencies on large tasks such as depositions and expert reports, the time records also demonstrate Leydig's attorneys unreasonably expended excessive resources on a wide array of tasks throughout the district court litigation. *See generally*, ECF No. 196-2 and 196-3. For example, one 5.7 hour block-billed entry was, in part, for "sitting in on deposition." ECF No. 196-2 at 25. Another attorney recorded 8.5 hours spent reviewing transcripts of an expert's previous trial testimonies. ECF No. 196-3 at 22. Yet another devoted an entire day to drafting an analysis of Hague transcripts. ECF No. 196-3 at 30.

To address these inefficiencies, the court should significantly reduce the fee award sought by Fenix as to Leydig's district court fees. *See Eli Lilly & Co.,* 264 F. Supp. 2d at 772 (eliminating from Section 285 fee award all attorney time expended on each expert report that exceeded "a full 40-hour week of lawyer time"); *see also Top Jet Enterprises,* 2022 WL 1184245, at *5-6 (ordering a 75 percent reduction in hours).

**(b) Unreasonable Fees on Appeal**

The over 800 hours and over $400,000 in attorney fees sought by Fenix for Leydig and then Crowell's overlapping work on appeal are also excessive and unreasonable.

At the outset of the appeal, Fenix's counsel expended approximately 222 hours ($85,590.75) preparing a motion to dismiss the appeal, which was denied by the Federal Circuit, and another 138.9 hours ($54,688.00 in fees) on a reply brief in support of it. ECF No. 196-3 at 70-78. After expending a substantial amount of fees on settlement efforts after the denial, Leydig's attorneys then expended 227.8 hours ($95,426 in fees, discounted to $25,000) from August 3, 2022 through October 20, 2022 drafting Fenix's appeal brief. ECF No. 196-3 at 100-101, 105. In December 2022, however, Fenix retained new counsel from Crowell who

went on to accrue over $220,000 (more than 300 hours) in *additional* attorney fees through July 2023 for the appeal brief and for continued settlement negotiations. ECF No. 196-4 at 2-24.

In total, Fenix seeks approximately $200,000 for Leydig's appeal work (i.e., mostly for its unsuccessful and unnecessary motion to dismiss the appeal) and another $200,000 for Crowell's unnecessary work in redrafting Leydig's appeal brief. Fenix offers no support for its claim that $400,000 is a reasonable amount of attorney fees for a Federal Circuit appeal on a single patent. *See e.g.*, *AdjustaCam*, 2018 WL 1335308, at *2 (awarding just $167,156 for successful Federal Circuit appeal).

**(c) Redundant Hours by Bryan Cave**

Just as Fenix's counsel at Leydig was internally overstaffing by putting too many attorneys on each task, additional attorneys were being placed on the same tasks from its other law firm: Bryan Cave. The $122,504.12 in fees sought for work performed by Bryan Cave should be excluded from any fee award since that work appears to be entirely redundant over the work performed by Fenix's other counsel and consists largely of "reviewing" the same documents, attending the same calls, etc. *See generally*, ECF No. 196-5.

**(d) Excessive Time Spent on Fenix's Fee Motion**

The attorney fee award sought by Fenix is also excessive because it seeks over $160,000 in Crowell's fees for 280 hours of work on Fenix's fee motion after appeal (ECF No. 196-4 at 27-45) along with more than $50,000 in Leydig's fees for over 150 hours (ECF No. 196-3 at 59, 63-65) spent writing a Section 285 fee motion for Fenix prior to appeal. In *Pop Top Corp. v. Rakuten Kobo Inc.*, No. 2021-2174, 2022 WL 2751662, at *3 (Fed. Cir. July 14, 2022), the Federal Circuit—considering a fee award under Rule 38 for a frivolous appeal—found that a request for $53,216.19 in attorneys' fees for a fee motion was excessive where

counsel had already expended 107.6 hours to fully brief and argue the merits of the appeal. Accordingly, it reduced the fee award for bringing the fee motion down to $20,000. *Id.* Here, Fenix's counsel at Crowell was even more well-versed in the merits of the case having expended over 280 hours working to fully brief the Federal Circuit appeal. Fenix also had the benefit of a Section 285 fee motion already prepared by Leydig over the course of 150 hours. Accordingly, the more than $210,000 expended in fees on Fenix's fee motion is even less reasonable than the $53,216.19 in attorneys' fees the Federal Circuit rejected as excessive in *Pop Top*. Any fee award should thus be reduced to account for this excess.

