UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARNEGIE INSTITUTION OF WASHINGTON, and M7D CORPORATION,

       Plaintiffs,

-against-

FENIX DIAMONDS LLC,

       Defendant.

20-cv-0200 (JSR)

ORDER

---

JED S. RAKOFF, U.S.D.J.:

Plaintiffs Carnegie Institution of Washington ("Carnegie") and M7D Corporation ("M7D") brought this patent infringement action against defendant Fenix Diamonds LLC ("Fenix") regarding methods for producing laboratory-formed diamonds.[1] The Court granted summary judgment for Fenix because there was no genuine dispute that Fenix did not infringe either of the two patents at issue. Fenix's counterclaims for invalidity were rendered moot after plaintiffs executed a binding covenant not to sue. Plaintiffs initiated an appeal, but withdrew it as appellate briefing was underway. On February 21, 2024, the Court granted Fenix's motion for attorneys' fees and non-taxable expenses, under 35 U.S.C. § 285 and the Court's inherent power, for legal work performed after

---

[1] The Court assumes the reader's familiarity with the record in this case, which it recounts only as necessary to explain its rulings.

July 14, 2020. See ECF No. 192. In granting the motion, the Court held that plaintiffs must have known by July 14, 2020 that their litigating position was objectively baseless, and held that plaintiffs acted vexatiously by prolonging the litigation and misrepresenting their discovery conduct to this Court and to the Federal Circuit. Id. at 8-16.

On February 28, 2024, Fenix filed supplemental submissions detailing its legal expenditures in this case incurred after July 14, 2020, which include $2,547,549.94 in attorneys' fees and $693,119.72 in non-taxable expenses. See ECF Nos. 193-96. Fenix also asked, for the first time, for the Court to exercise its discretion to award pre-judgment interest on those fees and expenses. See ECF No. 193 at 11-12. Carnegie filed a response on March 13, 2024, see ECF No. 197, and Fenix filed a reply on March 20, 2024, see ECF No. 198.

Having carefully reviewed all of Fenix's submissions and billing records cataloguing the attorneys' fees and non-taxable expenses it incurred in this case after July 14, 2020, the Court holds that such fees and expenses were reasonable. See SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1311 (Fed. Cir. 2019) ("Section 285 permits a prevailing party to recover reasonable attorneys' fees" so long as the "hours expended by counsel" were not "excessive, redundant, or otherwise unnecessary." (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983))). Indeed, the

hourly rates of Fenix's attorneys and their paralegals are consistent with the legal market and the caliber of the law firms Fenix hired, namely, Leydig, Voit & Mayer, Ltd., Crowell & Moring LLP, and Bryan Cave Leighton Paisner LLP.[2] Similarly, although Carnegie quibbles with the billing entries of those firms and argues that parties in other unrelated cases incurred lower fees and expenses, the Court rejects those criticisms based on its own review of the sufficiently thorough and reasonable billing entries for the quantity and quality of the work. Fenix's non-taxable expenses, which largely consist of fees for necessary expert witnesses and their assistants, are likewise reasonable and consistent with the nature and scope of the work performed.

The Court thus awards Fenix the full amount of its requested attorneys' fees and non-taxable expenses, totaling $3,240,669.66, plus post-judgment interest under 28 U.S.C. § 1961. However, the Court rejects Fenix's belated request for discretionary pre-judgment interest. The request for pre-judgment interest was waived two times over: Fenix made no such request in any of its earlier briefing in support of its entitlement to attorneys' fees and non-taxable expenses, and its reply brief to its supplemental submission addressed only the proper rate of interest if awarded

---

[2] Fenix's attorneys' fees also included $5,911.07 for Indian counsel that assisted with discovery abroad, which is an eminently reasonable figure for the work performed.

- 4 -

but did not respond to Carnegie's argument that no pre-judgment interest should be awarded at all. The Clerk is respectfully directed to remove the stay on the docket of this case, to enter an amended final judgment reflecting the award to Fenix of $3,240,669.66 in attorneys' fees and non-taxable expenses, see ECF No. 142 (earlier final judgment), and to keep this case closed.

    SO ORDERED.

New York, NY
April 10, 2024

                                         JED S. RAKOFF, U.S.D.J.