# EXHIBIT U

**Askuvich, Alissa**

| | |
|---|---|
| **From:** | Remus, Mark |
| **Sent:** | Wednesday, March 20, 2024 5:04 PM |
| **To:** | Meyer, Matthew |
| **Cc:** | Isaacson, April; Absher, Alton; Damitio, Chris; Carnegie Fees Dispute; Fenix Team; Max Snow |
| **Subject:** | RE: Carnegie v. Fenix: Request for Information Concerning Plaintiffs' Attorney Fees |

Dear Matthew-

We disagree that *Costa v. Sears Home Improvement Products, Inc.*, 178 F.Supp.3d 108, 113 (W.D.N.Y. 2016) is applicable here.  That case concerns a request by plaintiffs to re-open discovery for the purpose of obtaining defendants' time and billing records.  Here, Fenix is not seeking to reopen discovery nor has it requested Plaintiffs' time and billing records.  Fenix has merely asked Plaintiffs to disclose easily obtainable facts regarding billing rates and total fees billed.  Unlike the situation in *Costa*, disclosure of this information would neither prolong the litigation nor increase the expenses incurred by the parties.  Moreover, in *Costa*, plaintiff was requesting defendants' records.  Here, it is the defendant that is requesting plaintiffs' rates and fees. The cost of defending a case is frequently greater than the cost of prosecuting it, making Plaintiffs' fees relevant here. *Ohio–Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659–60 (7th Cir. 1985); *Okyere v. Palisades Collection, LC*, 300 F.R.D. 149, 151 (S.D.N.Y. 2014) ("[I]t often arises that defendants have reason to devote far greater resources . . . than plaintiff."). The fact that Fenix defended Plaintiffs' suit for a fraction of what Plaintiffs paid would be highly relevant.

Your claim that Perkins' fees billed to Carnegie were $0 because of M7D's role ignores the court's rulings on this issue.  The court stated that it "rejects Carnegie's assertion that any award of attorneys' fees and expenses should be payable only by its co-plaintiff, M7D . . . ."  Dkt. 192, Opinion at 16.  The court has ruled that Carnegie and M7D are each responsible for the actions of the group.  Carnegie's attempt to relitigate this issue by laying the blame on M7D is improper.  Moreover, which party Perkins directed its bills to is immaterial.  As a co-client in a joint representation, Carnegie had the ability to access Perkins' invoices.

-Mark

**Mark Remus**
Crowell & Moring LLP
mremus@crowell.com
+1.312.321.4720 direct   |   +1.312.404.0328 mobile

---

**From:** Meyer, Matthew <MMeyer@ktslaw.com>
**Sent:** Tuesday, March 19, 2024 9:17 AM
**To:** Remus, Mark <MRemus@crowell.com>
**Cc:** Isaacson, April <aisaacson@ktslaw.com>; Absher, Alton <aabsher@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>; Fenix Team <FenixTeam@crowell.com>; Max Snow <msnow@consolidated.legal>
**Subject:** RE: Carnegie v. Fenix: Request for Information Concerning Plaintiffs' Attorney Fees

External Email

Mark,

1

Pursuant to my email from yesterday, to avoid the waste of judicial resources on a discovery dispute, Carnegie Institute of Washington (Carnegie Science) has reviewed its records relating to Perkins Coie. Based on its review, and on the knowledge of its in-house counsel, Carnegie Science has no record of ever receiving or paying a Perkins Coie invoice. Accordingly, Carnegie Science does not know the billing rates of any of the Perkins Coie attorneys or other professionals who represented it in this litigation, including both the district court case and the appeal. To the best of Carnegie Science's knowledge, the total fees billed by Perkins Coie to Carnegie Science for work performed after July 14, 2020 in connection with the district court proceedings in this litigation was $0, and the total fees billed by Perkins Coie to Carnegie Science for the appellate proceedings in this litigation was also $0. Carnegie Science does not know the total fees billed by Perkins Coie to M7D after July 14, 2020 in connection with the district court proceedings in this litigation, nor does Carnegie Science know the total fees billed by Perkins Coie to M7D for the appellate proceedings in this litigation.

