# EXHIBIT CC

**Page 1**

```
1        UNITED STATES DISTRICT COURT
2      FOR THE SOUTHERN DISTRICT OF NEW YORK
3  --------------------------------X
4  CARNEGIE INSTITUTION OF          :
5  WASHINGTON, M7D CORPORATION      :
6             Plaintiffs,  :
7        v.                 :Civil Action No:
8                           :1:20-CV-00200JSR
9  FENIX DIAMONDS LLC,              :
10            Defendant.   :
11 --------------------------------X
12
13            HIGHLY CONFIDENTIAL
14         DEPOSITION OF ERIN HERRERA
15   APPEARING REMOTELY FROM GLENDORA, CALIFORNIA
16           TUESDAY, AUGUST 4, 2020
17                12:00 P.M.
18
19
20
21 Job No.: 312088
22 Pages 1 - 163
23 Reported by: Adrienne Mignano, RPR
24 Appearing remotely from
25 Suffolk County, New York
```

**Page 2**

```
1       Deposition of ERIN HERRERA, held via Zoom
2  videoconferencing, Pursuant to Notice, before Adrienne
3  M. Mignano, a Registered Professional Reporter and a
4  Notary Public in and for the State of New York.
```

**Page 3**

```
1              A P P E A R A N C E S
2
3  ON BEHALF OF PLAINTIFFS:
4     MICHELLE UMBERGER, ESQUIRE
5     PERKINS COIE LLP
6     33 East Main Street
7     Suite 201
8     Madison, Wisconsin 53703
9     (608) 663-7466
10
11 ON BEHALF OF DEFENDANTS
12    NICOLE KOPINSKI, ESQUIRE
13    MICHAEL SCHUBERT, ESQUIRE
14    LEYDIG, VOIT & MAYER
15    Two Prudential Plaza
16    180 North Stetson Avenue
17    Suite 4900
18    Chicago, Illinois 60601
19    (312) 616-5600
20
21
22 ALSO PRESENT:
23    GABRIEL BINA, ESQ. - Perkins Coie
24    ARMANDO FORTE - Videographer
25    RYAN GRZELAK - Remote Tech
```

**Page 4**

```
1                 C O N T E N T S
2
3  EXAMINATION OF ERIN HERRERA            PAGE
4  BY MS. UMBERGER                         6
5
6
7                  E X H I B I T S
8            (Attached to the Transcript)
9  HERRERA DEPOSITION EXHIBIT             PAGE
10 Exhibit 1    Printout from website      50
11 Exhibit 2    E-mail string              53
12 Exhibit 3    E-mail string              69
13 Exhibit 4    E-mail                     74
14 Exhibit 5    E-mail                     79
15 Exhibit 6    Attachment to E-mail       82
16 Exhibit 7    Three-page e-mail string   94
17 Exhibit 8    Attachment to E-mail       95
18 Exhibit 9    E-mail                    112
19 Exhibit 10   E-mail chain              121
20 Exhibit 11   Attachment to E-mail      122
21 Exhibit 12   E-mail chain              130
22 Exhibit 13   E-mail                    133
23 Exhibit 14   Attachment to E-mail      133
```

**5**

1    THE VIDEOGRAPHER:  We're now on the
2  record.  The following is a videotaped deposition.
3  Here begins Tape Number 1 in the videotaped
4  deposition of Erin Herrera.  It's taken in the
5  matter of Carnegie Institution of Washington and
6  M7D Corporation versus Fenix Diamonds LLC.
7    Today's date is August 4, 2020.  The
8  time on the video monitor is 12:03 p.m.  My name
9  is Armando Forte.  I'm the videographer
10 representing Planet Depos.  All parties are
11 attending this deposition remotely.  Will counsel
12 please identify themselves and who they represent.
13 Ms. Umberger.
14    MS. UMBERGER:  This is Michelle
15 Umberger, and I represent the Carnegie Institute
16 of Washington and M7D Corporation.
17    THE VIDEOGRAPHER:  Ms. Kopinski.
18    MS. KOPINSKI:  Nicole Kopinski, and I
19 represent Ms. Erin Herrera subject to her
20 subpoena, and with me is Mike Schubert, from
21 Leydig, Voit & Mayer, Limited.
22    THE VIDEOGRAPHER:  Our court reporter
23 for today is Adrienne Mignano, representing Planet
24 Depos, she will now swear in the witness, or
25 affirm, and we will proceed.

**6**

1  Whereupon,
2    ERIN HERRERA,
3  being first duly sworn or affirmed to testify to
4  the truth, the whole truth, and nothing but the
5  truth, was examined and testified as follows:
6    EXAMINATION BY COUNSEL FOR THE PLAINTIFF
7  EXAMINATION BY
8  MS. UMBERGER:
9    Q  Good morning, Ms. Herrera.  My name is
10 Michelle Umberger and, as I said, I represent M7D
11 and the Carnegie Institute of Washington in this
12 matter.
13    Have you ever had your deposition taken
14 before?
15    A  I have not.  And good morning.
16    Q  Good morning.  Were you -- are you
17 being represented by counsel today?
18    A  Yes, I am.
19    Q  And that is Ms. Kopinski; is that
20 correct?
21    A  Yes.
22    Q  I'm going to go over a couple of ground
23 rules for the deposition that will just hopefully
24 make it easier on everyone, including the court
25 reporter, and everyone else we have on the line

