IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON, and M7D CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>FENIX DIAMONDS LLC,<br><br>    Defendant. | Civil Action No. 1:20-cv-0200 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CARNEGIE INSTITUTION OF WASHINGTON'S MOTION TO STAY THE AMENDED JUDGMENT PENDING APPEAL AND WAIVER OF THE SUPERSEDEAS BOND**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................1

III. ARGUMENT..................................................................................................................2

    A. The Court Should Grant a Stay Pending Appeal and Waive the Requirement for a Supersedeas Bond ............................................................2

    B. Alternatively, Should the Court Deny the Requested Waiver, the Court Should Grant a Temporary Stay............................................6

IV. CONCLUSION...............................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bakery & Confectionary Union & Indus. Int'l Pension Fund Pension Plan*,
   No. 11 CV 1471 (VB), 2013 WL 12444540 (S.D.N.Y. Jan. 29, 2013)...................................5

*Cayuga Indian Nation of N.Y.*,
   188 F. Supp. 2d. 223 (N.D.N.Y. 2002)...............................................................................5

*City of San Antonio, Texas v. Hotels.com, L. P.*,
   141 S. Ct. 1628 (2021).........................................................................................................6

*In re Nassau Cty. Strip Search Cases*,
   783 F.3d 414 (2d Cir. 2015).....................................................................................1, 3, 5, 6

*Rivera v. Home Depot U.S.A. Inc.*,
   No. 16-cv-7552 (KBF) 2018 WL 3105069 (S.D.N.Y. June 25, 2018)............................3, 4, 5

**Other Authorities**

Federal Rules of Appellate Procedure Rule 8................................................................................3

Federal Rules of Appellate Procedure Rule 39..............................................................................6

Federal Rules of Civil Procedure Rule 62 ...........................................................................1, 2, 3, 6

I.   **INTRODUCTION**

On April 19, 2024, this Court entered judgment against Carnegie Institution of Washington ("Carnegie Science") requiring it to pay $3,240,669.66 and post-judgment interest. ECF No. 205. Carnegie Science respectfully requests that the Court stay its judgment pending Carnegie Science's appeal of the judgment and waive the supersedeas bond requirement under Federal Rule of Civil Procedure 62(b).

That requirement is subject to this Court's discretion, and the factors adopted by the Second Circuit in *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015) strongly point towards granting a stay without the requirement of a bond or other security. There is simply no risk that Carnegie Science will be unable to pay the judgment once appellate proceedings are concluded. And since avoiding such risk is the "primary purpose" of Rule 62(b)'s discretionary bond requirement, "there is no practical reason to require [Carnegie Science] to post a bond or deposit funds in order to secure a Rule 62([b])[1] stay pending appeal." *Id.* at 418.

II.   **BACKGROUND**

Carnegie Science, (also known as the Carnegie Institution for Science) is a renowned non-profit, institution, founded in 1902, that is dedicated solely to basic scientific research. Declaration of Maisha Williams ("Williams Decl.") ¶ 1.

Carnegie Science's primary source of support for its activities is its endowment. Williams Decl., ¶ 2. Carnegie Science periodically publishes financial statements related to its endowment online at http://carnegiescience.edu. *Id.*, ¶ 3. Carnegie Science's most recent

---

[1] Rule 62 was amended in 2018, such that the new "[s]ubdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment.

published financials are for its fiscal years 2022 and 2023.  *See id.*, ¶¶ 4-5; *see also* Ex. 1 (Carnegie Science's June 30, 2023 Financial Statements (With Independent Auditors' Report Thereon)).[2]

At the conclusion of its 2022 fiscal year on June 30, 2022, Carnegie Science had assets valued at over $1 billion, including over $27 million in cash on hand. Ex. 1 at 3; Williams Decl., ¶ 6. At the conclusion of its 2023 fiscal year on June 30, 2023, Carnegie Science continued to have assets valued at over $1 billion, including over $48 million in cash on hand. Ex. 1 at 3; Williams Decl., ¶ 7. As of March 31, 2024 (i.e., the end of Carnegie Science's most recent fiscal quarter) Carnegie Science's assets remain valued at over $1 billion, with cash on hand continuing to dwarf the judgment. Williams Decl., at ¶ 8.

