# EXHIBIT B

| | |
|---|---|
| **From:** | Meyer, Matthew |
| **To:** | Lydigsen, Laura |
| **Cc:** | Max Snow; Remus, Mark; Hsu, Wei Chih; Fenix Team; Absher, Alton; Li, Anne; Isaacson, April; Carnegie Fees Dispute |
| **Subject:** | RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk"s Judgment |
| **Date:** | Thursday, May 16, 2024 10:52:02 AM |

Laura,

Regarding the 2024 figures, Carnegie Science's total assets are $1,220,317,661 and its cash on hand is $46,646,604 as of March 31, 2024 (*i.e.*, the end of its most recent fiscal quarter). Please maintain both figures as Confidential information under the protective order. As you will recognize, these figures are consistent with Carnegie Science's public financial disclosures; there is no risk that Carnegie Science will not be able to satisfy the amended judgment should it be affirmed.

Now that you have that information, please let us know if Fenix is willing to stipulate to the waiver of the bond requirement as previously discussed.

If Fenix is not willing, then please let us know (i) your availability tomorrow between 1:30pm-5:30pm ET for a joint call to Chambers (pursuant to Judge Rakoff's Rule 2(b)) so that Carnegie Science can seek leave to move to stay execution of the amended judgment pending appeal and for waiver of the supersedeas bond and (ii) whether Fenix will oppose that motion.

As a third option, if Fenix needs more time to consider, let us know if Fenix is willing to stipulate to a further temporary stay of the amended judgment while the parties continue to negotiate regarding the supersedeas bond.

Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
**T** 650 614 6414 | **M** 402 415 3581 | **F** 650 618 1993
My Profile  |  vCard

---

**From:** Meyer, Matthew <MMeyer@ktslaw.com>
**Sent:** Tuesday, May 14, 2024 2:22 PM
**To:** Lydigsen, Laura <LLydigsen@crowell.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

Laura,

Attached is a copy of Carnegie Science's audited financial statements through the end of its Fiscal Year 2023. Included at the beginning of the document is the independent auditors'

report from KPMG dated March 25, 2024. Please treat this document as confidential under the protective order. It confirms that Carnegie Science continues to maintain its endowment in the manner described in its previously published Fiscal Year 2022 financial statements and that Carnegie Science will be able to satisfy the amended judgment if it is affirmed.

Please let us know if you have any questions about the audited financial information.

Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
T 650 614 6414 | M 402 415 3581 | F 650 618 1993
My Profile  |   vCard

---

**From:** Meyer, Matthew
**Sent:** Monday, May 13, 2024 5:00 PM
**To:** Lydigsen, Laura <LLydigsen@crowell.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

Laura,

By tomorrow, we will provide you with Carnegie Science's audited financial statements for its Fiscal Year 2023. Carnegie Science is also preparing a declaration that will confirm the amount of its total assets as of 2024.

Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
T 650 614 6414 | M 402 415 3581 | F 650 618 1993
My Profile  |   vCard

---

**From:** Lydigsen, Laura <LLydigsen@crowell.com>
**Sent:** Monday, May 13, 2024 1:40 PM
**To:** Meyer, Matthew <MMeyer@ktslaw.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

Matt –

Please let us know when to expect the additional documentation regarding Carnegie's financial condition.

We disagree with your discussion of the case law, but do not see any utility in further debating that over email.

Regards,

Laura

**Laura Lydigsen**
Crowell & Moring LLP
llydigsen@crowell.com
+1.312.321.4894 direct   |   +1.312.485.3872 mobile

---

**From:** Meyer, Matthew <MMeyer@ktslaw.com>
**Sent:** Saturday, May 11, 2024 12:36 AM
**To:** Lydigsen, Laura <LLydigsen@crowell.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

[External Email]

Laura,

Thank you for your response. We will follow up with our client and will plan to revert to you early next week with more recent documentation about Carnegie's financial condition per your request.

