```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CARNEGIE INSTITUTION OF        :
WASHINGTON and M7D             :
CORPORATION,                   :    20-cv-0200 (JSR)
                               :
          Plaintiffs,          :    ORDER
                               :
     -against-                 :
                               :
FENIX DIAMONDS LLC,            :
                               :
          Defendant.           :
------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

In this years-spanning litigation, plaintiffs Carnegie Institution of Washington ("Carnegie") and M7D Corporation ("M7D") unsuccessfully sued defendant Fenix Diamonds LLC ("Fenix") in a meritless suit for patent infringement. On February 21, 2024, after the Court entered judgment for Fenix, the Court granted, pursuant to 35 U.S.C. § 285 and the Court's inherent power, Fenix's motion for attorneys' fees and non-taxable expenses for legal work performed after July 14, 2020. See ECF No. 192. After reviewing Fenix's requested fees and expenses for reasonableness, the Court awarded Fenix the full amount of $3,240,669.66 that it sought. See ECF No. 202.

Carnegie is now appealing that award, see ECF No. 206, and on May 20, 2024, it moved to stay the judgment pending appeal and to waive the supersedeas bond requirement imposed by Federal Rule of Civil Procedure 62(b), see ECF No. 211 ("Mem."). Fenix filed

1

opposition papers on June 3, 2024, see ECF No. 214 ("Opp."), and Carnegie filed a reply on June 5, 2024, see ECF No. 216 ("Reply"). Having considered the parties' submissions, the Court hereby denies the motion.

"A stay pending appeal is not a matter of right. To obtain that temporary relief, the party requesting it must show that the circumstances of the case justify the exercise of judicial discretion." DiMartile v. Hochul, 80 F.4th 443, 456 (2d Cir. 2023).[1] In assessing whether to issue a stay pending appeal, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. "It is well established that the first two factors are the most critical, and that both must be satisfied" to warrant a stay. Id.

This well-established requirement dooms Carnegie's request for a stay. Carnegie has not even attempted to articulate why it will succeed on the merits, much less make the "strong showing" required. Id. Carnegie thus fails to satisfy this first critical prong.

---

[1] Here and elsewhere, internal alterations, citations, and quotation marks are omitted unless otherwise indicated.

Even if Carnegie had done so, however, Carnegie cannot explain how a monetary judgment imposes an irreparable harm. Cf. JTH Tax, LLC v. Agnant, 62 F.4th 658, 668 n.3 (2d Cir. 2023) (suggesting that monetary injury may be irreparable harm "when the potential economic loss is so great as to threaten the existence of the moving party's business"). Therefore, Carnegie fails on the second prong as well. Because Carnegie has neither shown that it is likely to succeed on the merits on appeal, nor that it will be irreparably injured absent a stay, "the aggregate assessment of factors bearing on issuance of a stay pending appeal cannot possibly support a stay." Uniformed Fire Officers Ass'n v. De Blasio, 973 F.3d 41, 49 (2d Cir. 2020). The Court thus denies Carnegie's motion to stay the judgment pending appeal.

The Court likewise finds Carnegie's arguments for waiving the supersedeas bond requirement of Rule 62(b) to be unconvincing. The Second Circuit has adopted a non-exclusive five-factor test to determine whether to waive Rule 62(b)'s supersedeas bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [movant]'s ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [movant] is in such a precarious financial situation that the

3

requirement to post a bond would place other creditors of the [movant] in an insecure position." In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417-418 (2d Cir. 2015).

Ultimately, the purpose of Rule 62(b) is two-fold: "to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." Id. at 417. Moreover, while it is true that the Court may, in its discretion, waive the bond requirement, it will only do so "if the appellant provides an acceptable alternative means of securing the judgment." Id. Having considered Carnegie's arguments regarding the Nassau factors, the Court declines to exercise its discretion to grant the waiver.

First, the Court finds that Carnegie's proposal to place the necessary funds in a bank account, see ECF No. 211, accessible by Carnegie at any point during the current appellate process, unduly complicates the collection process by introducing an added layer of risk. In many of the cases Carnegie cites where courts have waived the bond requirement, the appellants were state or municipal entities, whereas Carnegie is a private non-profit organization. See, e.g., Grant v. Lockett, 2019 WL 1872967, at *4 (N.D.N.Y. Apr. 26, 2019) (waiving the bond requirement because "[c]ourts in the Second Circuit have found that state and municipal governments often have ample means to satisfy judgments"); Ortiz v. Stambach,

4

2023 WL 3089087, at *2 (W.D.N.Y. Apr. 26, 2023) (waiving the bond requirement because of the movant's financial capacity as the second largest city in the State of New York). Unlike the circumstances of those cases, Carnegie has not demonstrated that the supersedeas bond provides "no added security to Fenix" and is therefore unnecessary. Mem. at 5-6.

Waiving the bond requirement potentially jeopardizes Fenix's ability to collect its judgment should it prevail on appeal. Simply put, placing funds in an ordinary bank account does not provide the same level of security as would placing the funds securely in a trust or similar financial instrument. See, e.g., In re Bakery & Confectionery Union & Industry Int'l Pension Fund Pension Plan, 2013 WL 12444540, at *2 (S.D.N.Y. Jan. 29, 2013); Trejos Hermanos Sucesores S.A. v. Verizon Commc'ns Inc., 2024 WL 1175012, at *2 (S.D.N.Y. Mar. 19, 2024) (considering an escrow account to "be an acceptable alternative means of securing [a] [j]udgment"); Gus v. Conair Corp., 2003 WL 542652, at *2 (S.D.N.Y. Feb. 14, 2003) (same for irrevocable letter of credit).

Nor is the Court confident that Carnegie's "ability to pay the judgment is so plain that the cost of a bond would be a waste of money." In re Nassau Cnty., 783 F.3d at 417. Tellingly, Carnegie never details the costs or other hardships it would face in posting the bond. Instead, Carnegie rests the thrust of its arguments on Rivera v. Home Depot U.S.A. Inc, in which the court waived the

5

supersedeas bond requirement because of the movants' "extremely deep pockets." 2018 WL 3105069, at *3 (S.D.N.Y. June 25, 2018). Here, however, Carnegie's pockets are not as deep, and may even have holes in them. Although Carnegie emphasizes its sizable assets and endowment, its liabilities -- reflected in an audited financial report -- far outpace its current cash on hand. ECF No. 215-3. And more than one third-party analyst has rated Carnegie as being of moderate to high risk of credit delinquency. See, e.g., ECF No. 214-2. Moreover, the Court is mindful that Carnegie's co-plaintiff in this litigation, M7D, has declared bankruptcy and ceased operations. Because the judgment of attorneys' fees and expenses was imposed jointly and severally against Carnegie and M7D, see ECF No. 192, a failure by Carnegie to pay the judgment will mean that Fenix will likely not recover at all. Such a result would frustrate Fenix's ability to collect a judgment "without substantial delay or other difficulty." Nassau, 783 F.3d at 418.

Considering all of the above, the Court denies Carnegie's motion to stay the judgment or waive the supersedeas bond requirement.[2]

---

[2] Even assuming arguendo that the final Nassau factor -- "whether the [movant] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [movant] in an insecure position," 783 F.3d at 417-18 -- weighed in Carnegie's favor, the Court would reach the same result based on the remaining factors coupled with Carnegie's utter failure to explain the cost or burden that posting a supersedeas bond would impose.

6

The Clerk is respectfully directed to close document number 210 on the docket of this case.

    SO ORDERED.

Dated:    New York, NY
            June 13, 2024

                                              JED S. RAKOFF, U.S.D.J.