**B. Fenix Has Not Shown Its U.S. Attorneys' Rates Were Reasonable**

When assessing hourly rates, the court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

Fenix seeks an award for paralegal fees at hourly rates ranging from $220-$420. Fenix's supplemental submission cites *VR Optics, LLC v. Peleton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2021 WL 1198930, at *5 (S.D.N.Y. Mar. 30, 2021). The court in *VR Optics* reduced the fee awarded in that case because "[c]ourts in this district have been loath to approve hourly billing rates in excess of $200 for paralegals and support staff." *Id.* at *5 (citing *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56–57 (S.D.N.Y. 2015)). The Court here should similarly apply "a fee reduction to a $200 per hour rate for such personnel" in line with other courts in this district. *Id.* (*quoting Beastie Boys*, 112 F. Supp. 3d 31, 57).

Fenix also seeks hourly rates for partners that exceed the case law support it relies on. Fenix cites *Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, No. 15-CIV-10154 (PAE) (SDA), 2023 WL 3815276, at *10 (S.D.N.Y. June 5, 2023) "approving 2021 rates of $675 per

hour for an intellectual property litigator having 27 years' experience," but then seeks recovery using numerous partner rates that exceed $675 per hour for intellectual property litigators with far less than 27 years of experience. *See e.g.*, ECF No. 193 at 5 (claiming a $975 hourly rate for Anne Li who has less than 17 years of experience).

The proposed justifications for the many excessive partner rates Fenix seeks for its attorneys at Bryan Cave and Crowell & Moring are particularly unpersuasive in this case because the four Leydig shareholders who obtained summary judgment for Fenix all had hourly rates of $520 or less. ECF No. 193 at 4. Accordingly, the "minimum necessary to litigate th[is] case effectively" has been shown to be at most $520 per hour. *Arbor Hill*, 522 F.3d at 190.

The Court should therefore reduce the award by capping hourly attorney rates at $520.

**C. M7D's Unpaid Fees to Perkins Do Not Demonstrate the Reasonableness of Fenix's Attorney Fees**

Fenix cites M7D's bankruptcy filing listing Perkins Coie as a creditor for $2,829,620.54 in unpaid legal expenses. ECF No. 193 at 7-8. Fenix's reasoning that its attorney fees are reasonable because they roughly are the same as the fees M7D did *not* pay Perkins is unsound. The unpaid nature of the bills indicates they are excessive. Moreover, even assuming M7D accumulated those unpaid legal expenses entirely for the present litigation, the Court has found Plaintiffs were *objectively unreasonable* when accumulating such fees after failing to see that their infringement claims were foreclosed by the Court's claim construction and Nouveau's photographs. Accordingly, Fenix's legal bills for anything other than an early motion for summary judgment of non-infringement based on the photographs are likewise objectively unreasonable under the Court's order. As explained above, the better measure of a reasonable fee under the Court's fee-shifting order is the amount reasonably expended and approved in *Adjustacam* and *Blackbird Tech*: just a small fraction of what Fenix seeks now.

## III. THE EXPERT FEES AND NON-TAXABLE COSTS SOUGHT BY FENIX ARE UNREASONABLE AND SHOULD NOT BE RECOVERED

Fees awarded under a court's inherent authority must be limited to the "fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186-1188 (2017); *Fox v. Vice*, 563 U.S. 826, 836 (2011). While the Court has found expert fees and other non-taxable costs should be awarded due to what it found to be acts of "bad faith," "misconduct," and/or "vexatious litigation conduct" (ECF No. 192 at 1, 13-16), Fenix's supplemental submission did not establish how *any* of the expert fees and non-taxable costs it now seeks have the requisite but-for causal link to the misconduct found by the Court. Thus, the Court should limit its award of requested expert fees and non-taxable costs under its Opinion and Order (ECF No. 192) to Fenix's expert fees incurred for its "expert reports of non-infringement," which the Court found were incurred because plaintiffs did not "dismiss the '189 Patent infringement claims at an earlier stage." *Id.* at 10-11. Even then, the award sought should be reduced to account for unreasonable time expenditures by Fenix's experts. For example, Dr. Pinneo unreasonably spent over 50 hours preparing for his deposition. *See* ECF No. 196-10 at 6.