The Western District of New York case law you cite is inapposite. In 2016, the Western District of New York considered a much more analogous set of facts under the post-2015 Federal Rules of Civil Procedure and declined to reopen discovery "for the limited purpose of obtaining [the sanctioned party's] time and billing records" where the sanctioned party did not "cite[] their own billings as the benchmark by which the Court should evaluate [the prevailing party's] fee application." *Costa v. Sears Home Improvement Products, Inc.*, 178 F.Supp.3d 108, 113 (W.D.N.Y. 2016). That is the situation present here. Discovery is closed, and Carnegie Science has not cited its own billings as the benchmark for evaluating the reasonableness of Fenix's fee application. Under these circumstances, "the Court's task in evaluating the reasonableness of [the] fee application would not be promoted by comparing the time spent by [the prevailing party's] counsel on various tasks with the time incurred by [opposing] counsel." *Id*. "This would not reflect an appropriate use of the Court's or the parties' time, as such an evaluation would rest on the faulty assumption that [opposing counsel's] billing records are a benchmark for reasonableness." *Id*.

Here, Fenix is the only party seeking to put forth the faulty assumption that opposing counsel's billing records are a benchmark for the reasonableness of its own fee request. That is not something Carnegie Science asserted in its answering memorandum. Hence, the Court's evaluation of Kilpatrick's bills would only waste judicial resources. Fenix's repeated efforts to falsely claim Carnegie Science triggered Fenix's current discovery efforts are plainly a pretext for Fenix to introduce untimely new arguments and evidence with its reply memorandum.

If you have any case law supporting your proposed imposition of an adverse inference against a party who refuses to provide discovery when (i) discovery is closed and (ii) the court's evaluation of the requested discovery has been recognized as a waste of judicial resources, we will consider it. If not, we will assume that Fenix's intent in frivolously requesting an adverse inference here would be to distract the court from the grossly unreasonable size of the fee award Fenix seeks.

Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real | Suite 175 | Menlo Park, CA 94025
T 650 614 6414 | M 402 415 3581 | F 650 618 1993
My Profile  |  vCard

**From:** Remus, Mark <MRemus@crowell.com>
**Sent:** Monday, March 18, 2024 3:32 PM
**To:** Meyer, Matthew <MMeyer@ktslaw.com>
**Cc:** Isaacson, April <aisaacson@ktslaw.com>; Absher, Alton <aabsher@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>; Fenix Team <FenixTeam@crowell.com>; Max Snow <msnow@consolidated.legal>
**Subject:** RE: Carnegie v. Fenix: Request for Information Concerning Plaintiffs' Attorney Fees

Dear Matthew:

Fenix is not seeking to reopen discovery.  Fenix made a discrete and narrowly tailored request for information in response to arguments made for the first time in Carnegie's brief.   Carnegie does not allege that producing this information is burdensome (nor could it).  Instead, Carnegie argues that disclosure of Kilpatrick's rates and fees is not "justified."  But courts have found that such information is relevant and discoverable.  See, e.g., *Blowers v. Lawyers Coop. Publishing Co.,* 526 F.Supp. 1324, 1327 (W.D.N.Y. 1981).  Unless we are presented with evidence to the contrary, we will assume that Kilpatrick's rates and fees are substantially higher than the rates and fees for Fenix's counsel, otherwise Carnegie would willingly disclose that information.

We look forward to your response regarding the Perkins Coie rates and fees.

-Mark

**Mark Remus**
Crowell & Moring LLP
mremus@crowell.com
+1.312.321.4720 direct   |   +1.312.404.0328 mobile

---

**From:** Meyer, Matthew <MMeyer@ktslaw.com>
**Sent:** Monday, March 18, 2024 10:38 AM
**To:** Remus, Mark <MRemus@crowell.com>
**Cc:** Isaacson, April <aisaacson@ktslaw.com>; Absher, Alton <aabsher@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>; Fenix Team <FenixTeam@crowell.com>; Max Snow <msnow@consolidated.legal>
**Subject:** RE: Carnegie v. Fenix: Request for Information Concerning Plaintiffs' Attorney Fees

External Email

Mark,

Your email seeks discovery, on a one business day turnaround, even though discovery in this case closed in 2020.