**7**

1  today.  And your counsel may have gone over this,
2  but let's first try not to talk over each other.
3  So I will try to make it clear when I finish my
4  question and give you the opportunity to fully
5  answer before I ask another question.
6    If you don't understand a question that
7  I ask, please ask me to restate it or let me know.
8  If you respond to a question that I ask, I will
9  assume you understood the question as it was
10 asked.  But sometimes I really mess up and it's a
11 very confusing question, and I'm happy to restate
12 if you don't understand the question.
13    Also, you know that you're under oath
14 today; is that correct?
15    A  Yes.
16    Q  And you are here to tell the truth,
17 just as if you were in a court of law?
18    A  Yes.
19    Q  And is there any reason you cannot
20 testify truthfully and accurately today, such as
21 are you on any medication or have any illnesses
22 that might prevent you from testifying truthfully
23 and accurately today?
24    A  No.
25    Q  All right.  Finally, if you need any

**8**

1  breaks, just please just let me know.  I will try
2  to stop probably every hour and 15 minutes or so
3  because that seems to be a good time.  Everyone
4  gets a little tired at that point, so I'll try to
5  do that, but if there is a point in which you need
6  to take a break other than when a question is
7  pending, just let me know, and we'll take a break.
8    A  Okay.
9    Q  Oh, finally, technical issues.  Now,
10 Ryan is very optimistic everything will go
11 smoothly, and I am every time a deposition starts
12 out.  But there may be times when my voice cuts
13 out for some reason, the microphone or we have
14 some other technical issue, but I appreciate your
15 patience with those.  And if my voice does cut
16 out, again, just ask me to restate the question.
17    A  I will.
18    Q  The court reporter usually does a good
19 job of that too.
20    All right.  So can you describe for me
21 your education beyond high school?
22    A  Can you be more specific?
23    Q  Yes.  Do you have any post high school
24 education?  Did you go to college?
25    A  No.

**Page 9**

1  Q  Did you have any other post high school
2  education, associate school, technical school,
3  anything like that?
4  A  On-the-job training, industry-specific
5  types of trainings, company trainings, but nothing
6  in a formalized institution.
7  Q  So when you first started, you consider
8  yourself an experienced sales executive at this
9  point?
10 A  Yes.
11 Q  How did you start out in sales?
12 A  In high school. I worked in the mall.
13 Q  Nice. After high school, can you
14 describe for me your first, kind of, few positions
15 in sales after that?
16 A  I worked retail for a long time and
17 then I entered into the world of wholesale in
18 apparel, transitioned into a short stint in
19 marketing and ad sales, and then into the jewelry
20 industry.
21 Q  When did you start getting into the
22 jewelry industry?
23 A  2013 -- I'd have to double-check to be
24 100 percent accurate, but yeah, 2013.
25 Q  And was that with a particular company?

**Page 10**

1  A  Yes, it was.
2  Q  What company was that?
3  A  Pandora Jewelry.
4  Q  How long did you work at Pandora?
5  A  Four or five years.
6  Q  What was your title there?
7  A  I had various titles in that company.
8  Q  Let's talk about the title you had at
9  the time you left Pandora. What was your title at
10 that point?
11 A  Senior key account manager.
12 Q  And what were your responsibilities as
13 senior key account manager?
14 A  I managed everything for a variety of
15 key accounts identified by Pandora. Sales,
16 marketing, et cetera.
17 Q  How long did you work at Pandora?
18 A  About four to five years. Again, dates
19 elude me. I'd have to reference something to be
20 sure.
21 Q  Would you have left Pandora then about
22 2017, 2018?
23 A  Yes.
24 Q  And did you become employed after that?
25 A  Yes, I did.

**Page 11**

1  Q  Now, where were you employed after
2  that?
3  A  Diamond Foundry.
4  Q  And what is the business of Diamond
5  Foundry?
6  A  Diamond Foundry is a lab-grown diamond
7  grower, and they also sell their own diamonds.
8  Q  When you say they are their own grower,
9  what do you mean by that?
10 A  They grow diamonds.
11 Q  And do you know the process by which --
12 do you know the process by which Diamond Foundry
13 grows diamonds?
14    MS. KOPINSKI: Objection to form.
15 A  Can you be more specific?
16 Q  Were these diamonds that were produced
17 by CVD or chemical vapor deposition?
18    MS. KOPINSKI: Objection to form. And
19 I'll caution the witness not to answer to the
20 extent that your answer would violate any
21 non-disclosure agreement.
22 Q  You can answer unless there is an issue
23 that was identified by your counsel.
24 A  I am not technical. I'm on the sales
25 side. So the specifics are not really something I

**Page 12**

1  can speak to.
2  Q  Do you know what a CVD-grown diamond
3  is?
4    MS. KOPINSKI: Objection. Form.
5  Foundation.
6  A  I know that a CVD diamond is a type of
7  lab-grown diamond.
8  Q  Now, Ms. Herrera, I've reviewed a
9  number of your documents, and you said you
10 consider yourself an experienced sales
11 representative; is that correct?
12    MS. KOPINSKI: Objection. Form.
13 Q  You can answer.
14 A  Yes.
15 Q  Okay. And, now, as I review your
16 documents, it seems like you are someone who takes
17 your career seriously?
18    MS. KOPINSKI: Objection. Form.
19 Q  Is that right?
20 A  Yes.
21 Q  And you care about your professional
22 reputation?
23 A  Yes.
24    MS. KOPINSKI: Objection. Form.
25 Q  And so when you are at a company such