Carnegie Science, which as noted above, has maintained its endowment for a century, utilizes a long-term policy of controlling its spending rate. Williams Decl., ¶ 9; *see also* Ex. A[3] (Carnegie Year Book for Fiscal Year July 2021 – June 2022) at 20 (showing endowment spending over time). As part of its prudent investment strategy, Carnegie Science's endowment is allocated among a broad spectrum of asset classes, including global equities, absolute return investments, real estate partnerships, private equity, venture capital, natural resources partnerships, and government bond. Ex. A at 19; Williams Decl., ¶ 10.

### III.   ARGUMENT

#### A.   The Court Should Grant a Stay Pending Appeal and Waive the Requirement for a Supersedeas Bond

Under Rule 62(a) of the Federal Rules of Civil Procedure, which provides for a 30-day automatic stay of judgments after their entry, the judgment in this case, which was entered on April 19, 2024, is stayed through May 20, 2024. If a party wishes to extend the stay beyond 30

---

[2] Exhibits 1 is an exhibit to the Williams Declaration.
[3] Exhibit A is an exhibit to the Meyer Declaration.

days, it may, "[a]t any time after judgment is entered," "obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b).[4]

The supersedeas bond requirement is, however, at the Court's discretion. A district court "may, in its discretion, waive the bond requirement." *Nassau Cty. Strip Search Cases*, 783 F.3d at 417. The circumstances where waiver of the bond is appropriate were enumerated in *Nassau County Strip Search Cases*. Specifically, the Second Circuit has adopted a five-factor test for district courts to "consider in determining whether to waive the supersedeas bond requirement" under Rule 62(b):

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Nassau Cty. Strip Search Cases*, 783 F.3d at 417–18.

All of the *Nassau County Strip Search Cases* factors weigh decisively in favor of Carnegie Science's request to waive the bond requirement.

First, as to the latter three factors, Carnegie Science's ability to pay the judgment is plain. Where the judgment debtor has "extremely deep pockets," a "supersedeas bond is unnecessary." *Rivera v. Home Depot U.S.A. Inc.*, No. 16-cv-7552 (KBF) 2018 WL 3105069, at *3 (S.D.N.Y. June 25, 2018). That is the case here. Carnegie Science has an endowment valued at over $1 billion. This is well in excess of the amount required to pay the judgment.

---

[4] Although Rule 8 of the Federal Rules of Appellate Procedure allows appellants to seek a stay from the appellate court, a "party must ordinarily move first in the district court" for a stay pending appeal. Fed. R. App. P. 8(a)(1)(A).

Despite not agreeing to stipulate to a bond waiver,[5] Defendant Fenix Diamonds LLC ("Fenix") "has not provided any evidence to suggest that [Carnegie Science] would be unable or unwilling to satisfy the judgment in the event it is affirmed"—nor could it. *Rivera*, 2018 WL 3105069, at *3. As demonstrated by its public financial statements, Carnegie Science is not in a precarious financial situation. Ex. 1 at 3. Carnegie Science's annual spending constitutes a very small amount of its endowment, and the endowment is allocated among a broad spectrum of asset classes. Williams Decl., ¶¶ 9-10; *see also* Ex. A at 19-20. There is no risk that by the time the appeal resolves, Carnegie Science could no longer be able to pay the judgment, should it be affirmed. Indeed, Carnegie Science has not only maintained but has continued to grow its endowment for over 100 years with returns outpacing those of other educational institutions as a whole. *See* Ex. A at 19; Willaims Decl., ¶ 1.

In addition to maintaining a large portion of its endowment in the form of readily marketable securities, Carnegie Science also maintains over $40 million in cash on hand. Williams Decl., ¶¶ 6-8; *see also* Ex. 1 at 3-4. Carnegie Science has further declared under oath that, if the judgment were to become final following appellate review, "Carnegie Science would have more than sufficient, unrestricted cash and cash equivalents from which to promptly satisfy the judgment." Williams Decl., ¶ 11.

Further, Carnegie Science has placed the full amount of the judgment (plus over two years of post-judgment interest) in a separate bank account that will be maintained only for the potential satisfaction of the judgment in this case until the appeal is resolved. Williams Decl., ¶ 15.

---

[5] Carnegie Science met and conferred with Fenix about stipulating to a bond waiver beginning May 8. Although Carnegie Science attempted to address the concerns Fenix raised regarding case law and the need for audited financial information from Carnegie Science, Fenix ultimately did not agree to a stipulation. *See* Declaration of Matthew Meyer, Exhibit B.