As to the other issues you raise, *Gus v. Conair Corp.*, No. 94-civ-5693, 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003) is inapposite. There, the court applied an incorrect four-factor test, rather than the Second Circuit's *Nassau County Strip Search Cases* factors. *See id.* at *1. And Carnegie Science's situation could not be more different from the judgment debtors in *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp.3d 606, 650 (S.D.N.Y. 2018). In that case, the judgment debtors "provide[d] documentation showing that the award dwarfs their assets" and "ground[ed] their stay request on their *inability* to pay the judgment." *Id.* at 649 (emphasis added). Plainly, the *Nassau County Strip Search Cases* factors require a bond in such a circumstance in order to "safeguard [appellee's] recovery." *Id*.

Here, however, Carnegie Science's *assets* dwarfs the *judgment*—not the other way around—

so the *Nassau County Strip Search Cases* factors strongly favor waiver of the bond requirement because Carnegie Science has the unquestionable ability to pay the judgment. A more apt comparison would be to the appellant/judgment debtor in *Rivera v. Home Depot U.S.A. Inc.*, No. 16-cv-7552 (KBF), 2018 WL 3105069, at *3 (S.D.N.Y. Jun. 25, 2018). There, the Court "conclude[d] a supersedeas bond [wa]s unnecessary" where the judgment debtors had "extremely deep pockets" and there was no "evidence to suggest [they] would be unable or unwilling to satisfy the judgment in the event it is affirmed." *Id*. In those circumstances, which are present here, "a supersedeas bond would be 'a waste of money.'" *Id*.

While you are correct that Carnegie Science has argued against the court's imposition of the judgment, and is now appealing it, the same was true of the judgment debtors in *Rivera v. Home Depot*. The bond waiver is just as appropriate here as it was there. It will always be true, in *all* cases involving a stay of execution of a judgment pending appeal, that the appellant has "attempted to avoid compensating" the appellee, but that does not show the appellant will not satisfy the judgment, if it is affirmed on appeal.

Nevertheless, to address's Fenix's concerns, per my prior email, Carnegie Science will provide a declaration confirming it will pay the full amount of the judgment and post-judgment interest within 30 days after the appellate proceedings are concluded using the wire instructions you provided. While you are correct that the court (at ECF No. 192 at 14) found that Plaintiffs' prior counsel at Perkins Coie made "misleading representations" to the court, Carnegie Science has now replaced its counsel. I am not aware of any suggestion that any such "misleading representations" have been made in this case by anyone at either Carnegie Science (i.e., via filing of a false declaration) or Kilpatrick Townsend. Accordingly, there is no basis for distrusting the declaration we propose.

As to your point about the rapid demise of M7D, that only serves to show how Carnegie Science's financial situation is even *more* secure than the appellant in *Rivera v. Home Depot* because Carnegie Science is not a for-profit corporation like Home Depot or M7D. Carnegie Science is a non-profit research institution that has maintained and grown its endowment for over 100 years. As the publicly-available information explains, Carnegie Science allocates its endowment among a broad spectrum of asset classes and utilizes a long-term policy of controlling its spending rate, which in the long term contributes just 5% of the endowment for annual use. *See* Carnegie Annual Report 2022 at 19-20.

In light of all these facts, we are hopeful that the parties can reach an agreement regarding waiver of the bond requirement. To that end, please make sure that Fenix is aware that should Carnegie Science prevail in its appeal, the premiums Carnegie Science pays on any supersedeas bond during the appeal will become taxable costs for which Fenix would then be liable under the Federal Rules of Appellate Procedure—with no discretion afforded to the district court on the issue. Fed. R. App. P. 39(a)(3) ("if a judgment is reversed, costs are taxed against the appellee"); Fed. R. App. P. 39(e) (explaining "premiums paid for a bond or other security to preserve rights pending appeal" are "taxable in the district court for the benefit of the party entitled to costs under this rule"); *see also City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1637-38 (2021). Thus, if Carnegie Science were to post a supersedeas bond during the appeal that would create risk for Fenix without affording Fenix any countervailing benefit.

As indicated at the top of my email, we will revert to you next week regarding Fenix's request for documentation about Carnegie's current financial condition.