## IV. FENIX SHOULD NOT BE AWARDED PREJUDGMENT INTEREST ON ITS RECOVERY OF ATTORNEY FEES AND NON-TAXABLE EXPENSES

The court "does have authority, in cases of 'bad faith or other exceptional circumstances,' to award prejudgment interest on the unliquidated sum of an award made under Section 285" under its "inherent equitable power." *Mathis v. Spears*, 857 F.2d 749, 761 (Fed. Cir. 1988). However, the Federal Circuit has cautioned that simply because "the court has a common law authority to exercise its inherent equitable power does not mean it must do so." *Id.* Rather, the court must "exercis[e] its discretion in light of all the facts and circumstances." *Id.*

As the Court is aware, Carnegie Science is a non-profit institution dedicated solely to basic scientific research that owns the two asserted patents. *See e.g.*, ECF No. 178 at 2-3, 24-25.

While the Court has found that Plaintiffs' counsel at Perkins Coie lied to the Court (ECF No. 192 at 9), there is no suggestion in the record that Carnegie Science told them to do so. The Second Circuit has recognized in other contexts that "[t]he sins of counsel should not be visited upon his client." *W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976). While the Court has held that Carnegie Science "assumed the risk" of and "agreed to join in . . . any improper litigation tactics" when it initially entered into its contract with M7D, the court's imposition of a fee award, by itself, renders any further exercise of the Court's inherent power against Carnegie Science unwarranted. ECF No. 192 at 17.

Should the court nevertheless exercise its inherent power to award prejudgment interest for the Section 285 fee award, prejudgment interest should be calculated using the "Treasury Rate, compounded annually." *Metso Minerals, Inc. v. Powerscreen Intern. Distribution Ltd.*, 833 F.Supp.2d 333, 344 (E.D.N.Y. 2011). This court has previously awarded interest "calculated at the prime rate" in "keeping with the compensatory purposes of such an award of interest." *4 Pillar Dynasty LLC v. N.Y. & Co.*, 257 F. Supp. 3d 611, 627 (S.D.N.Y. 2017), *amended and superseded on other grounds by* 2017 WL 3738442 (S.D.N.Y. Aug. 8, 2017) . However, because Fenix has "offered no factual or evidentiary support as to why [a] higher rate should be awarded," use of the treasury rate is more appropriate. *Metso Minerals*, 833 F.Supp.2d at 344 (citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed.Cir.1997) ("… there was no evidence that [the patentee] borrowed money at a higher rate, what that rate was, or that there was a causal connection between any borrowing and the loss of the use of the money awarded.")). Fenix's request for a 9% rate is excessive and wholly unsupported.

## V. CONCLUSION

For the foregoing reasons, the Court should limit Fenix's fee award to what it has shown was reasonable and deny Fenix's request for prejudgment interest.

DATED: March 13, 2024

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ April E. Isaacson*

GIANFRANCO FINIZIO
(NY Bar Number 4843751)
gfinizio@kilpatricktownsend.com
1114 Avenue Of The Americas
New York, NY 10036
Tel: (212) 775-8840 / Fax: (646) 786-4442

APRIL E. ISAACSON
(admitted *pro hac vice*)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Tel: (415) 576-0200 / Fax: (415) 576 0300

ALTON L. ABSHER III
(admitted *pro hac vice*)
aabsher@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300 / Fax: (336) 607-7500

MATTHEW J. MEYER
(admitted *pro hac vice*)
mmeyer@kilpatricktownsend.com
1302 El Camino Real, Suite 175
Menlo Park, CA 94025
Tel: 650-326-2400 / Fax: 650-326-2422

Attorneys for Plaintiff
CARNEGIE INSTITUTION OF WASHINGTON

78318290V.1