As you know, Fenix bears the burden of proving the reasonableness of the fees it has requested. If Fenix needed discovery in this case reopened so it could meet its burden, it should have raised the issue weeks ago. The support for Fenix's requested fees and expenses was to have been provided on February 28. Fenix's theory that the attorney fees Carnegie Science paid its own counsel could "confirm" the reasonableness of the attorney fees Fenix now requests was set forth in Fenix's February 28 submission. *See* ECF No. 193 at 7-8. This theory is not new.

Fenix further agreed to a briefing schedule that gave a 12-page answering memorandum to Carnegie Science and 5-page reply to Fenix with full knowledge that Carnegie Science 's answering memorandum "would challenge Fenix's contentions in Section III of its filing that all its hourly rates were reasonable, and that Fenix has met its burden to show that all hours expended were reasonable." (See March 7, 2024 email from Meyer to Lydigsen.) Yet you waited to propose additional discovery for an argument made in Fenix's opening papers until *after* Carnegie Science responded.

We do not believe Fenix has good cause to unilaterally reopen discovery now just so it can provide untimely new evidence with its reply memorandum. Moreover, this would unfairly prejudice Carnegie Science.

Nevertheless, to reduce the burden on the Court, Carnegie Science is looking into your inquiry as it relates to Perkins Coie's fees. As to Kilpatrick, however, we do not agree that the discovery you are seeking is

justified. Kilpatrick stepped in as Carnegie Science's counsel to oppose Fenix's fee motion without any prior merits work on the case. This is substantially different from either Leydig's or Crowell's situation. Leydig had worked thousands of hours on the litigation by the time Leydig researched and prepared Fenix's Section 285 motion. (ECF No. 196-3 at 59, 63-65). Similarly, Crowell had already performed hundreds of hours of work on the appeal in this case before its duplicative work on Fenix's Section 285 motion. (ECF No. 196-4.)

We will keep you posted as to what Carnegie Science is able to uncover regarding Perkins Coie.

Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
**T** 650 614 6414 | **M** 402 415 3581 | **F** 650 618 1993
My Profile  |  vCard

---

**From:** Remus, Mark <MRemus@crowell.com>
**Sent:** Friday, March 15, 2024 6:36 AM
**To:** Isaacson, April <aisaacson@ktslaw.com>
**Cc:** Absher, Alton <aabsher@ktslaw.com>; Damitio, Chris <CDamitio@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>; Fenix Team <FenixTeam@crowell.com>; Meyer, Matthew <MMeyer@ktslaw.com>; Max Snow <msnow@consolidated.legal>
**Subject:** Carnegie v. Fenix: Request for Information Concerning Plaintiffs' Attorney Fees

**\*\*CAUTION: External Email\*\***

Dear April-

In view of Carnegie's contention that the rates and hours for Fenix's attorneys were unreasonable, please disclose the following information as soon as possible:

- The billing rate(s) for each of the Perkins Coie and Kilpatrick Townsend attorneys and other professionals who billed time to Carnegie and/or M7D for this litigation, including both the district court case and the appeal, as indicated in the sample below:

| Name | Firm | Hourly rate(s) |
|---|---|---|
| N. Kelly | Perkins Coie | |
| M. Moffa | Perkins Coie | |
| … | | |
| A. Isaacson | Kilpatrick | |
| … | | |

- The total fees billed by Perkins Coie to Carnegie and/or M7D for work performed after July 14, 2020 in connection with the district court proceedings in this litigation;
- The total fees billed by Perkins Coie to Carnegie and/or M7D for the appellate proceedings in this litigation;

- The total fees billed by Kilpatrick Townsend to Carnegie and/or M7D for opposing Fenix's motion for fees and non-taxable expenses; and
- Any alternative or non-hourly fee arrangement by Carnegie and/or M7D related to professional services for this litigation.

Fenix's reply brief is due March 20.  Accordingly, please provide this information no later than Monday, March 18, 2024.

-Mark

**Mark Remus**
mremus@crowell.com
+1.312.321.4720 direct  |  +1.312.404.0328 mobile

Crowell & Moring LLP
455 North Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611

# Crowell

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.

'

---

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'