Accordingly, the Court can be "extremely confident" that Carnegie Science has "the requisite funds," and a supersedeas bond would be "'a waste of money.'" *Rivera*, 2018 WL 3105069, at *3 (quoting *Nassau Cty. Strip Search Cases*, 783 F.3d at 418); *see also Cayuga Indian Nation of N.Y.*, 188 F. Supp. 2d. 223, 255 (N.D.N.Y. 2002) (waiving bond requirement because "the court [was] confident in the [defendant's] ability to pay the judgment," so the plaintiffs' "ability to collect" would "not be jeopardized during the appeal process even without the posting of a bond").

Second, the collection process would not be complex. As explained in the Williams declaration, Carnegie Science has received the electronic bank transfer account details for Fenix from its counsel. Williams Decl., ¶ 12. If the judgment were to become final following appellate review, Carnegie Science would merely need to confirm a calculation of post-judgment interest with Fenix and then would initiate the internal process to have the total amount of the judgment and post-judgment interest wired to Fenix. *Id.*, ¶¶ 11-12, 16-17.

Third, and relatedly, it would not take long for Carnegie Science to pay the judgment if it is affirmed on appeal. With the funds already placed in a separate account, should the amended judgment become final following appellate review, Carnegie Science would remit payment to Fenix using the account information it has provided within seven business days after the appellate proceedings are concluded. *Id.* at ¶ 17; *see In re Bakery & Confectionary Union & Indus. Int'l Pension Fund Pension Plan*, No. 11 CV 1471 (VB), 2013 WL 12444540, at *2 (S.D.N.Y. Jan. 29, 2013) (bond was unnecessary where evidence showed "if the judgment is affirmed" the appellees "will be paid within thirty to ninety days thereafter.")

Under these circumstances, a supersedeas bond is simply unnecessary. It would cost Carnegie Science time and additional money to secure a bond while providing no added security

to Fenix.[6] Because a bond would not further the "purpose" of Rule 62(b), *Nassau Cty. Strip Search Cases*, 783 F.3d at 418, Carnegie Science requests that the Court grant a stay pending appeal without requiring one.

### B. Alternatively, Should the Court Deny the Requested Waiver, the Court Should Grant a Temporary Stay

Alternatively, should the Court deny Carnegie Science's request for waiver of the supersedeas bond requirement, Carnegie Science requests that the Court grant a temporary 21-day stay to permit Carnegie Science time to secure a supersedeas bond and renew its motion for a stay of the judgment for the remainder of the appeal under Rule 62(b).

### IV. CONCLUSION

The Court should stay the judgment entered on April, 19 2024, ECF No. 205, pending Carnegie Science's appeal of the judgment, and waive the supersedeas bond requirement of Federal Rule of Civil Procedure 62(b).

---

[6] To the contrary, should Carnegie Science prevail in its appeal, the premiums paid on any supersedeas bond would become taxable costs for which Fenix would then be liable—thus introducing risk for Fenix without countervailing benefit. Fed. R. App. P. 39(a)(3) ("if a judgment is reversed, costs are taxed against the appellee"); Fed. R. App. P. 39(e) (explaining "premiums paid for a bond or other security to preserve rights pending appeal" are "taxable in the district court for the benefit of the party entitled to costs under this rule"); *see also City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1637-38 (2021).

DATED:  May 20, 2024  Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ April E. Isaacson*
GIANFRANCO FINIZIO
(NY Bar Number 4843751)
gfinizio@kilpatricktownsend.com
1114 Avenue Of The Americas
New York, NY 10036
Tel: (212) 775-8840 / Fax: (646) 786-4442

APRIL E. ISAACSON
(admitted *pro hac vice*)
aisaacson@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Tel: (415) 576-0200 / Fax: (415) 576 0300

ALTON L. ABSHER III
(admitted *pro hac vice*)
aabsher@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 607-7300 / Fax: (336) 607-7500

MATTHEW J. MEYER
(admitted *pro hac vice*)
mmeyer@kilpatricktownsend.com
1302 El Camino Real, Suite 175
Menlo Park, CA 94025
Tel: 650-326-2400 / Fax: 650-326-2422

Attorneys for Plaintiff
CARNEGIE INSTITUTION OF WASHINGTON

78507354V.1