Best regards,
Matthew

Matthew Meyer

MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
**T** 650 614 6414 | **M** 402 415 3581 | **F** 650 618 1993
My Profile  |  vCard

---

**From:** Lydigsen, Laura <LLydigsen@crowell.com>
**Sent:** Friday, May 10, 2024 7:00 PM
**To:** Meyer, Matthew <MMeyer@ktslaw.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

Matthew –

Courts in the S.D.N.Y. are strict in requiring security under Rule 62(b) to stay judgments in patent cases.  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp.3d 606, 650 (S.D.N.Y. 2018) (denying waiver of $39M bond in patent case); *Gus v. Conair Corp.*, No. 94-civ-5693, 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003) (requiring $28.5M bond or irrevocable letter of credit).

*In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015) does not excuse the bond required in patent cases by Rule 62(b) just because the judgement creditor has significant assets.  Moreover, the judgment creditor in *In re Nassau* was a municipality with a higher level of financial security than a private entity like Carnegie.  We are unaware of any case in the Second Circuit in which a court has excused the bond requirement for a private entity like Carnegie based on financial assets, let alone a patent case.  If you are aware of any more analogous case law, please let us know so that we can consider it.

Fenix's concern with forgoing a bond is grounded in its past experience in this case.  Carnegie and its licensee, M7D, have already attempted to avoid compensating Fenix based on M7D's bankruptcy filing last year. Dkt. 178, Carnegie Opp. at 24.  And, as the court noted in its opinion holding the case exceptional, Carnegie has engaged in "misleading representations" and omissions throughout this case.  ECF No. 192 at 14.  The only evidence of Carnegie's financial condition identified in your email appears to be an unaudited, unverified statement from Carnegie's website about its financial condition *as of two years ago*.  As M7D's financial decline from 2020 to 2023 illustrates, a private entity's financial condition can change materially in two years.  Fenix requires more assurance than Carnegie's website that payment will be available once the appeal is resolved.

Accordingly, please provide documentation about Carnegie's *current* financial condition and we will consider your proposal further.

Regards,

Laura

**Laura Lydigsen**
Crowell & Moring LLP
llydigsen@crowell.com
+1.312.321.4894 direct  |  +1.312.485.3872 mobile

---

**From:** Meyer, Matthew <MMeyer@ktslaw.com>
**Sent:** Wednesday, May 8, 2024 12:46 PM
**To:** Lydigsen, Laura <LLydigsen@crowell.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>; Isaacson, April <aisaacson@ktslaw.com>; Carnegie Fees Dispute <CarnegieFeesDispute@kilpatricktownsend.com>
**Subject:** RE: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

[External Email]

Laura,
Thank you for the wire instructions. We have passed that information on to our client.
As you know, Carnegie Science has now filed its Notice of Appeal to the Federal Circuit as to the court's amended judgment awarding Fenix $3,240,669.66, plus post-judgment interest. At present, execution of the amended judgment is stayed automatically until May 20 under Fed. R. Civ. P. 62(a).
It will come as no surprise that Carnegie Science plans to seek a further stay of the judgment under Fed. R. Civ. P. 62(b) until resolution of the appeal. It would save both parties further attorneys fees to stipulate to a waiver of the bond requirement. To that end, please let us know if Fenix will agree to a stipulation.
We believe the factors adopted by the Second Circuit in *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015) strongly support a stay without the need for a bond or other security. Carnegie Science has financial information publicly available at https://carnegiescience.edu/ showing Carnegie Science's total assets valued at well over $1 billion with over $27 million in cash on hand as of June 2022. Thus, its financial security is not in question. Carnegie Science can provide additional details to Fenix, if needed. Carnegie Science will also provide a declaration to the court confirming that, should Carnegie Science lose its appeal, it will pay Fenix the full amount of the $3,240,669.66 award, plus post-judgment interest, within 30 days after the appellate proceedings are concluded using the wire instructions provided.
If it would be helpful to discuss further, please let us know.
Best regards,
Matthew

Matthew Meyer
MMeyer@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1302 El Camino Real |  Suite 175 |  Menlo Park,  CA  94025
**T** 650 614 6414 | **M** 402 415 3581 | **F** 650 618 1993
My Profile  |  vCard

---

**From:** Lydigsen, Laura <LLydigsen@crowell.com>
**Sent:** Wednesday, April 24, 2024 10:13 AM

**To:** Isaacson, April <aisaacson@ktslaw.com>; Meyer, Matthew <MMeyer@ktslaw.com>
**Cc:** Max Snow <msnow@consolidated.legal>; Remus, Mark <MRemus@crowell.com>; Hsu, Wei Chih <WHsu@crowell.com>; Fenix Team <FenixTeam@crowell.com>; Absher, Alton <aabsher@ktslaw.com>; Li, Anne <ALi@crowell.com>
**Subject:** FW: Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

**CAUTION: External Email**

April and Matthew –

Fenix requests that Carnegie pay the judgment via wire transfer using the attached wire instructions (they are the same as those previously used for costs). Please let us know when Fenix should expect the transfer.

If there is anything to discuss, please do not hesitate to reach out.

Regards,

Laura


### Laura Lydigsen

Crowell & Moring LLP
llydigsen@crowell.com
+1.312.321.4894 direct  |  +1.312.485.3872 mobile

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Friday, April 19, 2024 3:40 PM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:20-cv-00200-JSR Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al Clerk's Judgment

[External Email]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** There is no charge for viewing opinions.

**U.S. District Court**

**Southern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 4/19/2024 at 4:39 PM EDT and filed on 4/19/2024

**Case Name:** Carnegie Institution of Washington et al v. Mahendra Brothers Exports Private Limited et al

**Case Number:** 1:20-cv-00200-JSR

**Filer:**

**WARNING: CASE CLOSED on 08/13/2021**

**Document Number:** 205

**Docket Text:**
**CLERK'S AMENDED JUDGMENT re: [202] Order. in favor of Fenix Diamonds LLC against Carnegie Institution of Washington, M7D Corporation in the amount of $ 3,240,669.66. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Order dated April 19, 2024, The Court thus awards Fenix the full amount of its requested attorneys' fees and non-taxable expenses, totaling $3,240,669.66, plus post- judgment interest under 28 U.S.C. § 1961. However, the Court rejects Fenix's belated request for discretionary prejudgment interest. The request for pre-judgment interest was waived two times over: Fenix made no such request in any of its earlier briefing in support of its entitlement to attorneys' fees and non-taxable expenses, and its reply brief to its supplemental submission addressed only the proper rate of interest if awarded but did not respond to Carnegie's argument that no pre-judgment interest should be awarded at all. (Signed by Clerk of Court Ruby Krajick on 4/19/2024) (Attachments: # (1) Notice of right to Appeal) (nd)**

**1:20-cv-00200-JSR Notice has been electronically mailed to:**

Steven Howard Sklar    ssklar@leydig.com

Anne Elise Li    ali@crowell.com, anne-li-9670@ecf.pacerpro.com

Nicole E. Kopinski    nkopinski@leydig.com

Gianfranco Finizio    gfinizio@kilpatricktownsend.com

Maxwell Snow    msnow@consolidated.legal, estaggs@leydig.com

David M Airan    dairan@leydig.com

Laura Lydigsen    llydigsen@crowell.com

Wei-Chih Hsu    whsu@crowell.com

Mark Remus     mremus@crowell.com

April Elizabeth Isaacson     aisaacson@kilpatricktownsend.com, sdmpearson@kilpatricktownsend.com

Matthew Meyer     mmeyer@kilpatricktownsend.com, lpaul@kilpatricktownsend.com

Alton Absher, III     aabsher@kilpatricktownsend.com

**1:20-cv-00200-JSR Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/19/2024] [FileNumber=31164783-0] [381218b779859b9b117ca4c9ac2b0bea5df87acfc2738b8e635fd5c1246841e0a8 4042205116ad61602becf26940cf4d1d5e162923e5c2b8469972f2b0fccbcf]]

**Document description:** Notice of right to Appeal
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/19/2024] [FileNumber=31164783-1] [06fc8749c9c48b24b03f2bcd0deb6bfb4844af5130efd6ae91b73ea2b5dcebef56 e1ed8860547f9e4365c4b945d1e43c57a3fdea9e5d34a49ad47773c072d8ba]]

'

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
'